**KRAMER ALBERTI LIM
& TONKOVICH LLP**
Robert F. Kramer (SBN 181706)
rkramer@krameralberti.com
David Alberti (SBN 220625)
dalberti@krameralberti.com
Sal Lim (SBN 211836)
slim@krameralberti.com
Russell S. Tonkovich (SBN 233280)
rtonkovich@krameralberti.com
Jeremiah Armstrong (SBN 253705)
jarmstrong@krameralberti.com
Hong Lin (SBN 249898)
hlin@krameralberti.com
Aidan Brewster (SBN 319691)
abrewster@krameralberti.com
950 Tower Lane, Suite 1725
Foster City, CA 94404
Tel: 650 825-4300/Fax: 650 460-8443

*Attorneys for Plaintiff
Polaris PowerLED Technologies, LLC*

Kenneth G. Parker, SBN 182911
Ken.parker@haynesboone.com
David B. Clark, SBN 275204
David.clark@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
T: (949) 202-3000 │ F: (949) 202-3001

Stephanie N. Sivinski*
Stephanie.sivinski@haynesboone.com
Caroline W. Fox*
Caroline.fox@haynesboone.com
Marron E. Frith*
Marron.frith@haynesboone.com
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
T: (214) 651-5000 │ F: (214) 651-5940
*Admitted Pro Hac Vice*

*Attorneys for Defendants
Western Digital Corporation, Western
Digital Technologies, Inc., Newegg
Inc., Zones, LLC, and Private Label
PC, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., NEWEGG, INC., ZONES, LLC, and PRIVATE LABEL PC, LLC,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**JOINT RULE 26(f) REPORT**<br><br>Judge:      Hon. Otis D. Wright II<br>Courtroom: 5D, 5th Floor<br>CMC Date: TBD<br>CMC Time: TBD |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Polaris PowerLED Technologies, LLC ("Polaris" or "Plaintiff") and Defendants Western Digital Corporation, Western Digital Technologies, Inc., Newegg, Inc., Zones, LLC, and Private Label PC, LLC ("Defendants"), by and through their respective counsel, submit this Joint Rule 26(f) Report ("Report").  For purposes of this Report, Western Digital Corporation and Western Digital Technologies, Inc. shall be collectively referred to as "Western Digital."  The other defendants—i.e., Newegg Inc., Zones, LLC, and Private Label PC, LLC—shall collectively be referred to as "Customer Defendants."  (The same counsel represents all Defendants.)

In view of the Defendants' July 9, 2024, Unopposed Motion to Sever and Stay the Case as to Customer Defendants (Dkt. 46), and the Court's August 6 order stating that the motion will be decided without oral argument (Dkt. 48), this Report is being submitted under the assumption that the Unopposed Motion to Sever and Stay (Dkt. 46) will be granted and that the protocols set forth herein are relevant and applicable to only the active parties, Polaris and Western Digital.  If the Court denies the aforementioned motion, the parties ask for an opportunity to submit a revised Report.

## I.  STATEMENT OF THE CASE

Plaintiff filed this action on April 9, 2024, accusing Defendants of infringing the asserted claims of U.S. Patent Nos. 8,554,968 ("the '968 Patent"), 9,183,085 ("the '085 Patent"), and 8,601,346 ("the '346 Patent") (collectively, "Asserted Patents") by making, using, selling, offering for sale, and importing certain solid-state drive ("SSD") products ("Accused Products"), and inducing and contributing to others making, using, offering for sale, selling, and importing into the United States the Accused Products.  Plaintiff contends that this is an exceptional case and seeks compensatory damages, fees, and all other available remedies.

Defendant Western Digital denies infringement of the Asserted Patents and denies that Plaintiff's Complaint accurately shows any infringement by Western Digital. Western Digital also plans to challenge each of the Asserted Patents as

invalid or otherwise unenforceable.  Specifically as to invalidity, Western Digital is currently completing and filing petitions for *inter partes review* ("IPR") that challenge all or many of the claims for each Patent-in-Suit. Western Digital expects that IPRs will be completed and filed as to all three Asserted Patents before January 30, 2025. Western Digital further expects to move to stay this matter pending the resolution of those IPRs.

## II.   SUBJECT MATTER JURISDICTION

This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq.*

## III.   LEGAL ISSUES

The key legal issues concern the following subjects:

(a)   Whether Western Digital has infringed and/or continues to infringe any valid and enforceable claim of the Asserted Patents;

(b)   Whether the claims of the Asserted Patents are valid and enforceable;

(c)   The proper construction of any disputed patent claim terms;

(d)   The amount of damages, if any, if any valid and enforceable claims of the Asserted Patents are infringed by Western Digital;

(e)   Whether this case is exceptional under 35 U.S.C. § 285; and

(f)   Whether any other forms of relief are due to any party.

The parties anticipate other significant legal issues may be disputed as the litigation progresses.

## IV.   PARTIES, EVIDENCE, ETC.

*Plaintiff's Statement*

Polaris contends that Western Digital and the Customer Defendants infringe the Asserted Patents by making, using, selling, offering for sale, and importing the Accused Products, and thereby Polaris is entitled to recover substantial damages. Polaris contends that the Asserted Patents are valid and enforceable.

Moreover, the bulk of the discovery in this case will come from Western Digital because Polaris currently understands that Western Digital is the designer, manufacturer, importer, supplier, distributor, and a seller of the Accused Products. Likewise, Polaris believes Western Digital is in possession of the information and data pertinent to damages calculations in this case. Therefore, from Polaris' perspective, third party discovery in this case should be minimal.

Notwithstanding Western Digital's forthcoming IPR petitions, Polaris contends a stay is unwarranted in this case as to Western Digital. In particular, a motion to stay the case as to Western Digital is premature until at least the Patent Office has made an institution decision as to all forthcoming IPRs. If Defendants file a motion to stay this case upon filing petitions (i.e., requests) for IPRs in the Patent Office, Polaris will oppose Defendants' motion to stay the case, at least until the Patent Office decides whether to institute and move forward with any IPRs of the Asserted Patents in this case.

*Defendants' Statement*

Western Digital disputes infringement and contends the patents are invalid, unenforceable, or both. Western Digital also contends there are limited damages, if any. Western Digital reserves the right to raise additional arguments and defenses as this litigation proceeds.

Western Digital Technologies, Inc. is a wholly owned subsidiary of Western Digital Corporation. The Customer Defendants are customers of Western Digital, and Western Digital has accordingly filed an unopposed motion to sever and stay as to those entities.

Western Digital's anticipated trial witnesses include one or more corporate representatives of Western Digital, technical and financial/sales witnesses from Western Digital, corporate representatives from Plaintiff, and expert witnesses on the topics of infringement, validity, and damages.

The key documents include the file histories of the Asserted Patents,

ownership documents regarding the Asserted Patents, licenses regarding the Asserted Patents, Western Digital's technical documents about the Accused Products, and Western Digital's financial documents about the sale of the Accused Products.

Finally, the outcome of Western Digital's IPRs as to each of the Asserted Patents will prove to be critical in determining the ultimate scope of this patent infringement lawsuit and whether Plaintiff has viable infringement contentions for any remaining valid claims of the Asserted Patents.

## V.    DAMAGES

Plaintiff seeks compensatory damages together with interests and costs fixed by the Court, including an accounting of all infringements and damages not presented at trial; an award of enhanced damages under 35 U.S.C. § 284; a declaration that this case is exceptional under 35 U.S.C. § 285; an award of Plaintiff's reasonable attorney fees and costs; and any further relief as this Court may deem just and proper.

Western Digital denies infringement of any valid and enforceable claims of the Asserted Patents and accordingly contends that Plaintiff is not entitled to damages.

## VI.    INSURANCE

There is no insurance coverage.

## VII.    MOTIONS

On July 9, 2024, Defendants filed an Unopposed Motion to Sever and Stay the case as to Defendants Newegg Inc., Zones, LLC, and Private Label PC, LLC (collectively, "Customer Defendants") pending resolution of the claims against Western Digital Corporation and Western Digital Technologies, Inc. Dkt. 46. On August 6, 2024, the Court vacated the August 12 hearing on the motion and stated that the matter would be decided without oral argument. Dkt. 48. The parties await the Court's decision on the motion. There are no other pending motions before the Court.

Although not before this Court, Western Digital is in the process of finalizing IPR petitions as to each of the Asserted Patents and plans to file all of them before January 30, 2025. It is Western Digital's position that the IPR petitions will

significantly streamline the issues in this case, and Western Digital will be moving for a stay of this litigation pending completion of IPRs.  Polaris intends to oppose if Western Digital files a motion to stay based on Western Digital filing one or more petitions for IPR, particularly to the extent Western Digital seeks to stay the case *prior* to the Patent Trial and Appeal Board's ("PTAB") deciding whether to institute an IPR based on Western Digital filing merely a petition (*i.e.*, a mere request) for the PTAB to institute an IPR.  Further, the three Asserted Patents in this case are distinct from each other with different sets of inventors, so staying the case would not be appropriate unless the PTAB were to institute IPRs as to all asserted claims of all three Asserted Patents.  Furthermore, Polaris would oppose to the extent Western Digital may seek to extend a stay of this case until Western Digital exhausts all appeals of potential PTAB decisions because such long delay would unduly prejudice Polaris.

Western Digital also intends to bring motions for summary judgment on infringement and invalidity as to the Asserted Patents at the appropriate time.

## VIII.  COMPLEXITY

The Parties do not believe this case requires the procedures of the Manual for Complex Litigation.

The parties agree that the procedural elements of this case are already addressed by the Federal Rules of Civil Procedure, the Local Rules, the Court's Standing Orders, the Northern District of California Patent Local Rules ("P.L.R."), which the parties understand the Court follows in patent cases subject to certain limited modifications.  Discovery mechanisms like interrogatories are well suited for the parties to exchange their contentions regarding infringement, invalidity, and damages.

## IX.    TIMETABLE (INCLUDING DISCOVERY CUTOFF, EXPERT DISCOVERY, AND DISPOSITIVE MOTION CUTOFF)

Consistent with the P.L.R. and the Court's Standing Orders, the parties propose a schedule for conducting this patent case in the "Proposed Date" columns of

**Exhibit A** attached hereto. As set forth in Section X below, the parties disagree about the protocol and scheduling of claim construction briefs.

## X.   CLAIM CONSTRUCTION

*Plaintiff's Position*

This Court has adopted the Patent Local Rules of the Northern District of California for this case per this Court's standing order. Plaintiff requests to follow that protocol, but Western Digital asks to change it to permit Western Digital to file an additional claim construction brief and arrange claim construction briefing out of the sequence set forth in the Patent Local Rules of the Northern District of California.

Plaintiff contends the parties should follow the standard claim construction briefing procedure set forth in the applicable Patent Local Rules and Section 4 of this Court's Patent Standing Order—i.e., Plaintiff submits a 25-page opening claim construction brief per P.L.R. 4-5(a), Defendants submit a 25-page responsive brief 14 days later per P.L.R. 4-5(b), and Plaintiff submits a 12-page reply brief 7 days later per P.L.R. 4-5(c).[1]

On the other hand, Defendants propose the parties simultaneously file opening briefs and then 21 days later simultaneously file responsive briefs—thereby eliminating the reply brief Plaintiff is entitled to under P.L.R. 4-5(c). Further, under Defendants' simultaneous briefing proposal, Defendants seek to file two claim construction briefs, whereas the Patent Local Rules and Section 4 of the Court's Patent Standing Order state Defendants may file one responsive brief. Yet, this case presents no unique factual or legal issues that would justify Defendants' requested departure from the standard claim construction briefing protocol set forth in the Patent Local Rules as applied in this Court.

---

[1] *See* https://www.cacd.uscourts.gov/sites/default/files/documents/ODW/AD/Patent%20Standing%20Order.pdf (Judge Wright's Patent Standing Order).

Therefore, unlike Defendants' proposal, Plaintiff seeks to follow the claim construction procedure that this Court regularly sets forth in patent cases. *See*, *e.g.*, *Seoul Semiconductor Co., Ltd. v. Curtis International Ltd.*, No. 2:14-cv-09466-ODW-VBK, Dkt. 75 (C.D. Cal. Aug. 4, 2015); *Johnson Safety Inc. v. Voxx International Corporation et al.*, No. 5:14-cv-02591-ODW-DTB, Dkt. 51 (C.D. Cal. July 28, 2015); *Zipshade Industrial (B.V.I.) Corp. v. Lowe's Home Centers, LLC et al.*, No. 2:14-cv-05934-ODW-JC Dkt. 74 (C.D. Cal. Jan. 21, 2015); *MyMedicalRecords Inc. v. Quest Diagnostics Inc.*, No. 2:13-cv-02538-ODW-SH, Dkt. 33 (C.D. Cal. Nov. 26, 2013); *Morris Reese v. Sprint Nextel Corporation et al.*, No. 2:13-cv-03811-ODW-PLA, Dkt. 33 (C.D. Cal. Oct. 30, 2013). Patent rules in many other jurisdictions also follow the consecutive briefing protocol as adopted by this Court. *See*, *e.g.*, E.D. Tex. Patent Rule 4-5[2]; S.D. Tex. Patent Rule 4-5[3]; S.D.N.Y. Local Patent Rule 12[4]; D. Nev. Local Patent Rule 1-16.[5] In view of the widespread adoption of the default consecutive briefing practice, Defendants' allegations that such briefing is "unfair" or somehow more efficient lacks merit.

Accordingly, Plaintiff asks that the Court adopt the schedule set forth in the "Plaintiff's Proposal" column on **Exhibit A**.

*Defendants' Position*

Defendants believe that the interests of brevity and fairness warrant a slight modification to the patent local rules such that instead of Plaintiff getting two "bites at the apple" during claim construction briefing, the parties (1) *simultaneously* submit an opening claim construction brief that details their positions on claim construction; and then (2) *simultaneously* submit a response claim construction brief to address any

---

[2] https://www.txed.uscourts.gov/?q=patent-rules
[3] https://www.txs.uscourts.gov/sites/txs/files/rules.pdf
[4] https://www.nysd.uscourts.gov/sites/default/files/pdf/Standing_Order_In_re_Local_Patent_Rules.pdf
[5] https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf

points, as needed from the other side. This efficient briefing schedule, which is commonly stipulated to by parties and blessed by courts, ensures that neither party has an unfair advantage in terms of either (1) the *amount* of briefing provided to the Court, or (2) who gets the "last word" in any briefing schedule. Indeed, under Defendants' proposed simultaneous briefing schedule, each party has an equal opportunity to present their positions and respond to any arguments from the other side, as needed. In contrast, Plaintiff's schedule would give Plaintiff an additional brief as well as the last word on claim construction, which solely requires parties to assist the Court in reaching appropriate constructions for disputed terms. Plaintiff cannot explain why such a briefing schedule would be preferable to the one proposed by Defendants.

Defendants otherwise agree to the page limits suggested by Plaintiff—25 pages for the simultaneous opening briefs and 25 pages for the simultaneous response briefs.

## XI. STATUS OF DISCOVERY

The parties served initial disclosures pursuant to Rule 26(a)(1)(A) on September 27, 2024. On October 2, 2024, Polaris served Infringement Contentions and Document Production Accompanying Infringement Contentions pursuant to P.L.R. 3-1 and produced documents pursuant to P.L.R. 3-2. On October 2, 2024, Polaris propounded interrogatories and requests for production on Western Digital. On November 1, 2024, Western Digital served objections to Polaris' requests for production. Polaris agreed to Western Digital's request for an extension until November 22, 2024, to serve interrogatory responses.

## XII. DISCOVERY PLAN

### A. Disclosures [Rule 26(f)(3)(A)]

The parties served initial disclosures pursuant to Rule 26(a)(1)(A) on September 27, 2024. The parties do not propose any change to the form or requirement for the initial disclosures.

**B.** <u>**Discovery Taken to Date**</u>

On October 2, 2024, Polaris served Infringement Contentions and Document Production Accompanying Infringement Contentions pursuant to P.L.R. 3-1 and produced documents pursuant to P.L.R. 3-2. On October 2, 2024, Polaris propounded interrogatories and requests for production on Western Digital. On November 1, 2024, Western Digital served objections to Polaris' requests for production. Polaris agreed to Western Digital's request for an extension until November 22, 2024 to serve interrogatory responses.

**C.** <u>**Scope of Anticipated Discovery [Rule 26(f)(3)(B)]**</u>

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections III-V above and the requested relief discussed herein, including related and subsidiary factual and legal issues and matters. The parties' claims and defenses are anticipated to require both party and potentially third-party discovery on at least the following subjects: infringement and non-infringement, validity and invalidity, and damages. The parties do not believe that discovery should be conducted in phases or otherwise be limited.

The Parties expect that discovery may be needed on at least the following subjects:

- The Asserted Patents;
- The file histories of the Asserted Patents;
- The prosecution of the Asserted Patents;
- Ownership of the Asserted Patents;
- Conception and reduction to practice of the alleged inventions claimed in the Asserted Patents;
- Plaintiff's earliest knowledge of the allegedly infringing products;
- Defendants' earliest knowledge of the Asserted Patents;
- Licensing of the Asserted Patents;
- Validity or invalidity of the Asserted Patents;

- Prior art references relating to the Asserted Patents;
- The Accused Products;
- Western Digital's development, production, and sales of the Accused Products;
- Affirmative defenses raised by Western Digital;
- The basis for Plaintiff's infringement allegations against the Western Digital;
- The basis for Western Digital's non-infringement allegations;
- The state of the prior art in the field to which the Asserted Patents relate;
- The enforceability of the Asserted Patents;
- The valuation and purchase of the Asserted Patents;
- Compliance or non-compliance with the requirements of 35 U.S.C. § 287, whether by Plaintiff or any predecessors-in-interest of the Asserted Patents;
- Plaintiff's request for an award of damages;
- Plaintiff's licensing practices;
- Defendants' licensing practices;
- Plaintiff's licensing, attempts to license, and/or to otherwise profit from the Asserted Patents;
- Licenses executed by Defendants pertinent to the Accused Products;
- Royalties and/or licensing fees relating to the Asserted Patents;
- Royalties and/or licensing fees relating to the Accused Products;
- Western Digital's revenue and profits associated with the Accused Products;
- Western Digital's marketing and sales efforts related to the Accused Products;
- Western Digital's surveys and studies regarding technologies and usage pertinent to the Accused Products;

- Commercial embodiments of the Asserted Patents and sales of such commercial embodiments;
- Plaintiff's attempts to enforce the Asserted Patents;
- Challenges to the validity of the Asserted Patents;
- The discussions and/or background alleged in Plaintiff's complaint.

**D.  Issues About Disclosure, Discovery, or Preservation of Electronically Stored Information/E-Discovery Order [Rule 26(f)(3)(C)]**

The parties have agreed to follow the Eastern District of Texas' Model Order Regarding E-Discovery in Patent Cases, version March 19, 2014 ("ESI Order"), and ask that the Court approve the use of the ESI Order as the governing document for e-discovery in this case.[6] The parties are familiar with the application of the ESI Order due to its frequent use in patent litigation and therefore believe it will foster efficient discovery in this case for issues regarding Electronically Stored Information ("ESI"). The ESI Order is attached hereto as **Exhibit B**. The Parties will meet and confer in good faith should any issues regarding ESI arise. To the extent the parties are unable to resolve issues surrounding ESI, the parties will seek the Court's guidance at an appropriate time and after satisfying their obligations under the Local Rules. The parties will take reasonable and proportionate steps to preserve evidence.

**E.  Issues About Claims of Privilege or of Protection of Confidential Materials [Rule 26(f)(3)(D)]**

The parties agree that issues regarding the inadvertent production of privileged or work product material shall be addressed as provided in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and in the Protective Order to be entered in this case.

---

[6] https://www.txed.uscourts.gov/sites/default/files/forms/E-Discovery_Patent_Order.pdf

JOINT RULE 26(f) REPORT – Case No. 2:24-cv-02864-ODW-MAR

### F.    Limitations on Discovery [Rule 26(f)(3)(E)]

The presumptive limits on discovery provided by the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders shall apply, except as provided below.

### 1.    Depositions

- There should be no presumptive limits on the number of third party depositions.

- Depositions on written questions of custodians of business records of third parties are permitted without limitation and do not count against the limitation set forth in Federal Rule of Civil Procedure 30(a). For purposes of this agreement, the Customer Defendants are not considered third parties.

- Expert witness depositions shall be limited to 1 day of 7 hours on the record for each expert report authored by that expert witness.  For clarity, a witness that submits both an opening report on an issue (*e.g.*, infringement) and a responsive report on an issue (*e.g.*, invalidity) shall be subject to a maximum of 2 days of 7 hours each on the record.

- The parties will work in good faith to extend the foregoing limits if it is reasonably necessary to secure the testimony of witnesses who will testify at trial.

- The parties agree that if any deposition requires translation, such deposition is counted as taking half of its actual length; *e.g.*, a 7-hour deposition with a translator will be considered to be a 3.5-hour deposition. Depositions that require translation may be divided across more than one day and shall count as a single deposition.

- To the extent a party wishes to depose a witness in person (rather than via videoconference) who resides outside the United States, the parties agree to cooperate in making the witness available in a mutually convenient

location to minimize the time and expense necessary to depose the witness.

- The parties agree to cooperate in efforts to avoid the need to follow the protocols of the Hague Convention, or other similar jurisdictional procedures, for discovery in this case.

**2.** **Written Discovery and Document Production**

*Interrogatories:* The Federal Rules of Civil Procedure should govern any limitations on interrogatories.

*Requests for Admission*: Polaris and Western Digital may serve no more than 50 requests for admission. These limits do not apply to requests for admission solely aimed at authenticating documents.

*Requests for Production:* The Federal Rules of Civil Procedure should govern any limitations on requests for production.

**G.** **Other Orders [Rule 26(f)(3)(F)]**

The parties anticipate the need for a stipulated protective order to safeguard confidential information. A proposed stipulation and order will be submitted to the Court for review and approval. Pending the Court's approval of the protective order, the parties will abide by the protective order set forth in P.L.R. 2-2, which is available at https://www.cand.uscourts.gov/wp-content/uploads/forms/model-protective-orders/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.docx.

**H.** **Expert Discovery**

No party needs to produce communications between counsel and expert witnesses, communications between an expert and others who work at the direction of the expert to support the expert, including staff members, the expert's notes, or drafts of expert reports or declarations.

**I.    Dispositive Motions**

*Plaintiff's Statement*

The parties anticipate that each may move for summary judgment and/or other dispositive motions, as appropriate.

*Western Digital's Statement*

Western Digital intends to bring motions for summary judgment on infringement and invalidity as to the Asserted Patents at the appropriate time and reserves the right to file additional motions, as necessary and appropriate. While Western Digital will request that the Court stay this case pending the forthcoming IPRs to benefit from the narrowing issues, Western Digital also requests that the Court ultimately allow Western Digital two summary judgment motions rather than the Court's standard rule of one given that the case involves three Asserted Patents (none of which are in the same patent family) and because Plaintiff has accused several product lines.

**J.    Alternative dispute Resolutions ("ADR") Procedure Selection**

The parties will monitor the case for if and when an appropriate time arises for mediation.  The parties can advise the Court when that time occurs, rather than having the Court set a process for mediation now.

**K.    Settlement Efforts**

The parties have not yet discussed settlement.   The parties will explore settlement as appropriate, and pursuant to Local Rule 16-15.4, will participate in an alternative dispute resolution proceeding, if necessary.  ADR would be most effective after discovery into technical issues presented in this case, into financials related to infringement, and potentially claim construction.

**L.    Preliminary Trial Estimate**

Polaris expects a jury trial of the issues in this case to take approximately 5 court days. Western Digital agrees with this estimate, provided that the parties are able to narrow the number of Asserted Patents and/or Asserted Claims.

JOINT RULE 26(f) REPORT – Case No. 2:24-cv-02864-ODW-MAR

### M.  <u>Trial Counsel</u>

Plaintiff: Robert F. Kramer, David Alberti, Sal Lim, Russell S. Tonkovich, Jeremiah A. Armstrong, and Aidan Brewster.

Defendants: Western Digital anticipates that its trial counsel will be Ken Parker (lead), Stephanie Sivinski, David Clark, Caroline Fox, Marron Frith, and Andrea Levenson.

### N.  <u>Independent Expert or Master</u>

The parties are not presently aware of any issues that would require the appointment of a special master. The Court may desire to appoint an independent scientific expert to assist it with claim construction.

### O.  <u>Amending Pleadings and Adding Parties</u>

Western Digital has announced a plan to separate into two independent, publicly traded companies in the second half of calendar year 2024. Western Digital may seek to substitute the newly formed Flash business as the defendant in this lawsuit or otherwise add parties or amend pleadings as a result of this corporate separation.

### P.  <u>Other Issues</u>

Pursuant to Fed. R. Civ. Proc. 5(b)(2)(E), for all documents that are not served through the Case Management/Electronic Case Filing (CM/ECF) system, the parties consent to service on their attorneys via email, so long as all attorneys of record for the receiving party are copied.  The parties do not consent to proceeding in front of a magistrate.

At present, the parties are not aware of any other matters that require the Court's attention.

Dated: November 5, 2024                Respectfully submitted,

KRAMER ALBERTI LIM                 HAYNES AND BOONE, LLP
& TONKOVICH LLP

By:   */s/ Robert F. Kramer*          By:   */s/ Stephanie N. Sivinski*
      Robert F. Kramer                      Stephanie N. Sivinski

*Attorneys for Plaintiff*              *Attorneys for Defendants*
*Polaris PowerLED Technologies, LLC*   *Western Digital Corporation, Western*
                                       *Digital Technologies, Inc., Newegg Inc.,*
                                       *Zones, LLC, and Private Label PC, LLC*

<u>ATTESTATION</u>

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By:   */s/ Robert F. Kramer*

# EXHIBIT A

**Parties' Respective Proposed Schedule of Pretrial and Trial Dates**

| Event [Rule] | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Case Management Conference | Monday, November 11 or 18, 2024, or December 2, 9, or 16, 2024, at 1:30 p.m. (telephonic requested)<br><br>Polaris' lead counsel is unavailable January 6-17, 2025, due to a trial. | |
| Served Infringement Contentions and Document Production Accompanying Infringement Contentions [P.L.R. 3-1, 3-2][7] | Tuesday, October 2, 2024<br><br>(Already served by Polaris.) | |
| Serve Invalidity Contentions and Document Production Accompanying Invalidity Contentions [P.L.R. 3-3, 3-4 - due 45 days after service of Infringement Contentions] | Monday, December 16, 2024<br><br>Proposal provides Western Digital 75 days to serve invalidity contentions after Polaris' service of infringement contentions, rather than the 45 days called for under P.L.R. 3-3, 3-4. | |
| Exchange of Proposed Terms for Construction [P.L.R. 4-1 - 14 days after service of Invalidity Contentions] | Friday, January 3, 2025<br><br>To account for the holidays, Polaris' proposal provides for 18 days to exchange terms after service of Western Digital's invalidity contentions, rather than the 14 days called for under P.L.R. 4-1. | Friday, January 10, 2025 |

---

[7] References are to the Patent Local Rules of the United States District Court for the Northern District of California pursuant to this Court's Patent Standing Order.

| Event [Rule] | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence [P.L.R. 4-2 - 21 days after service of Proposed Terms] | Friday, January 24, 2025<br><br>Polaris proposes a date consistent with P.L.R. 4-2 while likewise providing adequate time to prepare for subsequent claim construction milestones. | Friday, January 31, 2025 |
| Serve Damages Contentions [P.L.R. 3-8 - due 50 days after Invalidity Contentions) | Tuesday, February 4, 2025 | |
| File Joint Claim Construction and Prehearing Statement, Expert Reports [P.L.R. 4-3 - 60 days after Invalidity Contentions] | Friday, February 14, 2025 | |
| Serve Responsive Damages Contentions [P.L.R. 3-9 - due 30 days after Damages Contentions] | Thursday, March 6, 2025 | |
| Completion of Claim Construction Discovery [P.L.R. 4-4 - 30 days after Joint Claim Construction and Prehearing Statement] | Monday, March 17, 2025 | |
| *Plaintiff's Proposal*: Polaris' Opening Claim Construction Brief [P.L.R. 4-5(a) - 45 days after Joint Claim Construction and Prehearing Statement] | Monday, March 31, 2025<br><br>Plaintiff proposes this date because it is consistent with P.L.R. 4-5(a) and consistent with the Court's Patent Standing Order. | Defendants propose simultaneous opening claim construction briefs as set forth herein. |

3

| Event [Rule] | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| *Defendants' Proposal*: Simultaneous Opening Claim Construction Briefs [45 days after Joint Claim Construction and Prehearing Statement] | Plaintiff opposes Defendants' simultaneous briefing proposal because briefing should follow the protocol and procedure set forth in the Patent Local Rules and consistent with the Court's Patent Standing Order. | Monday, March 31, 2025<br><br>In the interests of brevity and fairness, Defendants propose that each party be given one opening brief and one response brief. This will allow each party to succinctly state their claim construction positions and then respond to any substantive arguments from the opposing party. |
| *Plaintiff's Proposal*: Defendants' Responsive Claim Construction Brief [P.L.R. 4-5(b) - 14 days after Opening Brief] | Monday, April 14, 2025<br><br>Plaintiff proposes this date because it is consistent with P.L.R. 4-5(b) and consistent with the Court's Patent Standing Order. | Defendants propose simultaneous responsive claim construction briefs as set forth herein. |
| *Defendants' Proposal*: Simultaneous Responsive Claim Construction Briefs [Proposed by Defendants to be a simultaneous exchange of response briefs that are the final brief for each party.] | Plaintiff opposes Defendants' simultaneous briefing proposal because briefing should follow the protocol and procedure set forth in the Patent Local Rules and consistent with the Court's Patent Standing Order. | Monday, April 21, 2025 (for a simultaneous exchange)<br><br>Defendants propose simultaneous responsive claim construction briefs as set forth herein. |
| *Plaintiff's Proposal*: Polaris' Reply Claim Construction Brief [P.L.R. 4-5(c) - 7 days after Responsive Brief] | Monday, April 21, 2025<br><br>Plaintiff proposes this date because it is consistent with P.L.R. 4-5(c) and consistent with the Court's Patent Standing Order. | No Reply Brief. As discussed above, Defendants propose that in the interests of fairness and brevity, each party is permitted an opening and response brief with no additional briefing. |

4

JOINT RULE 26(f) REPORT – Case No. 2:24-cv-02864-ODW-MAR

| Event [Rule] | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Claim Construction Hearing (subject to Court's convenience) [P.L.R. 4-6 - 14 days after Reply Brief] | Monday, May 5, 2025 | |
| Damages Contentions Meeting [P.L.R. 3-10 - due 60 days after Responsive Damages Contentions] | Monday, May 12, 2025 | |
| Fact Discovery Cutoff (including hearing any related Motion) | Monday, January 26, 2026 | Monday, January 12, 2026<br><br>Defendants propose an earlier Discovery Cutoff to ensure that dispositive motions can be filed and heard after the Discovery Cutoff, but before the Last Date to Hear Non-Discovery Motions |
| Expert Discovery Cutoff (including hearing any related Motion) | Monday, March 2, 2026<br><br>Under Polaris' proposal, expert discovery closes before the deadline to file non-discovery motions and thereby comports with the Court's rules, including Local Rule 6-1. | Monday, February 9, 2026<br><br>Defendants propose an earlier Expert Discovery Cutoff to ensure that dispositive motions can be filed and heard after the Expert Discovery Cutoff, but before the Last Date to Hear Non-Discovery Motions |
| Last Date to Hear Non-Discovery Motions | Friday, April 3, 2026 | |
| Last Date to File Motions in Limine | Tuesday, May 19, 2026 | |
| Trial Date | Monday, June 15, 2026 | |

JOINT RULE 26(f) REPORT – Case No. 2:24-cv-02864-ODW-MAR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>EXHIBIT B</u>

**Eastern District of Texas' Model Order Regarding E-Discovery in Patent Cases
(version March 19, 2014)**

JOINT RULE 26(f) REPORT – Case No. 2:24-cv-02864-ODW-MAR

'IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Case No._____ |
| | § | |
| Defendant. | § | |

**[MODEL] ORDER REGARDING E-DISCOVERY IN PATENT CASES**

The Court ORDERS as follows:

1.  This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.  This order may be modified in the court's discretion or by agreement of the parties.  The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference.  If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.  A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.  Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms

of media, to comply with its discovery obligations in the present case.

    F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the fifteen most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

requesting party shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the court's leave.  The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party.  The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except as expressly stated, nothing in this order affects the parties' discovery obligations under

the Federal or Local Rules.

- current as of March 19, 2014 (General Order 14-6)