O

# United States District Court
# Central District of California

POLARIS POWERLED
TECHNOLOGIES, LLC,

               Plaintiff,

    v.

WESTERN DIGITAL
CORPORATION et al.,

               Defendants.

Case No. 2:24-cv-02864-ODW (MARx)

**ORDER GRANTING IN PART AND DENYING IN PART UNOPPOSED MOTION TO SEVER AND STAY [46]**

      Plaintiff Polaris PowerLED Technologies, LLC filed this patent-infringement suit against Defendants Western Digital Corporation, Western Digital Technologies, Inc. (collectively "Western Defendants"), Newegg, Inc., Zones, LLC, and Private Label PC, LLC (Newegg, Zones, and Private Label collectively are "Customer Defendants"). (Compl., ECF No. 1.) Western Defendants and Customer Defendants filed this Unopposed Motion to Sever and Stay the claims against Customer Defendants from those against Western Defendants. (Mot. Sever & Stay ("Motion" or "Mot."), ECF No. 46.) Having carefully considered the papers filed in connection with the Motion, the Court deemed the Motion appropriate for decision without oral argument. (ECF No. 48); Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

While Federal Rule of Civil Procedure 20 ordinarily governs permissive joinder in civil cases, Congress set out a separate standard for joinder in patent cases.  Under 35 U.S.C. § 299, a plaintiff may join accused infringers in one action only if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a).

The parties here agree that Plaintiff's claims against Customer Defendants may not proceed together with and should be severed from Plaintiff's claims against Western Defendants.  (*See* Mot. 3, 5–7.)  However, the Court may not simply sever the case into two civil actions, as the parties request.  Plaintiff may not circumvent the filing requirement—either intentionally or unintentionally—by having the Court split a case in two, post-filing.  Rather, Plaintiff must file separate complaints against Newegg, Zones, and Private Label PC if it desires to proceed with the present claims against them.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.  (ECF No. 46.)  The Court **SEVERS** the claims against Customer Defendants, and sua sponte **DISMISSES** Customer Defendants **WITHOUT PREJUDICE**.  The Court **DENIES** the Motion to the extent Defendants seek to create and stay a new civil action against Customer Defendants.  Should Plaintiff desire to refile its claims against the dismissed Customer Defendants in this district, it must file them separately and, for each one, file a notice of related cases under Local Rule 83-1.3.  The severed cases are sufficiently related that they should

all be before the same judge for case management and judicial efficiency purposes, but they are not sufficiently related for joinder under 35 U.S.C. § 299.

**IT IS SO ORDERED.**

November 5, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**