O

# United States District Court
# Central District of California

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN DIGITAL CORPORATION et al., <br><br> Defendants. | Case № 2:24-cv-02864-ODW (MARx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY [58]** |

## I.   INTRODUCTION

Plaintiff Polaris PowerLED Technologies, LLC ("Polaris") brings this patent-infringement suit against Defendants Western Digital Corporation and Western Digital Technologies, Inc. (collectively, "Western Digital").  (First Am. Compl. ("FAC"), ECF No. 40.)  Western Digital moves to stay this action pending *inter partes* review of three patents Polaris alleges Western Digital infringed: U.S. Patent Nos. 8,554,968 (the "'968 Patent"), 9,183,085 (the "'085 Patent"), and 8,601,346 (the "'346 Patent").  (Mot. Stay. ("Mot."), ECF No. 58.)  For the reasons below, the Court **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Polaris is a California limited liability company that "owns the entire right, title, and interest" in the '968 Patent, '085 Patent, and '346 Patent. (FAC ¶¶ 7, 34–36.) The three patents-in-suit relate to memory controllers, flash memory, and data-stripe operation systems. (*Id.* ¶¶ 37, 42, 56.)

On April 9, 2024, Polaris initiated this patent infringement action against Western Digital; Newegg, Inc., Zones, LLC, and Private Label PC, LLC (collectively, "Customer Defendants"); and Avnet Inc. (Compl., ECF No. 1.) On April 19, 2024, pursuant to Polaris's notice of voluntary dismissal, the Court dismissed Avnet, Inc. without prejudice. (Min. Order, ECF No. 24.)

On June 21, 2024, Polaris filed the operative First Amended Complaint. (FAC.) Polaris asserts three patent infringement claims against Western Digital and Customer Defendants for "making, using, offering for sale, selling . . . and/or importing into the United States" solid-state drive ("SSD") products that infringed the three patents-in-suit. (*Id.* ¶¶ 68, 89, 111.) On Polaris's motion, the Court subsequently severed the claims against Customer Defendants and dismissed Customer Defendants from this action without prejudice. (Order Mot. Sever, ECF No. 50.) Accordingly, Western Digital Corporation and Western Digital Technologies, Inc. are the only remaining defendants in this action.

Between January 23 and January 29, 2025, Western Digital filed three petitions for *inter partes* review (the "IPRs") with the Patent Trial and Appeal Board ("PTAB"), one for each of the three patents-in-suit, "challenging all claims that Polaris currently asserts in this litigation." (Decl. David B. Clark ISO Mot. ("Clark Decl.") ¶¶ 2–4, ECF No. 58-1; *see id.* Exs. A–C ("IPR Submission Receipts"), ECF Nos. 58-2 to 58-4.) In the meantime, on January 27, 2025, the Court issued a Scheduling and Case Management Order ("Scheduling Order"), setting the trial on June 16, 2026, and fact discovery deadline on February 18, 2026. (Scheduling

Order 25, ECF No. 54.) On June 3, 2025, the parties filed a Joint Claim Construction and Prehearing Statement. (ECF No. 67.)

Western Digital now seeks to stay this action pending resolution of the IPRs. (Mot.) The Motion is fully briefed. (Opp'n, ECF No. 60; Reply, ECF No. 62.)

### III.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Courts in this district consider the following three factors to determine whether to grant a stay pending *inter partes* review proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). The inquiry, however, "is not limited to these three factors" but based on "the totality of circumstances." *Id.* at 1031. "There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Id.* (internal quotation marks omitted).

### IV.  DISCUSSION

Western Digital argues that the three factors favor a stay. (Mot. 6–13.) As discussed below, the Court agrees.

**A.  Factor One: Stage of Proceedings**

The first factor looks to the stage of the proceeding and "whether discovery is complete and whether a trial date has been set." *Universal Elecs.*, 943 F. Supp. 2d

1   at 1031.  This analysis "consider[s] the general time line of patent litigation, [and
2   whether] there is more work ahead of the parties and the Court than behind the parties
3   and the Court."  *Semiconductor Energy Lab'y Co., Ltd. v. Chimei Innolux Corp.*,
4   No. 8:12-cv-00021-JLS (JPRx), 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012).

5        Courts in this district weigh this factor in favor of a stay when, as here, the
6   parties have not engaged in substantial discovery and the Court has not spent time
7   construing the claims.  *See e.g.*, *MicroPairing Techs. LLC v. Am. Honda Motor Co.,
8   Inc.*, No. 2:21-cv-04034-JVS (KESx), 2022 WL 17219084, at *1 (C.D. Cal. June 24,
9   2022) (weighing this factor in favor of a stay when "months remain for fact discovery,
10  expert discovery has not yet started, . . . no depositions have been conducted[,
11  and] . . . . there has been no *Markman* hearing."); *Realtime Data LLC v. Teradata
12  Operations, Inc.*, No. 8:16-cv-02743-AG (FFMx), 2017 WL 3453295, at *2 (C.D. Cal.
13  Feb. 27, 2017) (same); *c.f. Universal Elecs.*, 943 F. Supp. 2d at 1031 (weighing this
14  factor against a stay when plaintiff already served written discovery and the court
15  already held a *Markman* hearing and issued a claim construction ruling).

16       This case is still in early stages of litigation.  Trial is set for June 16, 2026, and
17  fact discovery closes on February 18, 2026.  (Scheduling Order 25.)  On June 3, 2025,
18  the parties filed a Joint Claim Construction Statement, but the Court has not held or
19  scheduled a *Markman* hearing.  (*See id.* at 26 (setting August 22, 2025, as deadline for
20  *Markman* hearing).)  Polaris asserts that the parties performed substantial work
21  serving document requests, interrogatories, responses, and preparing infringement and
22  invalidity contentions.  (Opp'n 15.)  While Polaris has undoubtedly expended time
23  and resources, that does not diminish that the case is in its early stages and there is
24  still "more work ahead of the parties and the Court than behind" them.  *Chimei
25  Innolux*, 2012 WL 7170593, at *2; *see also Wonderland Nursery Goods Co., Ltd. v.
26  Baby Trend, Inc.*, No. 5-14-cv-01153-JWH (SPx), 2015 WL 1809309, at *3 (C.D. Cal.
27  Apr. 20, 2015) (granting stay when parties submitted claim construction briefs, but no
28  *Markman* hearing had occurred).  Thus, the first factor weighs in favor of a stay.

### B. Factor Two: Simplification of Issues and Trial

The second factor considers "whether a stay will simplify the issues in question and trial of the case." *Universal Elecs.*, 943 F. Supp. 2d at 1032. Western Digital contends that the pending IPRs will likely simplify the issues in this case because they challenge all asserted claims of the three patents-in-suit. (Mot. 3, 7.) Polaris, in turn, argues that a stay would not simplify the issues for several reasons. (Opp'n 7–12.)

First, Polaris contends that the district court "would provide the most simplification of the issues" by resolving the parties' invalidity contentions and "render the entire IPR proceeding moot." (Opp'n 10–11.) Polaris asserts that it "would be an enormous waste of the PTAB's judicial resources and the parties' financial resources" to stay the case. (*Id.* at 11.) But this argument turns the factor on its head—this factor looks to how a stay pending the IPRs can simplify the issues in the case before this Court, not how this Court can simplify the IPR proceedings before the PTAB.

Second, Polaris contends that any simplification is "purely speculative" because "even if the IPRs are instituted, half of the 30 asserted claims in this case are likely . . . to be litigated in this Court." (Opp'n 7–8.) However, simplification does not require resolution of all claims. If the PTAB "cancels or narrows a portion of the asserted claims, the scope of this litigation may be significantly reduced." *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No. 8:16-cv-00437-AG (JPRx), 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016); *see Aire Tech., Ltd. v. Garmin Int'l, Inc.*, No. 8:22-cv-01027-JVS (KESx), 2022 WL 19076660, at *3 (C.D. Cal. Aug. 16, 2022) (finding simplification factor weighed in favor of stay "[e]ven if the PTAB institutes review but does not cancel some asserted claims"). Given that this case is still in the early stages of litigation, "the risk of delay attending an unnecessary stay is minimal relative to the risk of unnecessary expenditure of resources should the stay be denied and an IPR subsequently commence." *Wonderland Nursery Goods*,

2015 WL 1809309, at *3. Therefore, there is still a likelihood of simplification even if the PTAB only institutes some of the IPRs.

Third, Polaris argues that the IPRs will not affect claim construction in this case because it does not anticipate arguing any of the claim terms in the IPRs. (Opp'n 11–12.) While the IPRs may have little effect on the claim construction in this case, there is still a likelihood that "the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [Patent and Trial Office] and clarifying the scope of the claims." *Universal Elecs.*, 943 F. Supp. 2d at 1032. This argument is therefore unpersuasive.

Lastly, Polaris argues there is no real simplification of the issues because Western Digital Corporation—which is not a real party in interest to the IPRs and therefore not subject to the estoppel provisions of 35 U.S.C. § 315(e)(2)[2]—can "raise any invalidity ground in the district court, including the exact same grounds adjudicated in the IPRs." (Opp'n 9.) "[T]he Court can alleviate [Polaris's] estoppel concerns by using its inherent power to condition a stay on [Western Digital Corporation's] agreement to be bound as if it itself had filed the IPR petition." *Vivint, Inc. v. SkyBell Techs., Inc.* No. 2:21-cv-09472-GW (GJSx), 2022 WL 18587113, at *4 (C.D. Cal. Nov. 9, 2022). Western Digital Corporation agrees to be bound by estoppel to the same extent as Western Digital Technologies, Inc. (Reply 4–5.) In light of Western Digital Corporation's expressed agreement to be bound by estoppel, the Court finds it appropriate to condition the stay on Western Digital Corporation's agreement to be bound by estoppel to the same extent as Western Digital Technologies Inc., which alleviates Polaris's concerns and simplifies the issues. *See e.g.*, *Aire Tech.*, 2022 WL 19076660, at *3 (finding defendant's agreement to be

---

[2] Pursuant to 35 U.S.C. § 315(e)(2), a petitioner or real party in interest to an IPR cannot assert in a civil action that the claim is invalid on any ground that it could have raised or did raise in the IPR.

bound by estoppel "will simplify the issues in the event the PTAB grants institution and therefore favors a stay").

Accordingly, on balance, the second factor weighs in favor of a stay.

## C. Factor Three: Undue Prejudice and Tactical Concerns[3]

The final factor considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs.*, 943 F. Supp. 2d at 1033. Courts consider the following four sub-factors in weighing potential prejudice to the non-moving party: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Aire Tech.*, 2022 WL 19076660, at *3.

The first two sub-factors consider the timing of the IPR and Motion filing. This action was initially filed on January 30, 2024, in the Western District of Texas before Polaris refiled the case in this District. (Opp'n 1 n.1.) Western Digital filed the IPRs between January 23 to January 29, 2025, days before the end of the one-year statutory period to file its IPRs. *See* 35 U.S.C. § 315(b) (requiring IPR petitions to be filed within one year of the date on which the petitioner is served with a complaint alleging patent infringement). On February 3, 2025, four days after it filed the IPRs, Western Digital moved to stay the action. (Mot.) That Western Digital waited until days before the deadline to file the IPRs tips the first sub-factor in favor of undue prejudice. But Western Digital also promptly moved to stay the action, which tips the second sub-factor against undue prejudice. Therefore, on balance, the first two sub-factors are neutral.

The third sub-factor looks to the status of the IPR proceedings. Western Digital filed the IPRs in January 2025. (*See* IPR Submission Receipts.) The parties anticipate an institution decision by August 2025, and a final decision by

---

[3] Polaris makes several arguments under this factor that were also raised under the first two factors: (1) Western Digital Corporation gains a "tactical advantage" as is it is not bound by estoppel and (2) the IPRs are not dispositive on the claim construction issues. (Opp'n 16–17.) As the Court already addressed these arguments, it need not reach them again.

August 2026.  (Mot. 3; Opp'n 1, 4.)  Polaris argues that litigating the IPRs and any appeals could last two to three years and that Western Digital's late-filed IPRs evidence gamesmanship to delay this litigation.  (Opp'n 1, 4, 18.)  Polaris does not raise any facts, other than the possibility of delay, to support its assertion that Western Digital engaged in gamesmanship.  (*See id*. at 1.)  "The mere possibility of delay, inherent in all proceedings, is insufficient to constitute undue prejudice." *Purecircle USA Inc. v. SweeGen, Inc.*, No. 8:18-cv-01679-JVS (JDEx), 2019 WL 3220021, at *3 (C.D. Cal. June 3, 2019); *Wonderland Nursery Goods*, 2015 WL 1809309, at *4 ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.").  Polaris also raises a general concern that evidence may be lost during a stay because "[w]itnesses, like the third-party inventors and developers of the accused products, could become unavailable and their memories could fade." (Opp'n 8.)  Polaris's "[s]peculative assertions that evidence may be lost as a result of a stay pending reexamination are insufficient." *Aire Tech.*, 2022 WL 19076660, at *4 (finding plaintiff's assertion that "witnesses may become [un]available, their memories may fade, and evidence may be lost" did not pose undue prejudice (alteration in original)).  Accordingly, this sub-factor weighs against undue prejudice.

The last sub-factor deals with the relationship of the parties.  Western Digital contends that Polaris is a non-practicing entity that does not risk losing sales, as Polaris "does not manufacture or sell products that embody any of the asserted claims" of the patents-in-suit.  (Mot. 9.)  Polaris does not dispute this.  (*See generally* Opp'n.)  Thus, Polaris's "status as a non-practicing entity weighs in favor of a stay," as it will not lose sales or market shares as a result of the stay.  *Core Optical*, 2016 WL 7507760, at *3.  Accordingly, this sub-factor weighs against prejudice.

Considering all four subfactors together, the third factor weighs in favor of a stay.  Therefore, collectively and under the totality of the circumstances, all three factors weigh in favor of a stay in this case.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Stay. (ECF No. 58.) This action is hereby **STAYED** pending final exhaustion of all pending *inter partes* review proceedings, including any appeals, conditioned on Western Digital Corporation's agreement to be bound by 35 U.S.C. § 315(e)(2) as if it were a party to the IPRs.

The parties are **ORDERED** to file a joint status report every **ninety (90) days**, beginning ninety days from the date of this Order, informing the Court of the status of the *inter partes* review proceedings. The parties are also **ORDERED** to file a joint statement **by no later than seven (7) days** after the PTAB issues **any** rulings as to the pending *inter partes* review proceedings, stating the parties' respective and/or collective views as to the status of the IPRs and whether any development in those proceedings warrant lifting the stay. All other dates and deadlines in this action are **VACATED** and taken off the calendar.

**IT IS SO ORDERED.**

June 23, 2025

_____
             **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**