**O**

# United States District Court
# Central District of California

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

WESTERN DIGITAL CORPORATION et al.,

Defendants.

Case № 2:24-cv-02864-ODW (MARx)

**ORDER GRANTING MOTION TO SUBSTITUTE [95]**

## I. INTRODUCTION

Plaintiff Polaris PowerLED Technologies, LLC brings this patent infringement suit against Defendants Western Digital Corporation and Western Digital Technologies, Inc. (collectively, "Western Digital"). (First Am. Compl. ("FAC"), Dkt. No. 40.) Polaris alleges Western Digital infringed three flash memory patents. (*Id.* ¶ 1–2.) During this litigation, Western Digital spun-off its flash memory business to Sandisk Corporation and Sandisk Tech (collectively, "Sandisk"). (Mot. Substitute Defs. ("Motion" or "Mot.") 2, Dkt. No. 95; Decl. Erin E. Meyer ISO Mot. ("Meyer Decl.") Ex. C ("Separation Agreement"), Dkt. No. 95-6.) Western Digital now asks the Court to substitute Sandisk as Defendant, or in the alternative, join Sandisk and stay the action as to Western Digital. (Mot. 1–2.) For the following reasons, the

Court **GRANTS** the Motion and **SUBSTITUTES** Sandisk for Western Digital as Defendant in this action.[1]

## II. BACKGROUND

Polaris is a California limited liability company that "owns the entire right, title, and interest" in the patents-in-suit. (FAC ¶¶ 7, 34–36.) The patents-in-suit relate to memory controllers, flash memory, and data-stripe operation systems. (*Id.* ¶¶ 37, 42, 56.) Polaris alleges that Western Digital manufactured products that infringe on the patents-in-suit. (*Id.* ¶¶ 1, 3.)

In April 2024, Polaris initiated this patent infringement action against Western Digital and several other customer defendants. (Compl., Dkt. No. 1.) After amendment, and on an unopposed motion, the Court severed the customer defendants, leaving only Western Digital. (Order Sever 2, Dkt. No. 50.)

In February 2025, Western Digital spun-off its flash memory business to Sandisk by executing a formal Separation and Distribution Agreement ("Separation Agreement"). (*See generally* Separation Agreement.) The Separation Agreement provides that Western Digital would transfer its flash memory assets to Sandisk. (*Id.* § 1.1.) It also provides that Sandisk would assume all liabilities "relating to the conduct and operation of the Flash Business . . . whether prior to, at or after the [spinoff]." (*Id.* § 1.6(a)(ii)(1).)

Since the spinoff, Western Digital has transferred assets and documents relating to its former flash business to Sandisk. (Decl. Arnel David ISO Mot. ("David Decl.") ¶ 5, Dkt. No. 95-1; Decl. Mike James ISO Mot. ("James Decl.") ¶ 4, Dkt. No. 95-2.) Sandisk now has "full possession and control of the design, manufacture, and sale of the" products at issue in this litigation. (James Decl. ¶ 7.) Additionally, former Western Digital personnel who worked on flash memory products are now employees of Sandisk. (*Id.* ¶ 5.)

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Western Digital now brings this motion requesting the Court substitute Western Digital for Sandisk as Defendant under Federal Rule of Civil Procedure ("Rule") 25(c). (Mot. 1–2.)

## III. LEGAL STANDARD

Rule 25(c) provides that if "an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Substitution or joinder is not mandatory where a transfer of interest has occurred." *Sun-Maid Raisin Growers of Cal. v. Cal. Package Corp.*, 273 F.2d 272, 284 (9th Cir. 1959). Instead, once interest has been transferred, courts must determine whether "the transferee's presence would facilitate the conduct of the litigation." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). Notably, "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Id.* The decision to allow substitution or joinder under Rule 25(c) rests within the sound discretion of the court. *Id.*

## IV. DISCUSSION

Western Digital argues that substitution is warranted because (1) it has transferred all relevant assets and liabilities to Sandisk, and (2) substitution would facilitate the conduct of the litigation. (Mot. 4–7.) The Court agrees.

"A transfer of interest in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Garcia v. City of Los Angeles*, No. 2:19-cv-06182-DSF (PLAx), 2023 12214971, at *1 (C.D. Cal. July 12, 2023) (quoting *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71–72 (3d Cir. 1993)). Courts consider transfer adequate under Rule 25(c) when both assets and liabilities are transferred. *Cellwitch Inc. v. Tile, Inc.*, No. 19-CV-01315-JSW (AGTx), 2025 WL 1279122, at *2 (N.D. Cal. Jan. 22, 2025).

Here, there is no question that a transfer of interest has occurred under Rule 25(c). The Separation Agreement clearly provides that Sandisk would assume all assets and liabilities related to Western Digital's former flash business. (Separation Agreement §§ 1.1, 1.2, 1.6.) Two employees—one from Sandisk and another from Western Digital—also declare, under penalty of perjury, that they understand that Sandisk has assumed liabilities that "include[] any liability for damages in this case, whether incurred before or after the parties entered the Separation Agreement." (David Decl. ¶ 7; James Decl. ¶ 6.) In the face of these unequivocal statements, and without any showing from Polaris suggesting that Sandisk did not assume all of Western Digital's flash business-related assets and liabilities, the Court concludes that transfer is complete for purposes of Rule 25(c).

Instead of properly disputing transfer of interest with evidence, Polaris argues that Western Digital and Sandisk's internal indemnification agreement "cannot discharge [Western Digital's] accrued liability to Polaris." (Opp'n 6–7, Dkt. No. 104.) True, had Western Digital and Sandisk limited the Separation Agreement to simply indemnification, a complete transfer of interest would not have occurred. *See Bullets2Bandages, LLC v. Caliber Corp.*, No. 3:18-cv-00669-GPC-KSC, 2019 WL 5684400, at *3 (S.D. Cal. Nov. 1, 2019) (denying substitution because the substituted party agreed to indemnify the original party but did not state that it would assume the original party's liability). Here, however, the Separation Agreement contemplates *both* indemnification *and* assumption of liability. (*See, e.g.*, Separation Agreement §§ 1.6, 4.3.) Thus, Polaris's arguments—all seemingly predicated on the incorrect understanding that Sandisk agreed only to indemnify Western Digital—miss the mark.

Substitution of Sandisk for Western Digital would also "facilitate the conduct of this litigation." *In re Bernal*, 207 F.3d at 598. All relevant documents and witnesses are with Sandisk, rather than Western Digital. (David Decl. ¶ 5; James Decl. ¶¶ 4–5.) Thus, it appears that Sandisk, rather than Western Digital, is the proper target of Polaris's ongoing and forthcoming discovery requests. To the extent that any

remaining discoverable material lies in Western Digital's possession, Western Digital has pledged to "provide any such discovery needed in this case, including producing witnesses for deposition." (David Decl. ¶ 6.) Western Digital's counsel—who also represent Sandisk—repeat this pledge in their reply brief. (Reply 4–5, Dkt. No. 108.) The Court accepts their word, made as officers of the Court, that they will ensure their client is forthcoming with all relevant discovery that may still be in its possession. Thus, the Court finds Polaris's arguments regarding discovery prejudice unpersuasive and speculative.

In sum, Western Digital has demonstrated that it transferred the assets and liabilities related to its flash business to Sandisk, and that substitution would facilitate this litigation. Thus, the Court, exercising its discretion, **GRANTS** the Motion and **SUBSTITUTES** Sandisk for Western Digital in this action.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Western Digital's Motion to Substitute. (Dkt. No. 95.) The Court **ORDERS** that Sandisk Corporation and Sandisk Technologies, Inc. are **SUBSTITUTED** as Defendants for Western Digital Corporation and Western Digital Technologies, Inc.

**IT IS SO ORDERED.**

August 18, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**