KRAMER LLP
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

KRAMER LLP
Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

KRAMER LLP
Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

UMHOFER, MITCHELL & KING LLP
Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

WESTERN DIGITAL CORPORATION, and WESTERN DIGITAL TECHNOLOGIES, INC.,

Defendants.

Case No. 2:24-cv-02864-ODW-MAR

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULING ORDER AND EXTEND THE DISCOVERY CUTOFF AND EXPERT DEADLINES**

Discovery Cutoff: Oct. 16, 2026
Pretrial Conference: May 10, 2027
Trial: June 1, 2027

Date: October 5, 2026
Time: 1:30 p.m.
Courtroom: 5D

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on October 5, 2026 at 1:30 p.m. or at such other time as the matter may be heard, in Courtroom 5D, 5th Floor of the United States District Court for the Central District of California, 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012 Plaintiff Polaris PowerLED Technologies, LLC will, and hereby does, pursuant to Rule 16(b), move for an Order from the Court extending the deadlines for fact and expert discovery, and for expert reports.

This motion is based on this notice of motion and motion, the concurrently filed declarations of Safraz Ishmael and Steven Przybylski, the records on file in this case, and all other matters that the Court may consider, including the oral argument of counsel.

This motion is made following a conference of counsel pursuant to Central District of California Local Rule 7-3, which took place on August 26, 2026 (*see* Declaration of Safraz Ishmael ¶¶ 2-4.

Dated: September 4, 2026

**KRAMER LLP**

*s/ Robert F. Kramer*
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jay Guiliano (*pro hac vice* forthcoming)
jguiliano@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice* forthcoming)
nglauser@kramerllp.com
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1
II. BACKGROUND ........ 2
A. Summary of this Action ........ 2
B. SanDisk's Discovery Deficiencies ........ 3
III. ARGUMENT ........ 5
A. There is Good Cause to Extend the Discovery and Expert Deadlines ........ 5
B. The Requested Extension is Narrowly Tailored ........ 8
IV. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Martinez v. Chaffey Community College Dist.*, No. 5:23-cv-02441-SSS-SPx, 2026 WL 928625 (C.D. Cal. Apr. 2, 2026) ........ 7

*Noyes v. Kelly Servs.*, 488 F.3d 1163 (9th Cir. 2007) ........ 5

*Romero v. Los Angeles Cty.*, No. 2:21-cv-03972, 2023 WL 6193005 (C.D. Cal. Aug. 25, 2023) ........ 5

**Rules**

Fed. R. Civ. P. 16(b)(4) ........ 5

# I. INTRODUCTION

Plaintiff Polaris PowerLED Technologies, LLC ("Polaris") respectfully files this opposed Motion to Modify the Scheduling Order and Extend the Discovery Cutoff and Expert Deadlines (the "Motion"). Under the current operative Scheduling Order (Dkt. No. 86), the deadline for fact discovery is October 16, 2026. Despite Polaris' diligent efforts, Defendants SanDisk Corporation and SanDisk Tech's (collectively, "SanDisk" or "Defendants")[1] document production and discovery responses in the case remain wholly deficient. For example, critical technical documents requested long ago were finally produced just weeks ago (on August 18, 2026) (*see* Declaration of Steven Przybylski, ¶ 7), and according to SanDisk's counsel, more critical technical documents and source code are still yet to be produced and are forthcoming. Ex. 1.

Polaris has begun the motion to compel process to obtain other highly relevant documents and source code that Defendants appear to be refusing to produce. Polaris therefore files this Motion to allow for sufficient time to analyze the many new highly relevant documents Defendants have recently produced (or are in the process of producing), and for adjudication of the motion to compel. Polaris also requests extension of the expert deadlines which flow from the discovery deadline, but seeks extension of no other deadlines.

There is good cause to grant this Motion, and Polaris has been diligent. Just weeks ago, the Court ordered SanDisk Corporation and SanDisk Tech to substitute for Western Digital into this action (the "Action"). Additionally, SanDisk's discovery conduct has made the existing discovery deadline practically unworkable, not only with its very late production of highly relevant documents but also because of its still wholly deficient document and source code productions. Despite Polaris's

[1] On August 19, 2026, the Court ordered substitution of SanDisk Corporation and SanDisk Tech for defendants Western Digital Corporation and Western Digital Technologies, Inc. (collectively, "Western Digital"). Dkt. No. 134. Therefore, references to SanDisk in this Motion include its predecessor Western Digital unless otherwise indicated.

diligent follow up communications, SanDisk's interrogatory responses and documents and source code production remain woefully inadequate. Finally, there are several outstanding depositions that have been noticed by Polaris and SanDisk (collectively, the "Parties") but not yet scheduled.

On August 26, 2026, pursuant to Local Rule 7-3, counsel for the Parties met and conferred regarding Polaris's request to extend the discovery and expert deadlines. Declaration of Safraz Ishmael, ¶¶ 2-4. Following the conference, SanDisk's counsel emailed Polaris's counsel informing them, without any explanation, simply that it would not agree to any such extension. *Id*. ¶ 6.[2]

The only extensions previously sought by Polaris are: (1) a stipulation to allow defendants additional time to respond to the complaint; (2) a stipulation to extend the deadline to amend pleadings or add parties; and (3) a stipulation to extend the deadline to meet and confer and submit a Damages Meeting Certification. Dkts. 27, 64, 96. Furthermore, the Court reset deadlines after lifting the stay in this Action. Dkt. 86. Polaris's proposed modification to the Scheduling Order (set forth below, *infra* section III.b) is narrowly tailored and avoids any change to the Court's filing deadlines, hearings, or trial dates.

Therefore, Polaris respectfully requests that the Court grant this Motion.

## II. BACKGROUND

### A. Summary of this Action

On April 9, 2024, Polaris filed a Complaint against several defendants, including Western Digital for infringement of three patents relating generally to computer memory such as flash memory solid-state drives: U.S. Patent Nos. 8,554,968, 9,183,085, and 8.601,346 (collectively, the "Asserted Patents"). Dkt. No. 1. On June 21, 2024, Polaris filed a First Amended Complaint. Dkt. No. 40. On

[2] On the date of the filing of this Motion, counsel for SanDisk proposed a limited extension to October 30, 2026 to accommodate the deposition schedule, but agreed to no other extensions. For the reasons stated herein, such a compromise remains unworkable.

June 23, 2025, the Court stayed the Action pending resolution of *inter partes* review proceedings, and the Court lifted the stay on December 17, 2025. Dkt. No. 68, 79. On January 12, 2026, the Court issued the operative Scheduling Order, ordering in part the following deadlines: Fact Discovery Cutoff (October 16, 2026); Expert Discovery Cutoff (January 8, 2027). Dkt. 86.

On April 3, 2026, Western Digital filed a motion to substitute SanDisk, more than two years after this Action was originally filed. Dkt. No. 95. While Polaris did not oppose the addition of SanDisk as a co-defendant, it opposed its substitution. Dkt. No. 104. The Court granted Western Digital's motion and ordered substitution of SanDisk for Western Digital on August 19, 2026. Dkt. No. 134.

**B. SanDisk's Discovery Deficiencies**

Polaris began serving discovery shortly after the institution of this Action. On October 2, 2024, Polaris served its first set of document requests (RFP Nos. 1-28) and its First Set of Interrogatories (Nos. 1-5). Exs. 2, 3. SanDisk served responses on November 1, 2024, with agreement to produce documents responsive to certain requests, and standing on its objections to others. Ex. 4, at 7-8, 19. SanDisk served responses and objections to the interrogatories on November 22, 2024. Ex. 5. On July 31, 2026, Polaris served additional document requests (RFP Nos. 29-55). Ex. 6. On August 31, 2026, SanDisk served responses agreeing to produce documents responsive to certain limited requests, but otherwise generally stating it "declines to produce documents responsive to" certain requests "at this time," or pointing to prior productions in response to other requests. Ex. 7, at 8-11. Between the dates of November 22, 2024 and August 21, 2026, SanDisk slowly rolled out documents, as indicated in the chart attached as Exhibit 8. *See also* Przybylski Decl. ¶ 7 (noting key technical documents produced as late as August 18). At the time of the filing of this Motion, SanDisk has produced a meager 1,124 documents totaling 26,657 pages, and over time it has become glaringly apparent that the productions are deficient. Ex. 8; Przybylski Decl. ¶¶ 3-6, 8-9. Considering this case involves three patents covering

different highly complex technologies, and dozens of accused products, SanDisk's production falls far short of what would be expected for a patent case of this size.

Polaris has been diligent in its attempts to obtain discovery without the Court's intervention. For example:

- On May 30, 2025, Polaris wrote to SanDisk regarding deficiencies in SanDisk's interrogatory responses and document production. Ex. 9.
- On June 23, 2025, Polaris again wrote to SanDisk regarding deficiencies in its discovery responses and document production. Ex. 10.
- (Post-stay) In multiple email and letter communications between April 30, 2026 and August 26, 2026, Polaris identified gaps in SanDisk's source code production concerning the accused instrumentalities and demanded reproduction of non-source code files as Bates stamped documents and production of certain referenced by missing design documents. Exs. 11-12, 14, 17.
- On May 21, 2026, Polaris sent a letter identifying twelve categories of documents relevant to the accused functionalities in SanDisk's production and requested complete document sets for each category, and additional documents based on codenames appearing in SanDisk's own produced spreadsheets. Ex. 15.
- On August 21, 2026, Polaris sent a letter requesting production of additional likely responsive technical documents for production that were referenced by name in documents produced by SanDisk, and more recent versions of technical documents already produced. Ex. 16.

SanDisk's typical response to the above communications has been to either vaguely state that it was investigating Polaris's inquiries or to commit to updating its responses and production, usually without a date certain. *See, e.g.*, Ex. 17 (May 7, 2026 Koenig Email: "We are evaluating your request" … "we plan to supplement our production of source code made available for inspection, should we identify

additional source code to produce under P.L.R. 3-4(a)"); *id*. (July 13, 2026 Mehta Email: "we are diligently reviewing the documents referenced in your first request. We intend to produce to you relevant documents appropriate for regular document production … ."; "we are conducting a search for the documents listed in Appendix A of your letter").

Polaris relied on those commitments and put off any attempts to seek Court intervention, but SanDisk's supplemental productions inevitably contained significant additional gaps and revealed more apparent deficiencies in the overall document production. Meanwhile, the discovery period continued to pass. Accordingly, on August 28, 2026, Polaris sent a letter to SanDisk to start the motion to compel process, pursuant to L.R. 37-1. Ex. 18.

## III. ARGUMENT

### A. There is Good Cause to Extend the Discovery and Expert Deadlines

The Federal Rules of Civil Procedure grant district courts the discretion to modify scheduling orders upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The "good cause" inquiry "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163 (9th Cir. 2007) (holding district court abused discretion by denying motion to modify scheduling order to allow plaintiff to depose a "central defense witness," after plaintiff timely noticed the deposition, defendant made multiple requests to delay the deposition, and the deponent failed to appear). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extensions." *Romero v. Los Angeles Cty.*, No. 2:21-cv-03972, 2023 WL 6193005, at *2 (C.D. Cal. Aug. 25, 2023)

For example, in *Romero*, the court granted plaintiff's motion to extend the discovery cutoff to allow plaintiffs to seek "more fulsome discovery responses and possibly file a motion to compel." *Id*. The court found good cause, determining that Plaintiff was diligent—its "counsel persistently followed up with [d]efendants'

counsel to try to ensure that [d]efendants' responses would be provided by the close of fact discovery… ," "[p]laintiffs were 'optimistic that good faith responses w[ould] be provided' in a timely manner such that the parties would not require the Court's intervention" and "[p]laintiffs requested relief only when it realized the identified deadlines could not 'reasonably be met despite the diligence of the party seeking the extension.'" *Id*. Even more so here, Polaris has been diligent, and there is good cause to grant this Motion, for the reasons set forth below.

*First*, on August 19, 2026, the Court ordered SanDisk Corporation and SanDisk Tech to substitute for Western Digital into this Action, materially altering the discovery landscape at the close of the discovery period. Dkt. No. 134. Although SanDisk Corporation, SanDisk Tech, and Western Digital are affiliated entities, this substitution does not eliminate Polaris's need to conduct discovery concerning SanDisk Corporation's and SanDisk Tech's knowledge, documents, witnesses, and role with respect to the accused technology.

On September 1, 2026, following the substitution order, Polaris served a comprehensive Rule 30(b)(6) Notice on SanDisk (with 61 topics ranging from operation of the accused products (Topic Nos. 8-18) to SanDisk's allocation of revenue and costs (Topic No. 50) to SanDisk's awareness of the Asserted Patents (Topic No. 61)) and is currently awaiting SanDisk's identification of witnesses for each topic. Ex. 19, at 12-14, 19. Otherwise, despite having previously served a limited subpoena on SanDisk due to its then role as a non-party, Polaris has had little meaningful opportunity to complete such extensive party discovery on SanDisk before the current deadline, and the remaining compressed schedule has been further complicated by Western Digital's prior delays in document and source code production and the Parties' numerous outstanding depositions. Moreover, while Western Digital awaited the Court's order on substitution, it failed to produce any deposition witnesses in response to a Rule 30(b)(6) notice Polaris served on Western Digital when it was a party.

*Second*, SanDisk's piecemeal and incomplete production has further necessitated an extension of the discovery deadline. Throughout discovery, SanDisk has produced only a limited number of documents, and deficiencies in those productions have repeatedly become apparent upon review. *See supra* section II.b. Polaris diligently and repeatedly brought each of those deficiencies to SanDisk's attention and requested the missing documents. *Id*. SanDisk's typical response has been that it was investigating the requests, but that would inevitably lead to additional delays. *Id*. Polaris would then rely on these representations with the understanding that SanDisk would respond in good faith; however, SanDisk's next production would inevitably include only cherry-picked documents that themselves revealed further gaps in the production. *Id*. This process has repeated throughout discovery, requiring Polaris to continually identify deficiencies and chase down responsive documents, meet and confer with SanDisk, and await additional productions before it can meaningfully complete discovery. *Id*. Under this light, SanDisk's refusal to agree to a short extension without giving any explanation is telling.

Polaris is now being forced to seek the Court's intervention to obtain the discovery to which it is entitled. But given the procedures under Local Rule 37, the motion to compel necessarily will be heard shortly before the current discovery deadline. Thus, even assuming Polaris prevails on its motion to compel, there will be little or no time remaining in the discovery period for SanDisk to complete its production, for Polaris to review the newly produced documents, and for the newly produced documents to be included in the remaining depositions.

This timing is not the result of a lack of diligence by Polaris. *See, e.g.*, *Martinez v. Chaffey Community College Dist.*, No. 5:23-cv-02441-SSS-SPx, 2026 WL 928625, at *1-2 (C.D. Cal. Apr. 2, 2026) (granting motion to extend discovery cutoff for limited purpose of completion of discovery associated with deficient interrogatory responses in part because defendants "relied upon [p]laintiff's representation that supplemented responses would be filed by March 12, 2026" when

cutoff was scheduled for March 27, 2026). To the contrary, Polaris served written discovery back in 2024 and since then (working around the stay in this Action) Polaris has repeatedly raised deficiencies in SanDisk's production, worked to resolve them without Court intervention, and relied on SanDisk's good faith representations that it was addressing Polaris's concerns. It would be inequitable to require Polaris to bear the consequences of SanDisk's delayed and piecemeal production by allowing discovery to close before SanDisk completes its production of responsive documents and Polaris has had a reasonable opportunity to review those documents. In sum, SanDisk should not be permitted to benefit from a discovery process in which its own delayed and incomplete productions and empty promises have consumed the time available for Polaris to complete discovery.

*Third*, the Parties are nearing the close of the discovery period, yet despite having noticed numerous depositions, only three depositions currently have confirmed dates and SanDisk offered dates for additional witnesses just yesterday (September 3). Ex. 13. The Parties are in the process of negotiating based on counsel's availability and logistics. SanDisk has also subpoenaed multiple third-party witnesses, including the inventors, but has yet to schedule dates. *Id.* The requested extension will allow for smoother scheduling of depositions.

**B. The Requested Extension is Narrowly Tailored**

For these reasons, Polaris seeks a narrowly tailored extension of the fact and expert deadlines, as set forth below.

| **Event** | **Current Deadline** | **Proposed Amended Deadline** |
|---|---|---|
| Fact Discovery Cutoff | October 16, 2026 | Written Discovery cut-off˜: October 16, 2026<br><br>˜ All written discovery / document requests / subpoenas served so that responses (with the exception of responses pursuant to any granted motion to compel) |

| Event | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| | | are due by no later than this date.<br><br>Fact deposition cut-off: November 13, 2026 |
| Opening Expert Reports | November 13, 2026* | December 4, 2026 |
| Rebuttal Expert Reports | December 4, 2026* | January 6, 2027 |
| Expert Discovery Cutoff | January 8, 2027 | January 15, 2027 |
| File MSJ or Daubert Motion | January 21, 2027 | No change |
| Opposition to MSJ or Daubert Motion | February 11, 2027 | No change |
| Reply to MSJ or Daubert Motion | February 25, 2027 | No change |
| Hearing Motions | March 15, 2027 | No change |
| File Pretrial Documents | April 23, 2027 | No change |
| Motions in Limine | April 23, 2027 | No change |
| Final Pretrial Conference | May 10, 2027 | No change |
| Oppositions to Motions in Limine | May 12, 2027 | No change |
| Hearing on Motions in Limine | May 24, 2027 | No change |
| Final Trial Exhibit Stipulation | May 27, 2027 | No change |
| Jury Trial | June 1, 2027 | No change |

*Calculated based on the expert discovery cut-off according to the Court's standing order. *See* August 21, 2025 Scheduling and Case Management Order, ¶ 5.d.

Polaris has made only limited prior requests for extension of the deadlines, as stipulations: (1) a stipulation to allow defendants additional time to respond to the complaint; (2) a stipulation to extend the deadline to amend pleadings or add parties; and (3) a stipulation to extend the deadline to meet and confer and submit a Damages Meeting Certification. Dkts. 27, 64, 96. And the Court otherwise modified the Scheduling Order only after lifting the stay in this action (the "Action"). Dkt. 86. This extension request is limited to only what is necessary to allow Polaris to obtain the discovery it seeks, and does not seek to continue any Court filing dates, hearings,

or trial dates. Finally, SanDisk will not suffer undue prejudice if this Motion is granted.

## IV. CONCLUSION

For the reasons above, the Court should grant this Motion.

Dated: September 4, 2026

Respectfully submitted

*/s/ Robert F. Kramer*
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
KRAMER LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
KRAMER LLP
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
KRAMER LLP
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice* forthcoming)
nglauser@kramerllp.com
500 W. 2nd Street, Suite 1900
KRAMER LLP
Austin, TX 78701
Telephone: (212) 363-1492

Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff Polaris PowerLED Technologies, LLC*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned certifies that this submission __ does not use **X** uses generative artificial intelligence. If generative artificial intelligence was used, following drafting, I reviewed, revised, and supplemented all portions of the brief, including those that were informed by the use of Artificial Intelligence or based on prior templates. I independently verified the factual and legal accuracy of the content and confirmed that all arguments and authorities were appropriate to the issues presented.

*/s/ Robert F. Kramer*
Robert F. Kramer

# CERTIFICATE OF SERVICE

I, Robert F. Kramer, hereby declare:

I am over the age of eighteen years and not a party to this action. My business address is 1133 Broadway, Suite 1510, New York, NY 10010.

On September 4, 2026, I caused the foregoing document described as:

**PLAINTIFF'S NOTICE AND MOTION TO MODIFY THE SCHEDULING ORDER AND EXTEND THE DISCOVERY CUTOFF AND EXPERT DEADLINES**

to be served upon the following, at the addresses stated below, via email:

**KEKER, VAN NEST & PETERS LLP**
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC HANSON #254570
ehanson@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

*Attorneys for Defendants SanDisk Corporation and SanDisk Technologies, Inc.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 4, 2026.

*/s/ Robert F. Kramer*
Robert F. Kramer