# EXHIBIT 4

Kenneth G. Parker, SBN 182911
Ken.parker@haynesboone.com
David B. Clark, SBN 275204
David.clark@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
T: (949) 202-3000 | F: (949) 202-3001

Stephanie N. Sivinski*
Stephanie.sivinski@haynesboone.com
Caroline W. Fox*
Caroline.fox@haynesboone.com
Marron E. Frith*
Marron.frith@haynesboone.com
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
T: (214) 651-5000 | F: (214) 651-5940
**Admitted Pro Hac Vice*

Attorneys for Defendants
*WESTERN DIGITAL CORPORATION,*
*WESTERN DIGITAL TECHNOLOGIES, INC.,*
*NEWEGG, INC., ZONES, LLC,*
*AND PRIVATE LABEL PC, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., NEWEGG, INC., ZONES, LLC, AND PRIVATE LABEL PC, LLC,

Defendants,

CASE NO. 2:24-cv-02864-ODW-MAR

**WESTERN DIGITAL CORPORATION AND WESTERN DIGITAL TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF POLARIS POWERLED TECHNOLOGIES, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-28)**

Hon. Otis D. Wright

**RESPONSE TO REQUEST NO. 1:**

Responding Party fully incorporates its General Objections and Qualifications as if specifically set forth herein. Responding Party objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents unlimited as to time. Responding Party will not produce documents outside the statutory damages period. Responding Party further objects to this Request as vague and ambiguous, particularly the use of "relating to" requires Responding Party to speculate as to what falls withing the scope of documents "relating to" the Accused Products, and what falls outside of that scope. Responding Party objects to this Request as overly broad and unduly burdensome to the extent it seeks documents which are not relevant to any claim or defense in this action. In particular, Requesting Party has defined "Accused Products" as including, without limitation, WD Black-branded SSDs, WD Red-branded SSDs, WD Blue-branded SSDs, WD Green-branded SSDs, WD Gold-branded SSDs, WD Blue-branded SSDs, WD Ultrastar SSDs, WD PC-branded SSDs, WD CL-branded SSDs, WD Industrial-branded SSDs, WD My Passport SSDs, SanDisk-branded Portable SSDs, SanDisk-branded Extreme M.2 NVMe PCIe Gen 4.0 Internal SSDs and SanDisk-branded SSD PLUS M.2 NVMe PCIe Gen 3.0 Internal SSDs. However, Requesting Party has failed to provide "a chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality" in accordance with Local Patent Rule 3-1(c). Responding Party objects to this Request to the extent it requests documents "relating to the Accused Products" as it requires Responding Party to speculate about which products are "Accused Products." Responding Party is willing to meet and confer with Requesting Party about Requesting Party's infringement contentions, but at this stage will limit its production to documentation about the WD Black-branded SSDs, which is the only product line included in Requesting Party's infringement contentions.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent Responding Party understands

this request, Responding Party has or will produce relevant and nonprivileged documents that are within its possession, custody, or control and that are located after a reasonable search, should any such documents exist.

**REQUEST NO. 2:**

All documents regarding patent infringement indemnification relating to the Accused Products.

**RESPONSE TO REQUEST NO. 2:**

Responding Party fully incorporates its General Objections and Qualifications as if specifically set forth herein. Responding Party objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents unlimited as to time. Responding Party will not produce documents outside the statutory damages period. Responding Party further objects to this Request as vague and ambiguous, particularly the use of "relating to" requires Responding Party to speculate as to what falls withing the scope of documents "relating to" the Accused Products, and what falls outside of that scope. Responding Party objects to this Request as overly broad and unduly burdensome to the extent it seeks documents which are not relevant to any claim or defense in this action. In particular, Requesting Party has defined "Accused Products" as including, without limitation, WD Black-branded SSDs, WD Red-branded SSDs, WD Blue-branded SSDs, WD Green-branded SSDs, WD Gold-branded SSDs, WD Blue-branded SSDs, WD Ultrastar SSDs, WD PC-branded SSDs, WD CL-branded SSDs, WD Industrial-branded SSDs, WD My Passport SSDs, SanDisk-branded Portable SSDs, SanDisk-branded Extreme M.2 NVMe PCIe Gen 4.0 Internal SSDs and SanDisk-branded SSD PLUS M.2 NVMe PCIe Gen 3.0 Internal SSDs. However, Requesting Party has failed to provide "a chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality" in accordance with Local Patent Rule 3-1(c). Responding Party objects to this request to the extent it requests documents "relating to the Accused Products" as it requires Responding Party to speculate about which

All invention disclosure and patent prosecution Documents related to U.S. Patent No. 9,940,194, including all Documents regarding any Related Application, Related Patent, Foreign Patent Application, and Foreign Patent.

**RESPONSE TO REQUEST NO. 11:**

Responding Party fully incorporates its General Objections and Qualifications as if specifically set forth herein. Responding Party objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity. Responding Party further objects to this Request as vague and ambiguous, particularly the use of “related to” requires Responding Party to speculate as to what falls withing the scope of documents “related to” to U.S. Patent No. 9,940,194, and what falls outside of that scope. Responding Party objects to this Request as overly broad and unduly burdensome to the extent it seeks documents which are not relevant to any claim or defense in this action. Responding Party objects to this Request as unduly overburdensome to the extent it seeks publicly available documents which are equally as accessible to Requesting Party.

Responding Party is willing to meet and confer regarding the subject matter of this Request but will not be producing any documents responsive to this Request at this time.

**REQUEST NO. 12:**

All Documents reflecting the implementation in the Accused Products of those inventions set forth in U.S. Patent No. 10,218,384 (“ECC decoder with multiple decoding modes”), which was issued to Sharon et al. on February 26, 2019, and assigned to SanDisk Technologies LLC.

**RESPONSE TO REQUEST NO. 12:**

Responding Party fully incorporates its General Objections and Qualifications as if specifically set forth herein. Responding Party objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege,

broad and unduly burdensome to the extent it seeks documents which are not relevant to any claim or defense in this action. In particular, Responding Party objects to this request seeking "all … agreements with Panasonic" as seeking documents which are unrelated to the instant case. The overbreadth of this Request seeks to sweep within its scope documents that are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Responding Party is willing to meet and confer regarding the subject matter of this Request but will not be producing any documents responsive to this Request at this time.

Date: November 1, 2024

HAYNES AND BOONE, LLP

*/s/ Marron E. Frith*

Kenneth G. Parker
David B. Clark
Stephanie N. Sivinski
Caroline W. Fox
Marron E. Frith
WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., NEWEGG, INC., ZONES, LLC, AND PRIVATE LABEL PC, LLC.