# EXHIBIT 7

KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC HANSON #254570
ehanson@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
Sandisk Corporation and Sandisk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Sandisk Corporation and Sandisk Technologies, Inc.,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**<br><br>Dept: Courtroom 5D, 5th Floor<br>Judge: Hon. Otis D. Wright II<br><br>Date Filed: April 9, 2024<br><br>Trial Date: June 1, 2027 |

agreements between Viasat and Semtech involving forward error correction technology, including the negotiation, technical scope, economic terms, valuation, allocation, apportionment, or performance of any such agreement; (2) any other license or agreement identified by Viasat or its expert(s), as technically or economically comparable to the patents or technology asserted in that action; (3) testimony, declarations, affidavits, witness statements, deposition transcripts, and exhibits from any inventor or other Person involved in negotiating, evaluating, administering, or performing under the Semtech agreement; and (4) expert reports, disclosures, declarations, testimony, or analyses addressing or concerning the technical or economic comparability of the Semtech agreement or any other agreement identified as comparable, together with the documents and data cited, relied upon, or considered in connection with those analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party incorporates its General Objections and Qualifications as set forth above. Responding Party further objects to this Request on the following grounds: (1) it is overly broad and unduly burdensome, as it seeks a broad set of documents relating to a separate litigation, which encompasses irrelevant information and is not proportional to the needs of this case; (2) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege; (3) it is not reasonably limited to a time period relevant to this litigation; (4) it is vague and ambiguous, at least with regards to “concerning,” “involving,” “technically or economically comparable,” and “addressing”; (5) it seeks information irrelevant to any claims or defenses in this litigation; (6) it seeks confidential, proprietary, and/or trade secret information; and (7) it seeks documents from a separate litigation that are subject to protective orders in that case.

Subject to and without waiving the foregoing General and Specific

Objections, Responding Party responds as follows: Responding Party declines to produce documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 30:**

All deposition transcripts (including transcripts of depositions taken pursuant to Fed. R. Civ. P. 30(b)(6)), together with exhibits thereto, in *Viasat, Inc. v. Sandisk Technologies, Inc. et al.*, Case No. 6:21-cv-01230-ADA (W.D. Tex.), concerning the identification, design, operation, naming, or marketing of any Controller IC or any Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party incorporates its General Objections and Qualifications as set forth above. Responding Party further objects to this Request on the following grounds: (1) it is overly broad and unduly burdensome, as it seeks "all deposition transcripts" from a separate litigation, which encompasses irrelevant information and is not proportional to the needs of this case; (2) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege; (3) it is not reasonably limited to a time period relevant to this litigation; (4) it is vague and ambiguous, at least with regards to "concerning," "identification," "design," "operation," "naming," and "marketing"; (5) it seeks information irrelevant to any claims or defenses in this litigation; (6) it seeks confidential, proprietary, and/or trade secret information; and (7) it seeks documents from a separate litigation that are subject to protective orders in that case.

Subject to and without waiving the foregoing General and Specific Objections, Responding Party responds as follows: Responding Party declines to produce documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and things related to the development, implementation, or use of the Accused Products, including any business plans, marketing plans,

budgets, forecasts, strategic marketing or planning reports, internal planning memoranda, feasibility studies, consumer or focus group studies/surveys, internal investment analysis, capital investment analysis or approvals, valuation, or analysis of the expected cost and benefit that led to or related to the introduction of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party incorporates its General Objections and Qualifications as set forth above. Responding Party further objects to this Request on the following grounds: (1) it is overly broad and unduly burdensome, as it seeks "all documents and things related to" a broad range of issues, which is not proportional to the needs of this case; (2) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege; (3) it is not reasonably limited to a time period relevant to this litigation; (4) it is vague and ambiguous, at least with regards to "development," "implementation," "use," "related to," "business plans," "marketing plans," "budgets," "forecasts," "strategic marketing or planning reports," "internal planning memoranda," "feasibility studies," "consumer or focus group studies/surveys," "internal investment analysis," "capital investment analysis or approvals," "valuation," "analysis of the expected cost and benefit," and "led to"; (5) it seeks confidential, proprietary, and/or trade secret information; and (6) it seeks information irrelevant to any claims or defenses in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Responding Party responds as follows: Responding Party has produced documents sufficient to show business plans and marketing plans related to the accused products and responsive to this Request. Responsive documents produced to date include: WDTECH00000001-WDTECH00000062, WDTECH00000070, WDTECH00002986, WDTECH00009871–WDTECH00009967, WDTECH00018413 - WDTECH00019724. Responding Party reserves the right to

supplement its response after a reasonable investigation, and in accordance with the Court's schedule.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and things related to any plan(s) to monetize or otherwise derive value from the Accused Products, including the bases by which the Accused Products are priced, sold, leased or rented to customers, and any forecasts, estimates, or projections related to such monetization or cost savings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party incorporates its General Objections and Qualifications as set forth above. Responding Party further objects to this Request on the following grounds: (1) it is overly broad and unduly burdensome, as it seeks "all documents and things related to" the enumerated issues, which is not proportional to the needs of this case; (2) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege; (3) it is not reasonably limited to a time period relevant to this litigation; (4) it is vague and ambiguous, at least with regards to "related to," "monetize or otherwise derive value from," "forecasts," "estimates," and "projections"; (5) it seeks confidential, proprietary, and/or trade secret information; and (6) it seeks information irrelevant to any claims or defenses in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Responding Party responds as follows: Responding Party has produced documents sufficient to show business plans and marketing plans related to the accused products and responsive to this Request. Responsive documents produced to date include: WDTECH00000001-WDTECH00000062, WDTECH00000070, WDTECH00002986, WDTECH00009871–WDTECH00009967, WDTECH00018413 - WDTECH00019724. Responding Party reserves the right to supplement its response after a reasonable investigation, and in accordance with the

litigation; and (5) to the extent it seeks documents or information that are not maintained in the ordinary course of business and would require Responding Party to create new documents, compilations, analyses, summaries, or reports that do not presently exist.

Subject to and without waiving the foregoing General and Specific Objections, Responding Party responds as follows: Responding Party has produced documents sufficient to show the controller incorporated in each accused product (*see* WDTECH00022916) and sufficient to show the net units sold and net revenue associated with each accused product (*see* WDTECH00022918). Responding Party reserves the right to supplement its response after a reasonable investigation, and in accordance with the Court's schedule.

Dated: August 31, 2026

KEKER, VAN NEST & PETERS LLP

By: *s/ Amrutha Dorai*

RYAN K. WONG
ERIN E. MEYER
ERIC HANSON
ASEEM MEHTA
AMRUTHA DORAI

Attorneys for Defendants
Sandisk Corporation and Sandisk Technologies, Inc.