# EXHIBIT 9

KramerAlberti

**HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY**

Jeremiah A. Armstrong
jarmstrong@krameralberti.com
**Kramer Alberti Lim & Tonkovich LLP**
950 Tower Lane, Suite 1725
Foster City, California 94404
T: 650.825.4300
F: 650.460.8443

May 30, 2025

*VIA EMAIL*

Marron E. Frith
Haynes and Boone, LLP
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Marron.Frith@haynesboone.com

Re: *Polaris PowerLED Technologies, LLC v. Western Digital Corporation et al.,* Case No. 2:24-cv-02864 (C.D. Cal.)

Dear Marron:

We write on behalf of Polaris PowerLED Technologies, LLC to address ongoing deficiencies in Western Digital's discovery responses and document production.

## I. Western Digital's Deficient Responses to Polaris' Requests for Production

As discussed in your letter of November 1, 2024, due to a dispute between the parties regarding Polaris' infringement contentions served October 3, 2024, Western Digital originally limited its discovery responses to WD Black-branded SSDs. Polaris disagreed with Western Digital's assertion that Polaris' infringement contentions were deficient, as detailed in my letter of November 6, 2024. Without conceding any deficiencies, however, Polaris provided Western Digital with proposed amended infringement contentions on January 13, 2025.

Western Digital acknowledged that the proposed amended contentions addressed its concerns but conditioned its agreement to Polaris' service of these contentions on Polaris allowing Western Digital to serve amended invalidity contentions. Western Digital claimed its December 2024 invalidity contentions inadvertently omitted certain details and sought to amend them. After negotiations, the parties reached an agreement and submitted a stipulation to the Court on February 3, 2025. That same day, the Court approved the stipulation, permitting both Polaris' amended infringement contentions and Western Digital's amended invalidity contentions.

As noted in my letter of November 6, 2024, Western Digital's November 11, 2024 objections to Polaris' first set of requests for production reflected (and still stand as reflecting) its position that Western Digital's infringement contentions are deficient. In its objection to



Kramer Alberti Lim & Tonkovich LLP
950 Tower Lane, Suite 1725 • Foster City, CA 94404
650.825.4300 • 650.460.8443 fax

KramerAlberti

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Polaris' definition of "Accused Product(s)," Western Digital states that it "objects to providing documents about any product other than Western Digital's Black-branded SSDs, which was sufficiently included in Polaris' Infringement Contentions," and "will not provide documents about 'any other Western Digital and/or SanDisk branded SSD products that comprise analogous structures and functions and/or support NVMe.' " My letter of November 6, 2024 requested that Western Digital amend its responses. Now that the sufficiency of Polaris' infringement contentions is no longer in dispute, Western Digital must immediately amend its objections to Polaris' requests for production.

In addition to amending its objections, Western Digital must also of course immediately provide responsive documents on the full scope of products, as set forth in the definition of Accused Instrumentalities in Polaris' infringement contentions.

Additionally, Western Digital's document production is deficient even to meet the requests as interpreted with the narrow definition of Accused Products it observed in its November 11, 2024 objections. Western Digital has not produced documents that disclose the structure, function and operation of the controllers that Western Digital's interrogatory responses identify as relevant to WD Black SSDs. As discussed in the interrogatory section of this letter, below, Western Digital's response to Plaintiff's Interrogatory No. 1 identifies [redacted] as the controllers included in WD Black SSDs.

Western Digital has to date, however, produced no technical documentation regarding [redacted] controllers. Western Digital has clearly, therefore, not produced sufficient documentation on [redacted] controllers. While it appears that Western Digital may have [redacted], Western Digital must still produce technical documentation that it has regarding these controllers within its possession, custody, and control. Such documents regarding relevant controllers must be produced immediately in addition to responsive technical documentation for the controllers associated with all other products encompassed by the definition of the Accused Instrumentalities.

Additionally, Polaris has reviewed Western Digital's productions through its production produced on May 9, 2025. Polaris has not located any documents responsive to Requests for Production Nos. 18, 20, 21, 22, or 23. Your responses indicated that you would produce documents responsive to these requests, subject to your objections. You also stated in your email of April 4, 2025 that you would keep the damages contentions deadline in mind as you worked to produce documents. Therefore, we ask that you promptly produce these materials, given that Polaris served its damages contentions on May 23, 2025.

## II. Western Digital's Deficient Interrogatory Responses

Western Digital's November 22, 2024 responses to Polaris' first set of interrogatories reflected (and still stand as reflecting) its position that Western Digital's infringement contentions are deficient. In its objection to Polaris' definition of "Accused Product(s)," which was apparently cut and pasted from its responses to Polaris' document requests, Western Digital states it "objects to providing documents about any product other than Western Digital's Black-branded SSDs, which was sufficiently included in Polaris' Infringement Contentions," and "will not provide



Kramer Alberti Lim & Tonkovich LLP
950 Tower Lane, Suite 1725 • Foster City, CA 94404
650.825.4300 • 650.460.8443 fax

KramerAlberti

**HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY**

documents about 'any other Western Digital and/or SanDisk branded SSD products that comprise analogous structures and functions and/or support NVMe.' " We understand that to mean that Western Digital provided interrogatory responses interpreting the term "Accused Product(s)" to mean only "Western Digital's Black-branded SSDs." As with its responses to Polaris' document requests, Western Digital must now immediately amend its objections to Polaris' interrogatories.

Western Digital must now also immediately amend its interrogatory responses to encompass the full scope of products, as set forth in the definition of Accused Instrumentalities in Polaris' infringement contentions.

We must also note that Polaris disagrees with Western Digital's position that Polaris' interrogatories are compound and therefore improperly formed so that each element of information requested should be treated as a separate interrogatory. We intend to bring the issue to the Court if and when this becomes a problem in the future.

Polaris has spent a significant amount of time analyzing the documents Western Digital produced to date. The Excel spreadsheet produced at WDTECH00009477 lists the gross and net revenues for accused products on a product-by-product basis, with each product identified by an SKU number [redacted]. [redacted]

We have learned that mechanisms relevant to the '968 patent appear to be described in the [redacted] (*see*, *e.g.*, WDTECH00005865 at 5887, 5890, 6042), [redacted] c (*see*, *e.g.*, WDTECH00005865 at 5888, 5890, 6057). [redacted]

Additionally, while, Western Digital in its response to Polaris' Interrogatory No. 1 listed [redacted] as controllers used in the accused WD Black SSDs, the documents produced indicate that this is not a complete list of controllers for WD Black SSDs. WD Black products include [redacted]



Kramer Alberti Lim & Tonkovich LLP
950 Tower Lane, Suite 1725 • Foster City, CA 94404
650.825.4300 • 650.460.8443 fax

KramerAlberti



Controllers beyond those listed by Western Digital in its interrogatory response that are associated with those products include [redacted]. [redacted] WDTECH00000667. Additionally, a given product can use different controllers over the course of the product's life cycle. [redacted]

Since at this point Polaris expects to prove infringement for the controller of each accused product, absent some agreement regarding representative products (a prospect which Polaris is open to discussing), Polaris will need documentation on the controllers of all the accused products. We will also require a way of matching those controllers with the SKU numbers of the accused products in order to calculate the damages associated with each infringement analysis. Additionally, Polaris will require a way to match those products to their platforms, since some documents produced are keyed to platforms and not particular products or controllers. [redacted]

For these reasons, and to address your objections regarding vagueness of terms used in our interrogatories, we clarify our need for the information set out in the discussion of the individual interrogatories, below. Please immediately remedy the deficiencies with Defendants' responses to the Plaintiff's Interrogatories:

As for Interrogatory No. 1, as discussed above, neither Western Digital's Interrogatory responses, nor the produced documents sufficiently relate the listed controllers to specific WD Black SKUs. And, of course, the interrogatory responses and documents similarly fail to relate controllers to SKUs of any of the other products included in the full scope of "Accused Instrumentalities" Western Digital now recognizes. For this reason and those discussed above, Western Digital must supplement its response to provide, using the chart attached at Exhibit A, all relevant SSD model numbers (SKUs) and for each SKU provide all relevant external model names, [redacted] and all relevant internal model names, [redacted] a shippable-by date, and (if any) an obsolescence date.

Interrogatory No. 3 requires Western Digital to identify, using the chart attached at Exhibit C, for each Accused Product, information including "the name and model number of each Accused Product; "the identity including the manufacturer and model number or part number of any controller chip(s) in that Accused Product;" In its response, Western Digital objects to Polaris' request "to identify the model number or part number of any controller chip(s) in the Accused Product(s) as unduly burdensome." For the reasons stated above, however, that information is necessary to Polaris' analysis.

In its response to Interrogatory No. 3, Western Digital stated that "[t]echnical information relevant to the Asserted Claims is likely to refer to the name of the controller included in the Accused Products ...." While Western Digital recognizes the value of the requested information,

KramerAlberti



it has failed to provide it, even with regard to the WD Black SSDs it admitted were sufficiently included in Polaris' Infringement Contentions at the time the responses were served.

While Western Digital's response states it [redacted] its response to Interrogatory No. 1 does not identify the controller included in each Accused Product. Western Digital's response merely identifies [redacted] as controllers that are or have been included in WD Black SSDs generally. It then lists [redacted] of WD Black SSDs without any identification of which controller each SKU includes. Even its list of controllers is incomplete. As discussed above, WD Black products include [redacted] controllers.

While Western Digital also invokes Fed. R. Civ. P. 33(d) to identify documents in Bates range WDTECH00000003-WDTECH00000028 "as containing information potentially responsive," these documents do not relate SKU numbers to controllers.

For the reasons stated above, among the other things listed in Polaris' Interrogatories, Western Digital must now produce information sufficient to identify—keyed by product SKU number—whether the product supports NVMe, including the version of NVMe supported; the identity of the included controller(s) [redacted] the internal designations for such hardware, including the platform to which such controllers belong [redacted]; the manufacturer of the controller chip; and the software/firmware information requested in the interrogatory.

## III. Western Digital License Agreements

We understand that Western Digital recently executed a settlement agreement in *MR Technologies GmbH v. Western Digital Technologies, Inc.*, No. 8:22-cv-01599-JVS-DFM (C.D. Cal.). Please promptly produce that agreement and all licenses related thereto.

* * *

Polaris demands that Western Digital provide amended interrogatory responses and a document production that includes responsive documents on the full scope of products, as set forth in the definition of Accused Instrumentalities in Polaris' current contentions. Please confirm by **June 3, 2025**, that Western Digital will do so. Otherwise, please provide your availability for a meet and confer to discuss this issue during a meet and confer to occur the week of **June 2, 2025**, so that we can promptly raise it with the Court.

Sincerely,

/s/ Jeremiah A. Armstrong