# EXHIBIT 10

KramerAlberti

Jeremiah A. Armstrong
jarmstrong@krameralberti.com
**Kramer Alberti Lim & Tonkovich LLP**
950 Tower Lane, Suite 1725
Foster City, California 94404
T: 650.825.4300
F: 650.460.8443

June 23, 2025

*VIA EMAIL*

Marron E. Frith
Haynes and Boone, LLP
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Marron.Frith@haynesboone.com

Re: *Polaris PowerLED Technologies, LLC v. Western Digital Corporation et al.*, Case No. 2:24-cv-02864 (C.D. Cal.)

Dear Marron:

This letter addresses several outstanding issues regarding Western Digital's discovery responses and document production in the above-referenced case. We ask that the information set forth below be provided in the supplementation Western Digital intends to provide by June 26, 2025, as indicated in your June 17 email. Otherwise, we ask for a meet and confer to discuss these ongoing deficiencies.

I. <u>Supplemental and Amended Responses to Requests for Production, Interrogatory Responses, and Initial Disclosures</u>

Thank you for confirming in your email of June 17, 2025, that Defendants will provide amended and/or supplemental responses to Polaris' interrogatories no later than June 26, 2025. We have reviewed the third-party supplier agreements Western Digital produced. We expect the new interrogatory responses to identify all controllers manufactured by at least the third parties Western Digital's current production has made us aware of, namely [redacted] *See* POLARIS_WD00003645 at 3646.

We expect Western Digital's responses will include information for the following controllers:

[redacted]

KramerAlberti

[redacted]

Kramer Alberti Lim & Tonkovich LLP
950 Tower Lane, Suite 1725 • Foster City, CA 94404
650.825.4300 • 650.460.8443 fax

KramerAlberti

[redacted]

II. Third-Party Supplier Agreements

In Western Digital's document production of May 5, 2025, starting with WDTECH00009478, Defendants produced excerpts and portions of numerous contracts. These documents appear to be incomplete.

Specifically, the following:

- [redacted] produced at WDTECH00009650 was provided without the attached controller datasheet referred to at WDTECH00009655. It was also produced without Attachment A, [redacted] referred to at WDTECH00009657. Furthermore, pages WDTECH00009710-9714 are illegible. Please reproduce these illegible pages along with the Excel files referenced within them.

- The document produced at WDTECH00009531 consists of a single page, which appears to be merely the cover page for [redacted].

Polaris requires that responsive contracts be produced in their entirety. This includes all related documents such as concurrently made and subsequent award letters, exhibits, attachments, statements of work, and related binding letters of intent. This is particularly crucial given the ongoing dispute between the parties regarding Western Digital's access to, and capacity to request, technical documents and information concerning the relevant third-party generated components and products.

III. Scope of Accused Products for Polaris' Damages Contentions

In Western Digital's letter of June 10, 2025, concerning Polaris' Damages Contentions, Defendants stated "Polaris's royalty base should be restricted, at least, to only those Western Digital NVMe SSD products which Polaris has accused of infringement, not all products

KramerAlberti

that 'employ NVMe technology.'" However, Polaris' Infringement Contentions accuse "all Western Digital and SanDisk solid-state drive ("SSD") products made, offered for sale, sold, imported or used in the United States from 2018 through the date of trial (and thereafter through the date of expiration of the Asserted Patents)," which encompasses both NVMe devices and non-NVMe devices such as SATA devices.

To the extent Western Digital asserts that the Excel spreadsheet produced at WDTECH00009477 includes responsive information on all Accused Instrumentalities and was not limited to WD Black-branded drives, that assertion does not appear to be accurate. The file does not mention several accused products at all. For instance, there is no mention in the file of accused [redacted] Therefore, please promptly provide supplementation.

* * *

We are available to meet and confer on these issues this week.

Sincerely,

*/s/ Jeremiah A. Armstrong*