# EXHIBIT 18

kramer

Rachael Chan | Counsel
Direct: +1 (212) 835-6771
rchan@kramerllp.com

August 28, 2026

VIA EMAIL

Aseem Mehta
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

**Re: *Polaris PowerLED Technologies, LLC v. Western Digital Corporation et al.*, Case No. 2:24-cv-02864 (C.D. Cal.)**

Dear Mr. Mehta:

We write pursuant to Central District of California Local Rule 37-1 regarding a forthcoming motion to compel by Polaris. As you know, for more than a year, Polaris has diligently sent emails and letters to Western Digital and SanDisk (collectively, "SanDisk") following up on its document production, source code production, and interrogatory responses. Despite this diligence, there are still major deficiencies in SanDisk's document and source code production and discovery responses.

Polaris identifies the following categories, discussed further below, where SanDisk's production and responses remain deficient, and Polaris intends to move to compel:

- **Category 1**: Source Code Production
- **Category 2**: Hardware Schematic Documents, like WDTECH0009433
- **Category 3**: Internally Referenced Technical Documentation
- **Category 4**: Updated Versions of Technical Documents
- **Category 5**: Third Party Controller Supplier Agreements
- **Category 6**: Inadequate Responses to Interrogatories
- **Category 7**: Controller-Family Document Sets
- **Category 8**: Reproduction of Non-Source Code Documents on the Source Code Computer, and Production of Internally Referenced Documents

Please provide days and times that you are available in the next week for the L.R. 37-1 Prefiling Conference of Counsel, to meet and confer on these issues.

## I. Category 1: Source Code Production

As Polaris called to your attention via letter on August 21, and further explained via email on August 26, 2026, SanDisk's source code production is incomplete. In particular, it appears significant portions of the folder structures and files from the source code were improperly omitted from the source code production, hindering Polaris's experts' source code review. For example,

SanDisk's document production at WDTECH00000346 shows the code directory structure for the [redacted]; however, the code produced on the review computer was missing the following folders from that structure, which appear would contain highly relevant information on the source code as a whole [redacted]

[redacted]

As another example, while it appears some source code files were produced under the [redacted] folders, the files under [redacted] also appear to be partially produced and improperly pruned. For example, [redacted] has only a few files in each of only the [redacted] when it appears that a substantially larger amount of files should have been in those folders.

Moreover, the asserted claims relate to both the hardware that makes up the accused products, and the functionality of those products. Yet the produced firmware [redacted] files) are exclusively firmware. Given the number of different accused product families and controllers therein, the production of documents and/or hardware description language [redacted] files produced is not consistent with a complete disclosure of the hardware component of the accused products.

The complete source code is critical to Polaris's claims, and proportional to the needs in this Action. FRCP 26(b)(2)(B). SanDisk must produce it, pursuant to its discovery obligations under the Northern District of California Patent Local Rule 3-4(a), which are incorporated into Judge Wright's rules. Omission of the complete source code has prejudiced Polaris's source code review, leading to wasted time by Polaris's source code reviewers. Changes to the organization of these files causes a ripple effect of problems throughout the source code, given the interconnectedness and interdependence of source code files. SanDisk is obligated to produce the relevant source code as it exists and was organized in the regular course of business, and is not permitted to pick and choose what subfolders of a code set it produces. FRCP 34(b)(2)(E); *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584 (C.D. Cal. 2011) ("the requirements set forth in Rule 34(b)(2)(E)(i) regarding the organization of discovery productions apply to

[1] To the extent the [redacted] directories contain descriptive documents regarding the accused products (similar to those described below in Category 8), rather than source code, SanDisk must also produce these files as Bates-stamped copies.

productions of both traditional hard copy documents and ESI"); *see also, e.g.*, *Frontier Commc'ns Corp. v. Google Inc.*, No. CV 10-545-GMS, 2014 WL 12606321, at *6 (D. Del. Feb. 3, 2014) (rejecting the piecemeal approach for production of defendant's source code advocated for by defendant, and ordering production of defendant's entire source code, because "a piecemeal approach to the dispute limit[ed the requesting party's] ability to evaluate and understand the source code in a broader context").

Polaris therefore intends to ask the Court to order SanDisk to produce the complete source code for each relevant controller, including the files that appear to have been omitted.

## II. <u>Category 2: Hardware Schematic Documents, like WDTECH0009433</u>

SanDisk has produced technical documentation that appears to be highly relevant to Polaris's claims, but only for limited controllers. For example, WDTECH0009433 appears to [redacted]. The top level diagram contained in the document shows [redacted] Then, WDTECH0009434 shows [redacted]. But SanDisk has failed to produce any documentation about [redacted] that we expect would be provided by the IP vendors that describes exactly what [redacted] The documents contain no indication of which document they apparently part of, or which controller or platform.

WDTECH0009433, and any other documents like it relating to any controllers at issue, are key to Polaris's claims and part of SanDisk's discovery obligations pursuant to P.L.R. 3-4(a). They are also responsive to at least RFP Nos. 7 and 8. But documents like this are missing in SanDisk's production for most relevant controllers.

Polaris therefore intends to ask the Court to order SanDisk to produce all documents like WDTECH0009433 for all relevant controllers, and all documents attached to, related to, incorporating, citing, or referencing documents of this type, for all controllers.

## III. <u>Category 3: Internally Referenced Technical Documentation</u>

SanDisk must produce certain documents which were expressly referenced by name in technical documents in SanDisk's production. These missing documents appear to be highly relevant to Polaris's claims for infringement and proportional to the needs of this Action. SanDisk has an obligation to produce these documents under P.L.R. 3-4(a). And separately, these documents are responsive to at least Polaris's Request Nos. 7 and 8.

On August 21, 2026, we sent a letter identifying these documents by name and requesting that they be produced. On August 25, you responded stating that SanDisk would "produce responsive, non-privileged documents, to the extent they exist and can be located," but no date certain was provided for the completion of that production.

Appendix A to this letter identifies these documents, whose names suggest they are highly relevant. For example, several documents refer to [redacted] – which are controllers in the accused products. Polaris's request for these documents is not based on speculation; indeed, SanDisk cannot dispute the existence of these documents, and the Court will order their production. *See, e.g.*, *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST (SK), 2018 WL 5735176, at *1 (N.D. Cal. Sept. 17, 2018) (ordering production of documents referenced in hyperlinks for 200 documents chosen by plaintiffs).

We appreciate your August 25 agreement to produce the Category 3 documents and are including this item in this letter to preserve Polaris's rights in light of the impending discovery deadline. Given that Polaris has already provided the specific names of these documents, we see no reason for any delay in ensuring all of the documents listed are produced. We also note that since providing SanDisk with the list of missing documents in Appendix A, more recent productions continue to reference clearly relevant documents that have not been produced. For example, in addition to a number of relevant referenced documents, WDTECH00021082 references [redacted] (*see* WDTECH00021212). This type of document should have been produced long ago, yet Polaris must continue to ask for documents that are indisputably relevant. We hope that SanDisk will produce all of the remaining documents listed in Appendix A, as well as any other relevant technical documents (referenced or not) so that a motion to compel on this issue is unnecessary.

Without their complete production, Polaris will file a motion to compel production of the documents listed in Appendix A that have not been produced.

## IV. <u>Category 4: Updated Versions of Technical Documents</u>

SanDisk has also failed to produce more recent versions of certain relevant technical documents that it has already produced. Similar to Category 3, Polaris raised this issue in its August 21 letter, identifying Bates numbers and their latest versions produced. These documents, listed in Appendix B, are clearly relevant (by nature of their inclusion in SanDisk's production) and the versions requested are within the relevant time period. SanDisk has an obligation to produce these documents under P.L.R. 3-4, and they are responsive to at least Polaris's Request Nos. 7 and 8. We are including this item in this letter to preserve Polaris's rights, but since they were included in your August 25 response agreeing to supplement the production, we hope that

the issue will ultimately be resolved through supplementation of SanDisk's production prior to any motion to compel being filed.

If the documents are not produced, Polaris will move to compel production of later versions of the documents in Appendix B, from the last produced version to the present.

## V. Category 5: Third Party Controller Supplier Agreements

SanDisk has produced incomplete or illegible versions of agreements with third-party controller suppliers, and must update its production to include these documents. Polaris raised this issue with SanDisk in a June 23, 2025 letter. SanDisk responded on February 13, 2026 that it would produce the requested documents if it could locate them, but SanDisk has still not done so.

Specifically, SanDisk's production of third party agreements, which are responsive to RFP Nos. 1, 4, and 8, is missing complete versions of several documents, or contains pages that are illegible. For example, at WDTECH00009650, SanDisk produced a [redacted] without the [redacted] referenced at WDTECH00009655 or [redacted] referred to at WDTECH00009657). As another example, SanDisk produced pages from WDTECH00009710-9714, but these pages are illegible. Finally, the document produced at WDTECH00009531 consists of a single page. These supplier agreements are responsive to RFP Nos. 1, 4, and 8, and bear directly on the structure and operation of the accused controllers and on damages. Rule 34 requires production of documents as they are kept in the usual course of business — complete, legible, and with their attachments. Fed. R. Civ. P. 34(b)(2)(E).

Polaris thus intends to ask the Court to order SanDisk to produce each responsive supplier agreement in its entirety — including all exhibits, attachments, statements of work, award letters, and related binding letters of intent, and legible versions of WDTECH00009710–WDTECH00009714.

## VI. Category 6: Inadequate Responses to Interrogatories

SanDisk's responses to Interrogatory Nos. 1, 3, 4, and 5 are incomplete and must be supplemented. These interrogatories generally seek basic information about the accused SSD products: the product groups accused and by what model names and numbers (No. 1), what firmware and software each utilize (No. 3), the technical documents that describe the product groups accused (No. 4), and the quarterly revenues and costs generated by these product groups (No. 5). Each is plainly relevant and proportional under Fed. R. Civ. P. 26(b)(1): the identification interrogatories reflect the scope of the case, and quarterly revenue and cost data directly relate to Polaris's damages case under 35 U.S.C. § 284. SanDisk initially provided limited responses to these interrogatories, but then Polaris amended its infringement contentions to accuse additional SSD products. On February 13, 2026, Polaris seemed to acknowledge this

and agreed that it would supplement its responses "to reflect additional Accused Products." SanDisk served supplemental responses on April 30 and August 21, 2026, but these responses are still deficient. For example, the [redacted] identifiers appearing in SanDisk's own production at WDTECH00009971–WDTECH00009972 do not overlap with the [redacted] identifiers appearing in the revenue data produced at WDTECH00009969–WDTECH00009970, which provides for the [redacted] SanDisk has already provided, and yet this information cannot be reconciled between these documents.

Furthermore, last week SanDisk promised to provide updated excel spreadsheets aligning controller SKUs with accused products[2]; however, it has not yet done so.

An evasive or incomplete answer, like SanDisk's "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). A party electing to answer an interrogatory by reference to business records under Rule 33(d) must specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).

Polaris will thus ask the Court to order SanDisk to: (1) serve further complete responses to Interrogatory Nos. 1, 3, 4, and 5, covering all accused SSD products; and (2) provide updated documentation matching up controllers with accused products.

## VII. <u>Category 7: Controller-Family Document Sets</u>

SanDisk has failed to produce complete controller-family document sets. On May 21, 2026, Polaris by letter identified twelve categories of [redacted] documents from SanDisk's production that reference other relevant documents, included in this letter at Appendix C. Polaris requested production of a complete document set for the [redacted] controller family and for the other [redacted] [redacted] appearing in SanDisk's produced spreadsheets at WDTECH00009968–WDTECH00009970 (identified examples included at Appendix D: [redacted] SanDisk has not done so.

These documents are squarely within SanDisk's Patent L.R. 3-4(a) obligation to produce documentation "sufficient to show the operation of any aspects or elements of an Accused Instrumentality," and within its Rule 34 obligations. Where a produced document set expressly references other documents, those referenced documents exist and must be produced. *See, e.g.*, *Shenwick*, 2018 WL 5735176, at *1. To the extent SanDisk claims any produced documents from one controller set is applicable for a different controller set, please identify those documents by bates number and indicate which controller sets are covered by those same documents.

---

[2] This information is also responsive to Polaris's Request No. 47.

Accordingly, Polaris intends to ask the Court to order SanDisk to produce complete document sets for the [redacted] controller family and for each of the fifteen additional controller codenames identified in Appendix D.

## VIII. Category 8: Reproduction of Non-Source Code Documents on the Source Code Computer, and Production of Internally Referenced Documents

On July 8, Polaris brought it to SanDisk's attention that there were issues with two sets of documents identified during the source code review. As to the first set of documents, SanDisk had placed on the source code review computer ordinary design documents (not otherwise produced in discovery) that appeared to be highly relevant to Polaris's claims, and proportional to the needs of this Action. Because the failure to produce these documents as normal, appropriately designated Bates-stamped documents prevented Polaris from obtaining, citing, or working with the documents, Polaris requested that SanDisk re-produce these documents as Bates-stamped documents, but SanDisk has not done so.

For the second set of documents, Polaris requested production of 42 documents identified in the letter by name and where possible by repository location. SanDisk appears to have produced some of the original 42 identified documents, but Polaris has been unable to locate certain other documents from the list. The remaining missing documents are listed in Appendix E. These design documents are critical to Polaris's claims, and in particular "to show the operation" of the accused products; therefore, they must be produced under SanDisk's discovery obligations pursuant to P.L.R. 3-4(a).

Thus, Polaris intends to ask the Court to order SanDisk to: (1) re-produce all files made available as part of the source code production that are not source code files, as Bates-stamped documents in the regular document production under an appropriate confidentiality designation; and (2) produce the documents listed in Appendix E.

Sincerely,

*/s/ Rachael Chan*

Rachael Chan

**APPENDIX A**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

## APPENDIX B

| Bates Number | Latest Version Produced |
|---|---|
| WDTECH00000699 | [redacted] |
| WDTECH00000716 | |
| WDTECH00002873 | |
| WDTECH00005778 | |
| WDTECH00006114 | |
| WDTECH00006267 | |
| WDTECH00006360 | |
| WDTECH00006402 | |
| WDTECH00006886 | |
| WDTECH00009013 | |
| WDTECH00009089 | |
| WDTECH00009184 | |
| WDTECH00009230 | |
| WDTECH00009258 | |
| WDTECH00009357 | |
| WDTECH00011135 | |
| WDTECH00011164 | |
| WDTECH00011245 | |
| WDTECH00011558 | |
| WDTECH00011653 | |
| WDTECH00011677 | |
| WDTECH00011835 | |
| WDTECH00012130 | |
| WDTECH00012934 | |
| WDTECH00012966 | |
| WDTECH00013439 | |
| WDTECH00013463 | |
| WDTECH00013506 | |
| WDTECH00013580 | |
| WDTECH00016462 | |

**APPENDIX C**

[redacted]

**APPENDIX D**

[redacted]

**APPENDIX E**

[redacted]