# EXHIBIT 19

KRAMER LLP
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson
rmattson@kramerllp.com
Jeffrey Ahdoot (pro hac vice)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice* forthcoming)
nglauser@kramerllp.com
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br>Plaintiff,<br>v.<br>SANDISK CORPORATION AND SANDISK TECHNOLOGIES, INC.,<br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION OF SANDISK CORPORATION AND SANDISK TECHNOLOGIES, INC.** |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Polaris PowerLED Technologies, LLC ("Polaris" or "Plaintiff") shall take the oral deposition of Defendants SanDisk Corporation and SanDisk Technologies, Inc. (collectively, "SanDisk" or "Defendants") on September 17, 2026, starting at 9:00 a.m. local time, or at another date and time mutually agreed-upon by the parties. The deposition will be facilitated by a qualified, certified shorthand reporter or other officer authorized by law to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure.

The deposition will be recorded using stenographic, audiovisual and/or real-time computer means, and the option for a real-time transcription service may be utilized. The deposition will be conducted before an officer authorized to administer oaths and will continue day-to-day, weekends and legal holidays excluded, until completed, or according to a schedule mutually agreed upon by the parties in advance of the appearance date. The deposition will be taken for the purposes of discovery and all other purposes permitted by the Federal Rules of Civil Procedure.

The deposition will be taken by or through one or more of SanDisk's officers, directors, managing agents, employees, and/or other such persons as are most qualified, knowledgeable, and competent to testify on SanDisk's behalf as to all matters known or reasonably available to them regarding the document and source code topics set forth in Exhibit A attached hereto. At least one week prior to the deposition, SanDisk is requested to designate in writing to Polaris the name(s) of the person(s) who will testify on their behalf concerning the subject matter set forth in Exhibit A, and for each such written designation, the deposition topic(s) on which each person will testify.

Respectfully submitted,

Dated: September 1, 2026

By: */s/ Jeffrey D. Ahdoot*

Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey D. Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice* forthcoming)
nglauser@kramerllp.com
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

Attorneys for Plaintiff
POLARIS POWERLED
TECHNOLOGIES, LLC

# CERTIFICATE OF SERVICE

I, Jeffrey D. Ahdoot, hereby declare:

I am over the age of eighteen years and not a party to this action. My business address is 2121 Eisenhower Avenue, Suite 304 Alexandria, VA 22314.

On September 1, 2026, I caused the foregoing document described as:

- **PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION OF SANDISK CORPORATION AND SANDISK TECHNOLOGIES, INC.**

to be served upon the following, at the addresses stated below, via email:

**KEKER, VAN NEST & PETERS LLP**
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC HANSON #254570
ehanson@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

*Attorneys for Defendants SanDisk Corporation and SanDisk Technologies, Inc.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 1, 2026

*/s/ Jeffrey D. Ahdoot*
Jeffrey D. Ahdoot

archive Technical Documentation concerning any Controller or any Accused Product.

**TOPIC NO. 5.** All categories of Documents responsive to Plaintiff's discovery requests that exist in Defendants' possession, custody, or control but have not been produced, and for each category, explain the reason for non-production.

**TOPIC NO. 6.** The transfer, migration, assignment, or other disposition, in connection with or following the February 24, 2025 spin-off of SanDisk from Western Digital, of any Technical Documentation, custodians, employees, business systems, repositories, contracts, agreements, or licenses concerning any Controller or any Accused Product from Western Digital to SanDisk or any of its subsidiaries or affiliates; and the entity or entities currently in possession, custody, or control of each category of Technical Documentation.

**TOPIC NO. 7.** The source code SanDisk has produced or will produce in this matter, including the directory structure used to organize that source code and the functionality of the source code within each directory.

**Operation of Accused Products**

**TOPIC NO. 8.** For each Accused Product, the structure, function, and operation of the Controller(s) used therein with respect to Interrupt Generation Functionality, including the hardware, firmware, and source-code architecture by which the Controller(s) generate or trigger interrupts to a host processor.

**TOPIC NO. 9.** For each Accused Product, the structure, function, and operation of the Controller(s) used therein with respect to ECC Generation Functionality, including the hardware, firmware, and source-code (for example, XOR hardware and software) by which the Controller(s) generate parity, parity data, error-correction codes, or other redundancy and/or error-correction data.

**TOPIC NO. 10.** For each Accused Product, the structure, function, and operation of the Controller(s) used therein with respect to ECC Selection Functionality, including the hardware, firmware, and source-code architecture by which the Controller(s) select among multiple error-correction coding schemes (such

as LDPC, BCH, or other code types or coding strategies).

**TOPIC NO. 11.** For each Accused Product, the names and naming conventions internally used by Defendants to identify and/or name: (a) the Controller(s) associated with the Accused Product; (b) the project team that designed the Accused Product; (c) the customer specifications for the Accused Product; and (d) other features of the Accused Product that are identified by names or naming conventions.

**TOPIC NO. 12.** For each Accused Product, the design, development, testing, qualification, and validation history of the Accused Functionalities in the Accused Products.

**TOPIC NO. 13.** The personnel at SanDisk responsible for the structure, function, operation, design, development, testing, qualification, and validation history of the Accused Functionalities in the Accused Products.

**TOPIC NO. 14.** Communications with Third-Party Silicon vendors and third-party suppliers of other components concerning the Accused Functionalities of each Accused Product, including, but not limited to, Third-Party Controllers and any other hardware, software and firmware and/or any other component that is related to the Accused Functionalities.

**TOPIC NO. 15.** The identification of all hardware, software, and firmware and/or any other components related to the Accused Functionalities.

**TOPIC NO. 16.** Your internal business organization, corporate structure, and employee hierarchy with respect to the research, development and commercialization of the Accused Functionalities and Accused Products.

**TOPIC NO. 17.** SanDisk's involvement with NVM Express, Inc. and the NVM Express Work Group, including SanDisk's membership, participation in the development of the NVMe specification, contributions to or proposals concerning features of the NVMe specification relevant to the Asserted Patents, and SanDisk's compliance with and commitments under the NVM Express Intellectual Property

(IPR) Policy.

**TOPIC NO. 18.** SanDisk's involvement with NVM Express, Inc. and the NVM Express Work Group, including SanDisk's membership, participation in the development of the NVMe specification, contributions to or proposals concerning features of the NVMe specification relevant to the Asserted Patents, and SanDisk's compliance with and commitments under the NVM Express Intellectual Property (IPR) Policy.

**Benefits of Accused Technology**

**TOPIC NO. 19.** Your communications with third-parties concerning the benefits of the Accused Functionalities.

**TOPIC NO. 20.** Your analyses, studies, presentations, reports, measurements, testing, or monitoring concerning the benefits of the Accused Functionalities.

**Development of Technology**

**TOPIC NO. 21.** The history of the conception, research, development, and commercialization of the Accused Functionalities.

**TOPIC NO. 22.** Your role and participation in the design, development, research, testing, customization, selection, integration, provisioning, deployment, and/or implementation of the Accused Functionalities in the Accused Products.

**TOPIC NO. 23.** The time that was required to develop, integrate, deploy, maintain, and/or implement the Accused Functionalities in the Accused Products.

**TOPIC NO. 24.** The development or customizations costs relating to development, integration, deployment, maintenance, and/or implementation of the Accused Functionalities in the Accused Products.

**Non-Infringing Alternatives ("NIAs")**

**TOPIC NO. 25.** Any asserted NIA to the Accused Functionalities, including (a) the factual basis for the assertion; (b) any technical, business, or customer-impact analysis of such alternatives; (c) time and cost to develop, implement, configure, test,

**TOPIC NO. 46.** All marketing, advertising, and promotion relating to any of the Accused Functionalities and Accused Products or portion or feature thereof, including but not limited to, third-party marketing materials, marketing through sales representatives, online marketing and advertising, including: (a) sales and marketing strategies; (b) development of sales and marketing materials; (c) content of sales and marketing materials; (d) identification of all vendors, consultants, and/or agencies that worked on the marketing, advertising, and/or promotions; and (e) Your expenditures related to such marking, advertising, and/or promotion efforts.

**Financial and Sales Data**

**TOPIC NO. 47.** The commercial success (or lack of commercial success) of the Accused Products features thereof (including the Accused Functionalities) including documents and data showing revenue, profits, use, quantities of products sold, market information, competitive analyses, press releases, financial reports, financial performance analyses, business plans, industry reports, and analyst reports.

**TOPIC NO. 48.** Each of the ways that You generate, derive, or intend to generate or derive revenue and profits through or in connection with the Accused Functionalities and the Accused Products.

**TOPIC NO. 49.** Your financial strategy for each of the Accused Functionalities and Accused Products, including sales plans, financial plans, budgets, and sales projections.

**TOPIC NO. 50.** Revenue, costs, and profits You have allocated or attributed to the Accused Functionalities in the Accused Products, separate from non-accused features and functionalities of the Accused Products.

**TOPIC NO. 51.** All facts related to what You contend is a reasonable royalty for any infringement of the Asserted Patents, individually and/or collectively.

**TOPIC NO. 52.** Ancillary products/services marketed and/or sold with, or applicable to, each of the Accused Functionalities and Accused Products, and how those products or services are sold (*e.g.,* in bundles or as individual products or