KRAMER LLP
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

KRAMER LLP
Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

KRAMER LLP
Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

UMHOFER, MITCHELL & KING LLP
Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION, and SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No. 2:24-cv-02864-ODW-MAR

**DECLARATION OF STEVEN PRZYBYLSKI IN SUPPORT OF PLAINTIFF'S REPLY TO MOTION TO MODIFY SCHEDULING ORDER AND EXTEND DISCOVERY CUTOFF AND EXPERT DEADLINES**

Discovery Cutoff: Oct. 16, 2026
Pretrial Conference: May 10, 2027
Trial: June 1, 2027
Date: October 5, 2026
Time: 1:30 p.m.
Courtroom: 5D

I, Steven Przybylski, hereby declare as follows

1. I have been retained as a technical consultant by Polaris PowerLED Technologies, LLC ("Polaris") regarding the above-captioned litigation involving U.S. Patent No. 8,554,968 ("the '968 patent"), U.S. Patent No. 9,183,085 ("the '085 patent"), and U.S. Patent No. 8,601,346 ("the '346 patent") (collectively, the "patents-in-suit"). A copy of my CV is attached as Attachment 1. On September 4, 2026, I submitted a declaration in support of Plaintiff's Motion to Modify the Scheduling Order. (Dkt. 135-20). I understand that defendants have responded to that motion and Polaris is filing a reply brief. I have reviewed defendants' opposition brief and submit the following.

2. Although I have been diligently reviewing documents as they are being produced by SanDisk, the sheer volume of the recent productions of documents and code will require additional time to review and analyze. I have been provided with a list of recently produced documents by Bates number and file name. I understand that list is being submitted with Polaris's reply as Exhibit 21. After reviewing the file names, it appears that there are still a large number of relevant technical documents (over 23,000 pages) that will require review. For example, file names that include "HNVMe" in the title are likely relevant to the '968 patent, file names that include "LDPC" or "XOR" in the title are likely relevant to the '346 and '085 patents, and file names with "Architecture" or "Specification" in the title are likely relevant to one or more of any of the patents-in-suit. Based on my previous review of these types of documents and my current schedule, I estimate that reviewing and analyzing these additional documents will take several weeks.

3. I understand SanDisk has produced nearly 1.5 GB of additional source code in the past couple of weeks, which is approximately six times the 250 MB of source code previously produced in this action from the inception of the litigation through July 9, 2026. As I stated in my original declaration, I have already spent approximately 45 hours reviewing the source code that had been produced. (Dkt.

135-20, ¶ 8). Given the scale of this additional source code, significant additional time will be required to review this code.

4. In addition, my ability to conduct additional source code review has been hindered because, as I understand, a large number of material documents and source code were not produced until only recently. And, because the accused products involve both hardware and software, it is difficult to gain a complete understanding of the functionality of critical hardware components without a complete document production describing the hardware.

5. I also understand that SanDisk's source code production continues to be deficient. As I indicated in my original declaration, ensuring there is a complete set of source code will be important in understanding the totality of any SanDisk infringement.

Dated: September 21, 2026

Respectfully submitted,



By: Steven Przybylski