# EXHIBIT 28

KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC HANSON #254570
ehanson@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
SANDISK CORPORATION and
SANDISK TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No. 2:24-cv-02864-ODW-MAR

**SANDISK CORPORATION AND SANDISK TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF POLARIS POWERLED TECHNOLOGIES LLC'S NOTICE OF 30(B)(6) DEPOSITION TOPICS 1, 7, 8, 12, 13, 16, 21, 23, 25, 26**

Dept: Courtroom 5D, 5th Floor
Judge: Hon. Otis D. Wright II

Date Filed: April 9, 2024

Trial Date: June 1, 2027

Pursuant to Federal Rule of Civil Procedure 45 and the Local Rules of the United States District Court for the Central District of California, Sandisk Corporation and Sandisk Technologies, Inc. ("Sandisk") through its undersigned counsel, respond and object to Plaintiff's Notice of Rule 30(b)(6) Deposition of Sandisk Corporation and Sandisk Technologies, Inc., dated September 1, 2026 (the "Notice") served by Plaintiff Polaris PowerLED Technologies LLC ("Plaintiff" or "Polaris") in the above-captioned litigation.

## GENERAL OBJECTIONS

1. The following General Objections apply to each Definition, Instruction, and Topic for Examination ("Topic" and, collectively, "Topics"). Sandisk will meet and confer with Plaintiff to arrange a mutually agreeable date and time for the deposition of Sandisk's designated witness. Sandisk will further meet and confer with Plaintiff regarding a mutually convenient location for the deposition.

2. To the extent that Plaintiff intends to depose the witness whom Sandisk designates in response to the notice, Sandisk objects to providing the witness for deposition more than once. Additionally, Sandisk objects to providing a witness for more than 7 hours of on-record testimony.

3. Sandisk will testify in response to the deposition topics set forth in the Notice as Sandisk reasonably interprets and understands the topics, and as further described, defined, and limited by Sandisk's objections and responses. If Plaintiff subsequently asserts an interpretation of any deposition topic that differs from Sandisk's understanding, Sandisk reserves the right to supplement the objections and responses herein.

4. Any witness Sandisk designates to testify on its behalf in response to this Notice will testify based on Sandisk's good-faith efforts to conduct a reasonable and diligent search for responsive information and without prejudice to Sandisk's right to produce or rely on subsequently discovered information. Sandisk

29. Sandisk expressly incorporates the above objections as though set forth fully in the response below, and to the extent they are not raised in the response, Sandisk does not waive those objections.

## OBJECTIONS TO TOPIC FOR EXAMINATION

### TOPIC FOR EXAMINATION NO. 1:

SanDisk's source code production in this Action, including identification of the folder/directory structures and functionalities of files within each produced folder/directory, and how the produced source code is different in size, volume, and structure, from SanDisk's internal source code used with the Accused Products.

### RESPONSE TO TOPIC FOR EXAMINATION NO. 1:

Sandisk incorporates its General Objections as set forth above. In addition, Sandisk further objects to this Topic as follows: (1) as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks information concerning differences between produced source code and internal source code without reasonable limitation; (2) on the ground that it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, joint defense privilege, attorney work product doctrine, or any other applicable privilege or protection as provided by law; (3) as overbroad and unduly burdensome as more than fifty-thousand source code files have been made available by Sandisk in discovery and it would be impossible to reasonably prepare any witness to testify about the substance of all produced source code files.

Subject to and without waiving the foregoing General and Specific Objections, Sandisk designates Yehuda Hahn and Eran Sharon to testify on this Topic, subject to the following limitations: Yehuda Hahn's testimony will be limited to a reasonable amount of source code, pertaining to the accused aspects of Interrupt Generation functionality, specifically identified by Polaris at least three days prior to the deposition; Eran Sharon's testimony will be limited to a reasonable amount of source code, pertaining to the accused aspects of ECC Generation or

ECC Selection functionality, specifically identified by Polaris at least seven days prior to the deposition.

**TOPIC FOR EXAMINATION NO. 7:**

The source code SanDisk has produced or will produce in this matter, including the directory structure used to organize that source code and the functionality of the source code within each directory.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 7:**

Sandisk incorporates its General Objections as set forth above. In addition, Sandisk further objects to this Topic as follows: (1) duplicative and redundant of Topic 1 and, accordingly, Sandisk hereby incorporates by reference its objections to Topic 1; (2) as overly broad, unduly burdensome, and disproportionate to the needs of the case; (3) as overbroad and unduly burdensome as more than fifty-thousand source code files have been made available by Sandisk in discovery and it would be impossible to reasonably prepare any witness to testify about the substance of all produced source code files.

Subject to and without waiving the foregoing General and Specific Objections, Sandisk designates Yehuda Hahn and Eran Sharon to testify on this Topic, subject to the following limitations: Yehuda Hahn's testimony will be limited to a reasonable amount of source code, pertaining to the accused aspects of the Interrupt Generation functionality specifically identified by Polaris at least three days prior to the deposition, and, at a high level, the directory structure organizing that specifically identified source code; Eran Sharon's testimony will be limited to a reasonable amount of source code, pertaining to the accused aspects of the ECC Generation or ECC Selection functionality, specifically identified by Polaris at least seven days prior to the deposition, and, at a high level, the directory structure organizing that specifically identified source code.

**TOPIC FOR EXAMINATION NO. 8:**

For each Accused Product, the structure, function, and operation of the

Controller(s) used therein with respect to Interrupt Generation Functionality, including the hardware, firmware, and source-code architecture by which the Controller(s) generate or trigger interrupts to a host processor.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 8:**

Sandisk incorporates its General Objections as set forth above. In addition, Sandisk further objects to this Topic as follows: (1) as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks information concerning the hardware, firmware, and source-code architecture of every Accused Product without limitation; (2) on the ground that it is vague and ambiguous at least with respect to "Interrupt Generation Functionality" and "hardware. . . by which the Controller(s) generate or trigger interrupts to a host processor"; (3) to the extent it implies that any Accused Product infringes any of the Asserted Patents where Sandisk does not admit that any of the Accused Products perform any limitation of the Patents-in-Suit; (4) as vague, ambiguous and unintelligible to the extent that this Topic is based on Polaris's theory of how the Accused Products practice the specified Functionality based on Polaris's deficient Amended Infringement Contentions, for the reasons set forth in Sandisk's August 12 and August 19, 2026 deficiency letters.

Subject to and without waiving the foregoing General and Specific Objections, Sandisk designates Yehuda Hahn and Vijay Sivasankaran to testify on this Topic, subject to the following limitations: Yehuda Hahn's testimony will be limited to addressing the accused aspects of the Interrupt Generation Functionality, to the extent they can be discerned from the operative infringement contentions, on Sandisk's proprietary Polaris, Snowbird, Thunderbird and Triton controllers and will be limited to a reasonable amount of source code, specifically identified by Polaris at least three days prior to the deposition; Vijay Sivasankaran's testimony will be limited to addressing the accused aspects of the Interrupt Generation Functionality, to the extent they can be discerned from the operative infringement

contentions, on third-party controllers used in the Accused Products manufactured by PMC Sierra, Phison, Silicon Media and FADU.

**TOPIC FOR EXAMINATION NO. 12:**

For each Accused Product, the design, development, testing, qualification, and validation history of the Accused Functionalities in the Accused Products.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 12:**

Sandisk incorporates its General Objections as set forth above. In addition, Sandisk further objects to this Topic as follows: (1) as overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks the complete "design, development, testing, qualification, and validation history" of the Accused Functionalities in every Accused Product without reasonable limitation, thereby covering decades of work, by numerous people, and countless products, product versions and modifications such that it would be impossible to reasonably prepare a witness to address the Topic as written; (2) on the ground that it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, joint defense privilege, attorney work product doctrine, or any other applicable privilege or protection as provided by law; (3) to the extent it prematurely calls for information that is the subject of expert discovery; and (4) as vague, ambiguous and unintelligible to the extent that this Topic is based on Polaris's theory of how the Accused Products practice the specified Functionality based on Polaris's deficient Amended Infringement Contentions, for the reasons set forth in Sandisk's August 12 and August 19, 2026 deficiency letters.

Subject to and without waiving the foregoing General and Specific Objections, Sandisk designates Yehuda Hahn and Eran Sharon to testify on this Topic, subject to the following limitations: Yehuda Hahn's testimony will be limited to addressing, at a high level, the design and development history of the accused aspects of the Interrupt Generation functionality, to the extent they can be discerned from the operative infringement contentions, in Sandisk's proprietary

Dated: September 11, 2026 KEKER, VAN NEST & PETERS LLP

By: */s/ Erin E. Meyer*
RYAN K. WONG
ERIN E. MEYER
ERIC HANSON
ASEEM MEHTA
AMRUTHA DORAI

Attorneys for Defendants
SANDISK CORPORATION and
SANDISK TECHNOLOGIES, INC.