# EXHIBIT 34

KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC HANSON #254570
ehanson@keker.com
KELLY S. KAUFMAN #328827
kkaufman@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
SANDISK CORPORATION and
SANDISK TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No. 2:24-cv-02864-ODW-MAR

**DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF POLARIS POWERLED TECHNOLOGIES, LLC (NOS. 9–25)**

Judge: Hon. Otis D. Wright II

4. In the event that You elect to respond to any Interrogatory by invoking Federal Rule of Civil Procedure 33(d), please substantiate with specific facts why the burden of deriving or ascertaining the answer will be substantially the same for either party, produce the Documents on which You rely for your response, and identify those Documents by production number in the response.

5. Pursuant to the Northern District of California's Patent Local Rule 2-2, You cannot withhold responsive discovery on the basis of confidentiality. The Stipulated Protective Order entered in this Action shall govern discovery unless the Court enters a different protective order.

6. Your obligation to respond to these Interrogatories is continuing and Your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 9:**

For each asserted claim of the '968 patent, to the extent You disagree with any invalidity ground directed to that claim in the Invalidity Contentions, explain specifically why You disagree with each such ground by identifying the disputed premise or claim requirement and all facts supporting Polaris's position, including any differences between the claim and the cited prior art, and any objective evidence of nonobviousness and the purported connection or nexus of that evidence to the claimed invention.

**INTERROGATORY NO. 10:**

For each asserted claim of the '346 patent, to the extent You disagree with any invalidity ground directed to that claim in the Invalidity Contentions, explain specifically why You disagree with each such ground by identifying the disputed premise or claim requirement and all facts supporting Polaris's position, including any differences between the claim and the cited prior art, and any objective evidence of nonobviousness and the purported connection or nexus of that evidence

to the claimed invention.

**INTERROGATORY NO. 11:**

For each asserted claim of the ’085 patent, to the extent You disagree with any invalidity ground directed to that claim in the Invalidity Contentions, explain specifically why You disagree with each such ground by identifying the disputed premise or claim requirement and all facts supporting Polaris’s position, including any differences between the claim and the cited prior art, and any objective evidence of nonobviousness and the purported connection or nexus of that evidence to the claimed invention.

**INTERROGATORY NO. 12:**

For each asserted claim of the ’968 patent, to the extent You contend that any limitations of that claim must be met or performed by implementing or supporting the Cited Interrupt Provisions, identify for each such limitation the particular NVMe version and provision that requires it and explain whether that requirement applies to every compliant controller or only when an identified feature is implemented. If Polaris has no position on this matter, state that.

**INTERROGATORY NO. 13:**

For each asserted claim of the ’968 patent, describe each technically feasible implementation known to Polaris that performs the interrupt-management behavior required by the Cited Interrupt Provisions but does not satisfy every limitation of the asserted '968 claim, including identifying the limitation that is not satisfied and explaining why that implementation still conforms to the cited provisions. If Polaris knows of no such implementation for a claim, state that.

**INTERROGATORY NO. 14:**

State Your position on what obligations, if any, IDT, or any subsequent owner of rights to the ’968 patent, had to disclose patent rights or grant rights concerning the technology claimed in the ’968 patent when participating in development of the NVMHCI or NVMe specifications, including identifying the

governing agreement or policy provisions, the facts supporting that position, and any exception to the governing agreement or policy provisions on which Polaris relies. If Polaris has no position on this matter, state that.

**INTERROGATORY NO. 15:**

Identify each disclosure to the relevant NVMHCI or NVMe standards body, if any, that You contend notified the standards body that IDT, or any subsequent owner of rights to the ’968 patent, sought patent protection for the technology now claimed in the ’968 patent or that the technology claimed in the ’968 patent covered functionality described in the NVMHCI or NVMe specifications, including stating what was disclosed, when, by whom, to whom, and the evidence that the disclosure was made. If Polaris is not aware of any disclosures, state that.

**INTERROGATORY NO. 16:**

To the extent You contend that Micron has no ownership interest in the ’968 patent, state all facts supporting Your position that Micron has no ownership interest in the ’968 patent, including any agreements, Court rulings, provisions within agreements, or other instruments or documents on which You rely to support your position regarding ownership of the ’968 patent.

**INTERROGATORY NO. 17:**

To the extent You contend that Micron has no ownership interest in the ’346 patent, state all facts supporting Your position that Micron has no ownership interest in the ’346 patent, including any agreements, Court rulings, provisions within agreements, or other instruments or documents on which You rely to support your position regarding ownership of the ’346 patent.

**INTERROGATORY NO. 18:**

Identify the hypothetical negotiation date that you contend applies to each asserted claim of each of the Patents-in-Suit, and the factual basis for each such date that You identify.

**INTERROGATORY NO. 19:**

Identify each license or other agreement You contend is comparable to the hypothetical license at issue here and explain the factual basis for treating the licensed technology and economic terms as comparable, including any adjustment You contend is needed for differences between that agreement and this case.

**INTERROGATORY NO. 20:**

State the factual basis for Your position that 35 U.S.C. § 287 permits recovery for the entire damages period You seek, including identifying the marking, actual notice, or absence of products subject to marking on which You rely, and all relevant products made or sold by licensees or predecessors that were marked, or were not marked, with any of the patents-in-suit.

**INTERROGATORY NO. 21:**

For each asserted claim of the ’968 patent, identify the passages of provisional application 61/374,242 that You contend disclose the complete combination of limitations in each asserted claim of the ’968 patent.

**INTERROGATORY NO. 22:**

For each asserted claim of the ’346 patent, identify the passages of provisional application 61/374,242 that You contend disclose the complete combination of limitations in each asserted claim of the ’346 patent.

**INTERROGATORY NO. 23:**

Describe all communications, if any, that You have had with each of the Named Inventors regarding this lawsuit, any of the Patents-in-Suit, or the subject matter of any of the Patents-in-Suit.

**INTERROGATORY NO. 24:**

Describe the various entities and individuals involved in Polaris’s acquisition of the Patents-in-Suit and the roles each such entity or individual played, if any, including but not limited to LED Display Technologies, LLC, Microsemi, Microchip, IP Gem, Burford Capital, Ralph Brandi, David Goren, Mark Yocca, and

Keren Bender.

**INTERROGATORY NO. 25:**

For each Patent-in-Suit, state all facts presently known to You that show the value, if any, the functionality You accuse of infringement adds to each accused product, including identifying the specific component or components of each accused product that provide that functionality and all evidence presently known to you that distinguishes the value it adds from that of the product's other components, features, and functionalities.

Dated: September 15, 2026 KEKER, VAN NEST & PETERS LLP

By: */s/ Ryan Wong*
RYAN K. WONG
ERIN E. MEYER
ERIC HANSON
KELLY S. KAUFMAN
ASEEM MEHTA
AMRUTHA DORAI

Attorneys for Defendants
SANDISK CORPORATION and
SANDISK TECHNOLOGIES, INC.