KRAMER LLP
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

KRAMER LLP
Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

KRAMER LLP
Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

[Additional counsel listed below]

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION, and SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No. 2:24-cv-02864-ODW-MAR

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

Discovery Cutoff: Nov. 13, 2026
Pretrial Conference: May 10, 2027
Trial: June 1, 2027

Date: November 16, 2026
Time: 1:30 p.m.
Courtroom: 5D

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on November 16, 2026 at 1:30 p.m. or at such other time as the matter may be heard, in Courtroom 5D, 5th Floor of the United States District Court for the Central District of California, 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012, Plaintiff Polaris PowerLED Technologies, LLC (hereinafter "Plaintiff" or "Polaris") will, and hereby does, move for an Order from the Court to amend its infringement contentions.

This motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-3 and this Judge's Procedures, ¶ VII.B.2, which took place on October 9, and by correspondence on August 21, September 15 and October 2, 8, 9, 13, 14, 15, and 16, 2026. The parties were unable to come to agreement.

This motion is based on this Notice of Motion and Motion, the concurrently filed declaration of Safraz Ishmael, the records on file in this case, and all other matters that the Court may consider, including the oral argument of counsel.

Dated: October 19, 2026

Respectfully submitted

*/s/ Robert F. Kramer*

Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
KRAMER LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
KRAMER LLP
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
KRAMER LLP
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice* forthcoming)
nglauser@kramerllp.com
500 W. 2nd Street, Suite 1900
KRAMER LLP
Austin, TX 78701
Telephone: (212) 363-1492

Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff Polaris PowerLED Technologies, LLC*

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 3

A. Polaris' Initial and First Amended Infringement Contentions ..... 3

B. Sandisk's Dilatory Tactics and Last Minute Productions of Source Code and Technical Documents ..... 4

C. The Court Grants Polaris's Motion to Amend the Scheduling Order ..... 8

D. Sandisk's Rule 30(b)(6) Deposition Witnesses Only Made Available at the End of the Discovery Period ..... 8

E. Claim Construction Order ..... 9

F. Polaris's Notice to Sandisk of Intent to Amend Infringement Contentions and the Meet and Confer Process ..... 9

III. LEGAL STANDARD ..... 13

IV. ARGUMENT ..... 14

A. There is Good Cause to Allow Amendment Because Polaris has been Diligent ..... 14

1. Polaris Diligently Pursued the Discovery that Revealed the Basis for Amendment. ..... 14

2. Polaris Moved Promptly Once the Basis for Amendment Emerged. ..... 17

B. There is Good Cause to Allow Amendment Because Sandisk Cannot Show Prejudice ..... 19

V. CONCLUSION ..... 21

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Automotive Data Sols., Inc. v. Directed Elecs. Canada, Inc.*, No. CV 18-1560-GW(Ex), 2019 WL 4565170 (C.D. Cal. Aug. 9, 2019) ........ 16, 19

*Intex Recreation Corp. v. Bestway USA Inc.*, No. LA CV16-3300 JAK (Ex), 2021 WL 4569433, at *4 (C.D. Cal. July 26, 2021) ........ 19, 20

*Linex Techs. Inc. v. Hewlett-Packard Co.*, No. C 13–159 CW, 2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ........ 17, 20

*My Medical Records, Inc. v. Quest Diagnostics, Inc.*, No. 2:13-cv-02538-ODW(SHx), 2014 WL 5810363 (C.D. Cal. Nov. 6, 2014) ........ 13, 14, 17, 20

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355 (Fed. Cir. 2006) ........ 13

*Radware Ltd. v. A10 Networks, Inc.*, No. C13-02021, 2014 WL 1350230 (N.D. Cal. Apr. 2, 2014) ........ 17

*Radware Ltd. v. F5 Networks, Inc.*, No. C-13-2024 RMW, 2014 WL 3728482 (N.D. Cal. July 28, 2014) ........ 19

*Zadro Prods., Inc. v. Feit Elec. Co., Inc.*, SACV 20-0101 JVS (DFMx), 2020 WL 7380465 (C.D. Cal. Sept. 30, 2020) ........ 13

## Rules

C.D. Cal. L.R. 7 ........ 1

N.D. Cal. L.R. 3-1 ........ 3

N.D. Cal. L.R. 3-4 ........ 4

N.D. Cal. L.R. 3-4(a) ........ 4, 6, 19

N.D. Cal. L.R. 3-6 ............ *passim*

N.D. Cal. L.R. 3-6(c) ............ 14

# I. INTRODUCTION

Plaintiff Polaris PowerLED Technologies, LLC ("Polaris") respectfully moves the Court for leave to amend its infringement contentions (the "Motion"), pursuant to N. D. Cal. Local Patent Rule 3-6 (adopted by this Court), Local Rule 7, and Judge's Procedures VII. Polaris's proposed amended infringement contentions are attached as Exhibit 1. Importantly, Polaris's proposed amendments do not add new patent claims or new products; the amendments are based on Sandisk's confidential information recently obtained in discovery and/or on the Court's recent claim constructions.

The Court issued its claim construction order on August 18, 2026, and construed several claim terms of the Asserted Patents differently than what Polaris had proposed. Within days of the Order, Polaris notified Sandisk that it will amend its infringement contentions, and proposed a schedule by which it would do so. Around the same time of the Order, and following nearly half a year of Polaris diligently following up with Sandisk on major deficiencies in Sandisk's production of technical documents and source code, Sandisk finally began to produce on a rolling basis an information dump of technical documents and source code that should have been produced at the inception of the litigation. For example, between July 2026 to present, Sandisk has produced more than *six times* as many documents and *six times* as much source as it has produced in the entire case before then, producing some 60,000+ pages of documents since July, as compared to producing approximately 10,000 pages up until then.

Given the large amount of highly relevant documents and source code produced so late in the case, Polaris moved the Court for a brief extension of discovery and expert reports so as to allow Polaris's counsel and experts an opportunity to review and analyze the barrage of information produced near the close of fact discovery. The Court granted Polaris's motion. Dkt. No. 143.

Now, after having had an opportunity to review and analyze these documents in the extra time the Court provided, and also taking into account the Court's claim construction order, Polaris moves to amend its infringement contentions for the three Asserted Patents. Polaris has good cause as the amendments are based on documents and information (including deposition testimony) that Sandisk produced over the last months of the litigation, and many of the amendments reflect the Court's claim constructions that were different than what Polaris initially proposed.

Furthermore, Polaris has been diligent as it notified Sandisk in mid-August that it will amend contentions, proposed a schedule by which it will do so, and served Sandisk with substantially the same amended infringement contentions on September 10, 2026 (with respect to the '968 patent), and on September 21, 2026 (with respect to the '346 and '085 patents).

Polaris served these charts in mid-September, and arranged to now move to amend, because, as it communicated to Sandisk, Polaris expected to further supplement the claim charts with pinpoint source code citations from its ongoing source code review, and analysis in light of Sandisk's deposition testimony. As such, Polaris did not want to burden the Court with multiple motions for leave to amend following the additional expected supplementation, especially since there would be no prejudice to Sandisk as Sandisk already had Polaris's mid-September 2026 infringement claim charts. Sandisk's counsel agreed to this proposal of waiting until October to file one motion to amend contentions. This also prevented any prejudice to Sandisk.

Polaris has now supplemented its mid-September 2026 infringement charts with source code pinpoint citations based on its review of Sandisk's source code, and with respect to the '085 patent, it has supplemented its mid-September infringement charts with a narrowed theory based on learnings from the October 1, 2026 deposition of Eran Sharon (that deposition date was the earliest date Sandisk provided for this

witness on the '085 patent technology). Polaris last week served those supplemented charts on Sandisk.

Polaris now moves for leave of Court to formally amend its infringement contentions pursuant to Local Patent Rule 3-6.

## II. FACTUAL BACKGROUND

### A. Polaris' Initial and First Amended Infringement Contentions

This patent litigation was originally filed on January 30, 2024, in the Western District of Texas, was voluntarily dismissed without prejudice, and then refiled in this District on April 9, 2024. Polaris filed the Action against several defendants, including Western Digital[1], alleging infringement of three patents relating generally to computer flash memory and solid-state drives: U.S. Patent Nos. 8,554,968 (the "'968 patent"), 9,183,085 (the "'085 patent"), and 8,601,346 (the "'346 patent") (collectively, the "Asserted Patents"). Dkt. 1.

On June 21, 2024, Polaris filed its First Amended Complaint. Dkt. 40. On October 2, 2024, Polaris first served its infringement contentions pursuant to Patent L.R. 3-1, and a corrected version on October 3, 2024. Ex. 2 (cover pleading for Infringement Contentions).

On February 3, 2025, the parties filed a joint stipulation to formally permit Polaris to serve First Amended Infringement Contentions. Dkt. 57. Polaris on January 13, 2025, had already served the First Amended Infringement Contentions. Ex. 3 (cover pleading for Amended Infringement Contentions). The Court granted the parties' request that same day. Dkt. 59.

On June 23, 2025, the Court granted Defendants' motion to stay the litigation pending resolution of inter partes review (IPR) proceedings that Defendants had filed at the Patent Office concerning the Asserted Patents. Dkt. 68.

On December 17, 2025, after the Patent Office denied the IPR petitions and

---

[1] On August 19, 2026, the Court substituted Sandisk for Western Digital in this Action, granting Western Digital's motion. Dkt. 134. Accordingly, references to Sandisk throughout this Motion include Western Digital.

the U.S. Court of Appeals for the Federal Circuit denied Defendants' petition for writ of mandamus, the Court lifted the litigation stay ordering the parties to meet and confer and submit a joint report on scheduling and other deadlines.

On January 12, 2026, the Court issued a new scheduling order to govern the case post-stay. Dkt. No. 86. As detailed below, at the time of this new scheduling order, even though Sandisk had an obligation under Patent Local Rule 3-4 to produce its relevant technical documents and source code, it had merely produced 9,870 of pages of documents (excluding its invalidity contentions document production) and 0.25 GB of source code, a drop in the bucket of what it would eventually produce on the eve of the close of discovery.

### B. Sandisk's Dilatory Tactics and Last Minute Productions of Source Code and Technical Documents

Under Patent Local Rule 3-4(a), Sandisk had an obligation to produce or make available for inspection, "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements" of the Accused Products in the litigation. Patent L.R. 3-4(a). That production was due at the very beginning of the case, as early as December 2024, when Sandisk served its invalidity contentions. *Id.*; Ex. 4 (excerpted Invalidity Contentions. Additionally, Polaris served multiple document requests targeted at discovery of Sandisk's technical documents and source code. Ex. 5 (excerpted First RFPs to Sandisk), RFP Nos. 6-8.

For example, Polaris served its first set of document requests (RFP Nos. 1-28) (including RFPs on source code (RFP No. 6) and other technical documents (RFP Nos. 7-8)) and its First Set of Interrogatories (Nos. 1–5) on October 2, 2024. *Id.*; ex. 6 (excerpted First Interrogatories to Polaris). Sandisk served responses and objections to the former on November 1, 2024 and to the latter on November 22, 2024. Ex. 7 (excerpted Sandisk's Responses to First Interrogatories); ex. 8 (excerpted Sandisk's Responses to First RFPs).

As of the lifting of the stay in the litigation, Sandisk had produced merely 9,870 pages of documents in total (excluding the approximately 3,000 pages of its invalidity production), and less than 0.25 GB of source code. After the stay was listed, Polaris began pressing Sandisk for a complete production of its technical documentation relevant to the Accused Products. Exs. 9 - 16. For example:

- On May 21, 2026, Polaris sent a letter identifying twelve categories of documents relevant to the accused functionalities in SanDisk's production and requested complete document sets for each category, and additional documents based on codenames appearing in SanDisk's own produced spreadsheets. Ex. 9.
- On May 30, 2025, Polaris wrote to SanDisk regarding deficiencies in SanDisk's interrogatory responses and document production. Ex. 10.
- On June 23, 2025, Polaris again wrote to SanDisk regarding deficiencies in its discovery responses and document production. Ex. 11.
- (Post-stay) In multiple email and letter communications between April 30, 2026 and August 26, 2026, Polaris identified gaps in SanDisk's source code production concerning the accused instrumentalities and demanded reproduction of non-source code files as Bates stamped documents and production of certain referenced by missing design documents. Exs. 12, 13, 14, 15.
- On August 21, 2026, Polaris sent a letter requesting production of additional likely responsive technical documents for production that were referenced by name in documents produced by SanDisk, and more recent versions of technical documents already produced. Ex. 16.

Polaris repeatedly had to press Sandisk to comply with its discovery obligations. Despite Polaris's diligence, Sandisk delayed producing the large majority of its technical documents and information until the very end of the discovery period (which originally was scheduled to close on October 16, 2026), long

after Polaris served its First Amended Infringement Contentions.

Sandisk's strategy has been to either vaguely state that it was investigating Polaris's inquiries or to commit to updating its responses and production, usually without a date certain. *See, e.g.*, Ex. 15 (May 7, 2026 Koenig Email: "We are evaluating your request" … "we plan to supplement our production of source code made available for inspection, should we identify additional source code to produce under P.L.R. 3-4(a)"); *id*. (July 13, 2026 Mehta Email: "we are diligently reviewing the documents referenced in your first request. We intend to produce to you relevant documents appropriate for regular document production … ."; "we are conducting a search for the documents listed in Appendix A of your letter"). And after a minimal production in response, Polaris would then be forced to go back to Sandisk and chase down newly identified deficiencies, and then the process would repeat. Meanwhile, the discovery period continued to pass.

In the last two months, finally facing a motion to compel by Polaris (Ex. 18 (Polaris' August 28, 2026 L.R. 37-1 letter)), Sandisk has finally made voluminous productions of key documents and source code in response to Polaris' diligent follow up requests. Specifically, Sandisk has produced over 52,000 pages of documents since August 21, 2026, which is vastly more than it has produced in the entire litigation prior to that date. Ex. 19. The table below shows Sandisk's productions in the case[2]:

| Date | Production Range | No. of Documents | No. of Pages |
|---|---|---|---|
| 11/22/2024 | WDTECH00000001 - WDTECH00000278 | 12 | 278 |
| 12/16/2024 | WDTECH00000279-WDTECH00006266 | 66 | 5,988 |

[2] The chart omits Sandisk's 12/16/2024 production of documents relevant to its invalidity contentions, which included 47 documents spanning production numbers WD_INV00000001 - WD_INV00003741.

| Date | Production Range | No. of Documents | No. of Pages |
|---|---|---|---|
| 4/4/2025 | WDTECH00006267 – WDTECH00009477 | 647[3] | 3,211 |
| 5/5/2025 | WDTECH00009478 - WDTECH00009844 | 21 | 367 |
| 5/9/2025 | WDTECH00009845 - WDTECH00009870 | 7 | 26 |
| 3/5/2026 | WDTECH00009871 - WDTECH00009967 | 47 | 95 |
| 4/29/2026 | WDTECH00009968 - WDTECH00009970 | 3 | 3 |
| 5/18/2026 | WDTECH00009971–WDTECH00009973 | 3 | 3 |
| 6/25/2026 | WDTECH00009974 - WDTECH00010251 | 24 | 278 |
| 7/8/20026 | WDTECH00010252 - WDTECH00013081 | 46 | 2,830 |
| 7/17/2026 | WDTECH00013082 - WDTECH00018207 | 45 | 5,126 |
| 7/30/2026 | WDTECH00018208 - WDTECH00018412 | 13 | 205 |
| 8/21/2026 | WDTECH00018413- WDTECH00022918 | 143 | 4,506 |
| 9/4/2026 | SDTECH00022919 - SDTECH00048950 | 454 | 26,032 |
| 9/14/2026 | SDTECH00022919 - SDTECH00048950 | 643 | 15,823 |
| 9/15/2026 | SDTECH00048951 - SDTECH00064773 | 112 | 756 |
| 9/22/2026 | SDTECH00064774 - SDTECH00065529 | 154 | 3,255 |
| 9/28/2026 | SDTECH00065530 - SDTECH00068784 | 20 | 659 |
| 10/1/2026 | SDTECH00068785 - SDTECH00069443 | 136 | 1,204 |
| 10/9/2026 | SDTECH00069444 - SDTECH00070647 | 24 | 272 |
| 10/9/2026 | SDTECH00070648 - SDTECH00070919 | 6 | 66 |

Furthermore, since early September 2026, Sandisk produced almost 1.5 GB of additional source code, which is six times the 0.25 GB of source code previously produced in the Action prior to that date. *See* Ex. 20 (Declaration of Steven

[3] Sandisk's document production dated 4/4/2025 contains more than 500 "documents" that are single page TIFF images and not complete documents.

Przybylski in Support of Reply to Motion to Modify Scheduling Order (Dkt. No. 140-2), ¶¶ 3-4).

### C. The Court Grants Polaris's Motion to Amend the Scheduling Order

Because of these dilatory tactics and late production of relevant technical documents and source code, Polaris moved the court in its Motion to Modify, and requested an extension of the fact and expert discovery deadlines to allow Polaris an opportunity to review and analyze the late and voluminous productions of Sandisk's relevant technical documents and source code. Dkt. No. 135. The Court granted the Motion to Modify, moving the fact discovery deadline from October 16, 2026 to November 13, 2026, and the expert discovery deadline from January 8, 2027 to January 15, 2027. Dkt. No. 143.

### D. Sandisk's Rule 30(b)(6) Deposition Witnesses Only Made Available at the End of the Discovery Period

As early as June 19, 2026, Polaris served deposition notices on Western Digital and Sandisk requesting witnesses on the technologies relevant to the Asserted Patents. However, Sandisk did not make any witnesses available for deposition until September 17, 2026 (at the time, less than a month before discovery was scheduled to close). That witness, Yehuda Hahn, was Sandisk's Rule 30(b)(6) witness on the technology relevant to the '968 patent. And Sandisk did not produce a witness for deposition on the '085 patent technology until October 1. Ex. 21 (8/25/26 email from A. Dorai). That witness was Eran Sharon.

The earliest Sandisk's designated Rule 30(b)(6) witness on the '346 patent was made available for deposition was October 7, but as much of Sandisk late produced code relates to the '346 patent, Polaris has asked for later deposition dates to allow it an opportunity to review the newly produced source code. Ex. 22 (10/7 email from K. Kaufman).

Western Digital never provided witnesses in response to the deposition notices, even though those notices were served in June 2026, well before the Court ruled on Western Digital's motion to substitute in Sandisk.

**E. Claim Construction Order**

On August 18, 2026, the Court issued its Order re Claim Construction ("Claim Construction Order"). Dkt. No. 133. The Claim Construction Order included constructions that differed from those proposed by Polaris. With respect to the '968 patent, the Court's construction of the following terms differed from that proposed by Polaris:

- "interrupt manager" / "interrupt manager controller;"
- Order of steps in claim 1, 8, and 16.

Dkt. No. 133, at 8-17. Additionally, following the claim construction hearing, the parties agreed to the construction of two '968 patent claim terms, where the agreed-to construction differed from that proposed by Polaris in the claim construction phase of the case (Dkt. No. 132):

- "completion queue state"
- "interrupt vector state"

With respect to the '085 patent, the Court construed one of the two terms in dispute in a way that differed from what Polaris had proposed:

- "error correction coding (ECC) schemes: / "ECC Schemes"

Dkt. No. 133, at 19-20.

**F. Polaris's Notice to Sandisk of Intent to Amend Infringement Contentions and the Meet and Confer Process**

On August 21, 2026, Polaris notified Sandisk that it intends to seek leave of Court to amend Polaris's infringement contentions because, "Polaris's understanding of the accused products continues to develop based on Defendants' belatedly produced technical document and source code …" Ex. 23 (08/21/2026 Letter from S. Ishmael to A. Mehta). Polaris's letter noted that "[t]o date, Defendants still have

not come close to satisfying their obligations to produce necessary technical documents for the accused products, despite having many months to do so." *Id.*

The letter further noted that "with the understanding that Defendants' have promised it will be producing all outstanding technical documents and source code in the next week," Polaris can commit to serving on Sandisk amended contentions by September 21, 2026. *Id.*

Sandisk's counsel responded by requesting that Polaris serve its amended infringement contentions for the '968 patent by September 10, a week before the scheduled Rule 30(b)(6) deposition of Sandisk on the '968 patent. Ex. 24 (8/25/26 email from A. Mehta). Polaris's counsel agreed to this request and on September 10 served its amended contentions with respect to the '968 patent. Ex. 25 (9/10/26 email from J. Ahdoot).

On September 15, Polaris sent a follow up email to Sandisk noting that it intends to move the Court to amend the contentions under Patent L.R. 3-6, "at least on the basis that the amendments reflect the Court's constructions as set forth in its August 18 claim construction order and/or that the amendments are based on new information first disclosed in Defendants' recently produced documents." Ex. 26 (09/15/2026 Email from S. Ishmael.) Polaris's counsel also wrote as follows:

> To avoid burdening the Court with multiple such motions [for leave to amend contentions], we propose that one motion for leave to amend be filed on October 8, which is 1 week after the conclusion of the Rule 30(b)(6) depositions of SanDisk's designated technical witnesses. If testimony from these witnesses necessitate further amendments to the contentions, we will do so and serve the amendments on SanDisk.

*Id*.

That same day, Sandisk's counsel responded that Sandisk will *not* oppose the schedule for filing the motion for leave to amend, and that, "if the amendments are all based on confidential information produced by Sandisk after the operative contentions [the January 2025 First Amended Infringement Contentions] were served, and/or are based on an actual change in claim constructions, and good cause

is shown, then we may not have an issue with the motion, although we will need to confirm with our client." Ex. 27.

On September 21, 2026, as agreed, Polaris served on Sandisk its amended infringement contentions for the '346 and '085 patents. Ex. 28.

On October 2, 2026, Sandisk's counsel wrote noting that Polaris had proposed filing its motion for leave to amend with the Court on October 8, but that Sandisk requires more time to consider its position on the amendments and noted that, "Polaris now has additional time to file any such motion in light of the extension of the fact discovery cutoff date." Ex. 29.

After days went by without hearing back from Sandisk, Polaris's counsel wrote on October 8, 2026, advising Sandisk that in light of information ascertained from the recent Rule 30(b)(6) depositions and source code review of the voluminous code that Sandisk had now produced, Polaris planned to serve supplemental infringement charts and move the Court for leave to amend its contentions by October 19. Ex. 30.

Sandisk responded that service of further supplemental charts would not provide it with enough time to provide its position on the motion for leave (even though it had substantially all the infringement claim charts for weeks prior), and stated that it: (i) would oppose the motion on the '085 patent because its witness on this patent testified that a certain accused feature was not present in the accused products (even though Sandisk's technical specification documents suggested otherwise); and (ii) would oppose the motion on the '968 patent because of an alleged deficiency in source code citations. Ex. 30 (10/08/2026 Email from A. Mehta).

The parties met and conferred on October 9 to discuss the motion for leave to amend contentions. With respect to the '968 patent, Sandisk represented that its objections on the '968 patent were based on alleged deficiencies in source code citations, and if Polaris revises the charts to include pinpoint citations to source code, it would withdraw its objection on this patent. *Id*. Sandisk did not raise any objection to the '346 patent amended contentions, either by written correspondence or on the

meet and confer, and has never provided its positions on this patent, despite having the '346 patent amended infringement contentions since September 21, 2026.

Polaris's counsel on the meet and confer explained it would serve further supplemental infringement charts by the end of the following week (October 16) that would incorporate pinpoint source code citations for all patents, and on the '085 patent, to narrow its infringement theories following the October 1 deposition of Sandisk's Rule 30(b)(6) witness on this patent. *Id*.

On October 13, Sandisk's counsel wrote to Polaris that "Sandisk proposes to provide its position on Polaris's motion for leave to amend its infringement contentions by Friday October 23." Ex. 30

On October 14, Polaris's counsel responded and: (i) notified Sandisk that Polaris needed to prepare to file the instant Motion on October 19 to preserve its rights (especially given that Sandisk had not yet provided its position on amendment and the expert discovery phase of the case is approaching); (ii) served a supplemental amended infringement contentions chart for the '085 patent narrowing the theories on that patent; (iii) informed Sandisk that it will serve a final set of charts on October 16, 2026 (to include pinpoint source code citations); (iv) requested Sandisk's final position by October 19 on whether it would oppose. Ex. 17 (S. Ishmael 10/14 email); Ex. 30 (S. Ishmael 10/14 email).

On October 16, Polaris sent to Sandisk appendices of pinpoint source code citations for each of the Asserted Patents. In that email, Polaris asked for confirmation that Sandisk will not oppose the '968 patent amended contentions, given that the contentions have not changed from the September 10, 2026 charts that were served on Sandisk other than Polaris adding pinpoint source code citations (as Sandisk had requested it do). Ex. 30 (10/16/26 email from S. Ishmael).

Polaris also asked for Sandisk's position on the '346 patent amendments given that Polaris is not changing the contentions that Sandisk had on September 21, 2026,

other than to add pinpoint source code citations ascertain during recent source code review. *Id*.

On the '085 patent, Polaris noted that "Sandisk has had substantially these same infringement contentions for many weeks now, it should not take another full week for Sandisk to provide its positions on the motion for leave to amend contentions on this patent," and asked for Sandisk to provide its position. *Id*.

On the afternoon of the filing of this Motion, Sandisk's counsel emailed Polaris' counsel to reiterate that Sandisk did not have sufficient time to provide its positions prior to Polaris' filing. Ex.30 (10/19/26 email from A. Mehta).

## III. LEGAL STANDARD

This Court has adopted the Patent Local Rules of the Northern District of California. Patent Standing Order, ¶ 1. Patent Local Rule 3-6 allows amendment of infringement contentions "by order of the Court upon a timely showing of good cause." A showing of good cause requires that the party seeking to amend show that it "acted with diligence in promptly moving to amend when new evidence is revealed." *My Medical Records, Inc. v. Quest Diagnostics, Inc.*, No. 2:13-cv-02538-ODW(SHx), 2014 WL 5810363, at *2 (C.D. Cal. Nov. 6, 2014) (quoting *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). "[T]he Court then considers the potential prejudice to the nonmoving party in determining whether to grant leave to amend." *Id*. at 1368. Courts "recognize that 'preliminary infringement contentions are still preliminary'" and Rule 3-6 "balances the right to develop new information in discovery with the need for certainty in legal theories at the beginning of a case." *Zadro Prods., Inc. v. Feit Elec. Co., Inc.*, SACV 20-0101 JVS (DFMx), 2020 WL 7380465, at *1 (C.D. Cal. Sept. 30, 2020) (internal citations omitted).

"Patent Local Rule 3-6 includes a non-exhaustive list of scenarios that could support a finding of good cause," including (i) a "claim construction by the Court different from that proposed by the party seeking amendment;" and (ii) "[r]ecent

discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *My Medical Records*, 2014 WL 5810363, at *2.

## IV. ARGUMENT

### A. There is Good Cause to Allow Amendment Because Polaris has been Diligent

There is good cause for amendment because Polaris has been diligent. Patent L.R. 3-6 specifically identifies at least two circumstances that can support good cause, and both are present here: a claim construction different than the party seeking to amend proposed, and the "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Polaris was diligent in obtaining and acting on the information that gives rise to the need to amend.

#### 1. Polaris Diligently Pursued the Discovery that Revealed the Basis for Amendment.

As demonstrated above, Polaris was diligent in pursuing the technical documents and source code giving rise to the need for amendment, and obtaining the deposition of Sandisk's 30(b)(6) witness Dr. Sharon. *See supra* Section II.C.

First, Sandisk's recently produced technical documents and source code that provide the basis for amendment constitute "nonpublic information about the Accused Instrumentality." Patent L.R. 3-6(c).

For example, with respect to the '968 patent, Polaris's amended infringement contentions rely heavily on an understanding of the technical documents that Sandisk produced late in discovery. In particular, Sandisk produced over a dozen different versions of a highly relevant technical specification related to the '968 patent in August 2026 or later. These versions spanned in dates from 2013 to 2026 and contained what appeared to be important revisions applicable to the asserted claims, some of which are cited in the proposed amended charts. *See*, *e.g.*, Exhibit 1, at

Exhibit A, at 23-24, 26-27, 37, 58-59, 80, 83-84, 127, 133-134, 149-150, 152-153, 157-158, 186-187, 198, 223-224, 266-267, 277-278, 289 (citing SDTECH00031176, "HNVMe Specification Revision 8.0.9 (March 2026)"). And, it wasn't until the September 17, 2026 deposition of Sandisk's witness on the '968 patent that Polaris learned which versions of that document applied to the accused products.

Additionally, the amended infringement contentions for the '968 patent apply the Court's claim constructions and parties' agreement on the construction of several disputed terms. For example, the amended contentions address the constructions of the terms "interrupt manager," "completion queue state," and "interrupt vector state," all of which differed in construction from what Polaris had proposed during the claim construction process. *See, e.g.,* Exhibit 1, at Exhibit A, at 20, 30, 36, 41, 44, 49-53, 61, 64-68. More, as the Court also found the claimed functions of the interrupt manager must be performed in order, the contentions are amended to reflect that finding. *See id*. at 29-90.

With respect to the '085 patent, these contentions rely heavily on documents produced late in discovery. *See e.g.*, Exhibit 1, at Exhibit B at 9-17, 21-29, 35-38, 42, 45-47, 53-57, 61-64, 67-70, 75-76, 87-91, 95-97, 111-112, 115-117, 123-128, 132-137, 141-144, 148-149, 152-153, 157-158, 163, 165, 170-171, 175-178, 183, 185-186, 193-194, 196-202, 210-212, 215-218, 221-222, 228-229, 234-236, 242-244, 247-249, 257-258, 261, 263-267, 276-279, 280, 283, 293-294, 298-299, 302, 307-315, 325, 327-331, 336-343, 345-347, 349-350, 355, and similar cites for claim 15 and dependent claims (bates WDTECH00018413 and higher and bates prefix SDTECH); Exhibit B2 at 5, 7, 9, 11, 13-15, 20, 25, 27-34, 36, 37, 43, 49, 55, 57, 58, 65, 66; *see also* Exhibit 1 at Appendix B2 at 12, 16-19, 22-26, 38, 44, 48-50, 52, 53, 55, 60, 65, 67, 68, 70, regarding documents produced after 7/8/26 (bates WDTECH00010252 and higher) , as well as information learned from the October 1, 2026 deposition of Eran Sharon. For example, in the Sharon deposition the witness testified about a certain algorithm that is relevant to the '085 patent asserted claims,

that was not clear from the produced documents, and that information was used and is now relied on in the amended contentions. This is information relevant to infringement that could not be easily gleaned from the documentation. Polaris's amended infringement claim charts rely on this new testimony from the Sharon deposition. *See* Exhibit 1, Appendix B2, 17-27; *see also* 14, 39, 40, 42, 46, 67. Additionally, much of the source code that is cited in the 085 contentions were similarly produced just weeks ago; *see* Exhibit 1, Appendix B1, 3-4, 6-8, 10-11.

With respect to the '346 patent, similarly, Polaris's amended infringement contentions rely heavily on technical documents that Sandisk produced in late August 2026 and after (production range WDTECH00018413 and upwards). *See e.g.*, Exhibit 1, at Exhibit C, at 7, 15, 19, 23, 28-36, 40-44, 51, 53-57, 59-61, 70, 86, 91, 99-104, 113-121, 127-129, 136, 143.

Second, Sandisk was obligated to produce, and Polaris sought, this key information early on in this Action (prior to service of the First Amended Infringement Contentions). Polaris diligently followed up to prod Sandisk to provide this information since the beginning of discovery. *See* Dkt. No. 135, at 4:5-5:5; *supra* section II.C. Despite Polaris' diligence, Sandisk did not produce the majority of the necessary technical documentation until August 21, 2026 and after (Dkt. 140-2 (Declaration of Steven Przybylski in Support of Reply to Motion to Modify), ¶ 2; Dkt. 140-4), that provides the basis for the amendments. *Supra* section II.C. And Sandisk did not make its key technical witness on the '085 patent available until October 1, 2026.

It is this late-produced, nonpublic information that gives rise to the need to amend. *Id*. Late production of information providing the basis for amendment of the infringement contentions supports a finding of diligence. *See, e.g.*, *Automotive Data Sols., Inc. v. Directed Elecs. Canada, Inc.*, No. CV 18-1560-GW(Ex), 2019 WL 4565170, at *2 (C.D. Cal. Aug. 9, 2019) (granting motion to amend infringement contentions and finding no undue prejudice in part because plaintiff produced, on the

day of the fact discovery cut-off "additional, confidential documents that [d]efendants identify as the basis for their amended contentions" served two weeks later, for defendants' counterclaim); *Linex Techs. Inc. v. Hewlett-Packard Co.*, No. C 13–159 CW, 2013 WL 5955548, at *2 (N.D. Cal. Nov. 6, 2013) (finding plaintiff was diligent because "[h]ere, the record demonstrates that [plaintiff] amended its infringement contentions as it gained access to the relevant evidence from [d]efendants"); *Radware Ltd. v. A10 Networks, Inc.*, No. C13-02021, 2014 WL 1350230, at *3 (N.D. Cal. Apr. 2, 2014) ("It is undisputed that the citations to source code were necessarily dependent on the production of source code. Accordingly, [plaintiff] was diligent in amending its infringement contentions to include source code citations.").

Polaris could not have used information from this nonpublic source code, technical documentation, and witness testimony in its original or first amended contentions, because Sandisk had not yet produced it. The timing of Polaris' request to amend is due to Sandisk's discovery conduct in withholding, until right before the close of discovery, key documents and information that provide the basis for amendment—not any lack of diligence by Polaris.

**2. Polaris Moved Promptly Once the Basis for Amendment Emerged.**

Polaris moved diligently once the Claim Construction Order issued, Sandisk's key productions arrived, and after Dr. Sharon's deposition, to give notice of Polaris' intent to amend within a month and to file this Motion within about two months. The Court issued the Claim Construction Order on August 18, 2026. "[T]he decision by the court to adopt a particular construction gives rise to good cause not because the construction happens to be different but because that difference is material to a party's theory of infringement." *My Medical Records, Inc.*, 2014 WL 5810363, at *3 (internal citation omitted). "Because those theories are reflected in the contentions, amendment of the contentions to address the material difference in the claim

construction is appropriate." *Id*. Polaris' counsel promptly provided notice to Sandisk on August 21, 2026, informing its counsel that Polaris intended to amend its infringement contentions. Ex. 23.

Meanwhile, as Polaris analyzed Sandisk's new productions made over the next few weeks, and inspected source code, it determined further need to amend. Accordingly on September 10, Polaris served proposed amended infringement contentions for the '948 patent, and for the '085 and '346 patents shortly thereafter on September 21, 2026. And on September 15, 2026, Polaris asked Sandisk for its position on amendment and proposed a filing date of October 2 for this Motion. Ex. 26.

At the time, Polaris stated it did not oppose the proposed filing date, but changed its position later on in an October 2 follow up email, stating it needed more time to consider its position. *Supra* section II.E. After the October 1 deposition of Dr. Sharon which Polaris determined further supported amendment, the parties met and conferred on October 9, and Polaris served a supplemental amended infringement contentions chart for the '085 patent on October 14, and final versions for all contentions for the Asserted Patents by October 16, 2026. *Id*.

It was thus a few days between when the Court issued its Claim Construction Order and Polaris's notice to Sandisk that it intended to amend. And Sandisk produced its key technical documents during this time period. It was only two months since these triggering events and Polaris' filing of this Motion—with at least some of the time spent waiting on Sandisk to provide its position on this Motion, at Sandisk's request. *E.g.*, Ex. 29. And it has only been slightly more than two weeks since the deposition of Dr. Sharon.

Polaris' demonstrated diligence is well within that which is required by the law. For example, the Northern District of California held in one case that plaintiff "was diligent in seeking leave to amend" its infringement contentions to add citations to source code that was identified by defendant in interrogatory responses received

only after plaintiff already served its amended infringement contentions. *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-2024 RMW, 2014 WL 3728482, at *2 (N.D. Cal. July 28, 2014). "Under th[o]se particular facts, three months' delay in moving for leave to amend d[id] not undermine [plaintiff's] diligence." *Id.*

In sum, Polaris has been diligent both in seeking the discovery that supports the amended infringement contentions, and in providing notice of its intent, and seeking leave, to amend.

### B. There is Good Cause to Allow Amendment Because Sandisk Cannot Show Prejudice

There is good cause for amendment because there is no undue prejudice to Sandisk. While Polaris has shown diligence, even if the Court disagreed, it can still grant this Motion upon a finding that Sandisk has shown no undue prejudice. "[E]ven if the movant was arguably not diligent, the court retains discretion to grant leave to amend." *Automotive Data Sols.,* 2019 WL 4565170, at *1 (granting motion to amend infringement contentions and finding no undue prejudice after plaintiff produced "additional, confidential documents that [d]efendants identify as the basis for their amended contentions"); *Intex Recreation Corp. v. Bestway USA Inc.*, No. LA CV16-3300 JAK (Ex), 2021 WL 4569433, at *4 (C.D. Cal. July 26, 2021) (granting leave to amend even though plaintiff was not diligent, because defendants did not show prejudice; proposed amendment did not identify new product or new claims).

Here, Sandisk can show no undue prejudice. First, any timing pressure comes from Sandisk's own late productions, which was part of Sandisk's obligations to produce under Patent L.R. 3-4(a) with its invalidity contentions, and which Polaris has sought since October 2024, pursing through repeated follow up and its L.R. 37-1 letter. *See Automotive Data Sols.,* 2019 WL 4565170, at *1. Similarly, it was Sandisk who waited over three months after being served with the 30(b)(6) Notice to make Dr. Sharon available for deposition.

Second, Sandisk has had notice of Polaris' intent to amend since August 21, 2026, and substantively complete versions of Polaris' proposed amendments since September 10 and 21, 2026 and the proposed amendments rest on Sandisk's own source code and technical documents, and on the Court's constructions. This Court has considered prior "notice regarding [a plaintiff's] intent to amend infringement contentions" to cut against a finding of prejudice. *See My Medical Records, Inc.*, 2014 WL 5810363, at *4 (holding that defendants would not be prejudiced by amendment in part because plaintiff gave notice in the Joint Post-*Markman* Schedule that it intended to amend its infringement contentions, weeks before it filed its motion to amend). Nothing in them is information that Sandisk lacks.

Third, Sandisk's "proposed amendments do not add new patent claims or new products." *See, e.g.*, *My Medical Records, Inc.*, 2014 WL 5810363, at *3; *Intex Recreation*, 2021 WL 4569433, at *4; *Linex Techs*, 2013 WL 5955548, at *2 (granting motion for leave to amend infringement contentions in part because no prejudice to defendant, because plaintiff's proposed amendments to infringement contentions did not add new patent claims or products).

Fourth, Sandisk originally stated it did not oppose Polaris' proposed schedule and stated that it would agree to amendment if good cause existed. Ex. 27.

Fifth, as Sandisk acknowledged in its correspondence to Polaris (Ex. 29), the Court extended the deadlines for fact discovery to November 13, 2026 and expert discovery to January 15, 2027. Dkt. 143. This extension was due to Sandisk's voluminous last minute productions of documents and source code, to allow Polaris time to analyze the same. Polaris is now using what it has learned in the time allotted by the Court (due to the extension) to amend its infringement contentions.

Accordingly, Sandisk will not be prejudiced by amendment of the infringement contentions.

## V. CONCLUSION

For the reasons above, the Court should grant this Motion and allow Polaris to amend its infringement contentions.

Dated: October 19, 2026

Respectfully submitted

*/s/ Robert F. Kramer*

Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
KRAMER LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
KRAMER LLP
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
KRAMER LLP
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice* forthcoming)
nglauser@kramerllp.com
500 W. 2nd Street, Suite 1900
KRAMER LLP
Austin, TX 78701
Telephone: (212) 363-1492

Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff Polaris PowerLED Technologies, LLC*

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

The undersigned certifies that this submission __ does not use **X** uses generative artificial intelligence. If generative artificial intelligence was used, following drafting, I reviewed, revised, and supplemented all portions of the brief, including those that were informed by the use of Artificial Intelligence or based on prior templates. I independently verified the factual and legal accuracy of the content and confirmed that all arguments and authorities were appropriate to the issues presented.

*/s/ Robert F. Kramer*
Robert F. Kramer

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 6,243 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Robert F. Kramer*
Robert F. Kramer