KRAMER LLP
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

KRAMER LLP
Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

KRAMER LLP
Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION, and SANDISK TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**DECLARATION OF SAFRAZ ISHMAEL IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Discovery Cutoff: Nov. 13, 2026<br>Pretrial Conference: May 10, 2027<br>Trial: June 1, 2027<br><br>Date: November 16, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

I, Safraz Ishmael, hereby declare as follows

1. I am counsel of record for Polaris PowerLED Technologies in the above-captioned action.

2. On August 21, 2026, I sent a letter notifying Sandisk that Polaris intends to seek leave of Court to amend Polaris's infringement contentions because "Polaris's understanding of the accused products continues to develop based on Defendants' belatedly produced technical document and source code …" (Ex. 23.) [1] In the same letter, I proposed dates by which Polaris will serve its amended contentions on Sandisk so as to allow Sandisk an opportunity to provide its positions on the amendments prior to the motion for leave filing.

3. Over the course of written correspondence, the parties agreed to a schedule whereby Polaris would serve its amended contentions on Sandisk on September 10, 2026 (for the '968 patent) and September 21, 2026 (for the '085 and '346 patents) and whereby Sandisk would provide its positions on the motion for leave to amend. (Ex. 24, 25, 26.)

4. Sandisk's counsel represented in the correspondence that, "if the amendments are all based on confidential information produced by Sandisk after the operative contentions [the January 2025 First Amended Infringement Contentions] were served, and/or are based on an actual change in claim constructions, and good cause is shown, then we may not have an issue with the motion [for leave to amend contentions], although we will need to confirm with our client." (Ex. 27.)

5. On September 10, 2026, as agreed, Polaris served on Sandisk its amended infringement contentions for the '968 patent. (Ex. 25.)

6. On September 21, 2026, as agreed, Polaris served on Sandisk its amended infringement contentions for the '346 and '085 patents. (Ex. 28.)

---

[1] Unless otherwise noted, all exhibits referenced herein refer to the exhibits filed with Polaris's Motion to for Leave to Amend Infringement Contentions, filed herewith.

7. On October 2, 2026, Sandisk's counsel wrote noting that Polaris had proposed filing its motion for leave to amend with the Court on October 8, but that Sandisk requires more time to consider its position on the amendments and noted that, "Polaris now has additional time to file any such motion in light of the extension of the fact discovery cutoff date." (Ex. 29.)

8. On October 8, 2026, my colleague Rachael Chan emailed Sandisk's counsel, advising Sandisk that in light of information ascertained from the recent Rule 30(b)(6) depositions and ongoing source code review of the voluminous code that Sandisk had now produced, Polaris planned to serve supplemental infringement charts and move the Court for leave to amend its contentions by October 19. (Ex. 30.)

9. Sandisk's counsel responded that service of further supplemental charts would not provide it with enough time to provide its position on the motion for leave (even though it had substantially all the infringement claim charts for weeks prior), and stated that it: (i) would oppose the motion on the '085 patent because its witness on this patent testified that a certain accused feature was not present in the accused products (even though Sandisk's technical specification documents suggested otherwise); and (ii) would oppose the motion on the '968 patent because of an alleged deficiency in source code citations. (Ex. 30.)

10. On Friday, October 9, 2026, counsel for Polaris and counsel for Sandisk participated in a meet and confer by electronic teleconference to discuss various issues in the litigation, including the present motion for leave to amend infringement contentions.

11. With respect to the '968 patent, Sandisk represented that its objections on the '968 patent were based on purported deficiencies in source code citations, and if Polaris revises the charts to include pinpoint citations to source code, it would withdraw its objection on the '968 patent.

12. Sandisk did not raise any objection on the call, or in written

correspondence, to the '346 patent amended contentions. However, as of the signing of this declaration, Sandisk still has not communicated to Polaris its position on the '346 patent amended contentions.

13. On the October 9, 2026 meet and confer, I communicated to Sandisk's counsel that Polaris would serve further supplemental infringement charts by the end of the following week (October 16) that would incorporate pinpoint source code citations for all patents (based in part on code review of Sandisk's recently produced source code), and on the '085 patent, to narrow its infringement theories following the October 1 deposition of Sandisk's Rule 30(b)(6) witness on the '085 patent.

14. On October 13, Sandisk's counsel emailed Polaris' counsel, stating that "Sandisk proposes to provide its position on Polaris's motion for leave to amend its infringement contentions by Friday October 23." (Ex. 30.)

15. On October 14, I responded via email and: (i) I notified Sandisk that Polaris prefers to move the Court "sooner rather than later" in the event that Sandisk chooses to oppose the motion and that Polaris will plan on moving the Court for leave on October 19; (ii) I served a supplemental amended infringement contentions chart for the '085 patent narrowing the theories on that patent; (iii) I informed Sandisk that Polaris will serve a final set of charts on October 16, 2026 (to include pinpoint source code citations based in part on the recent source code review); and (iv) I requested Sandisk's position on whether it would oppose since at that time Sandisk had all of Polaris's proposed amended infringement contentions, other than the source code citations that would be served on October 16. (Exs. 17, 30.)

16. On October 16, I sent to Sandisk appendices of pinpoint source code citations for each of the Asserted Patents. In that email, I reminded Sandisk's counsel that we would like to get the Motion on file with the Court by October 19, given the impending expert report phase of the litigation. (Ex. 30.)

17. I asked for confirmation that Sandisk will not oppose the '968 patent amended contentions, given that the contentions have not changed from the

September 10, 2026 charts that were served on Sandisk other than Polaris adding pinpoint source code citations (as Sandisk had requested it do). (Ex. 30.)

18. I also asked for Sandisk's position on the '346 patent amendments given that Polaris is not changing the contentions that Sandisk had on September 21, 2026, other than to add pinpoint source code citations ascertained during the source code review, and two minor edits disclosed to Sandisk in the October 14 email. (Ex. 30.)

19. On the '085 patent, I noted that "Sandisk has had substantially these same infringement contentions for many weeks now, it should not take another full week for Sandisk to provide its positions on the motion for leave to amend contentions on this patent," and I asked for Sandisk to provide its position. (Ex. 30.)

20. On the afternoon of the filing of this Motion, Sandisk's counsel emailed Polaris' counsel to reiterate that Sandisk did not have sufficient time to provide its positions prior to Polaris' filing. (Ex. 30.) As of the signing of this declaration, Sandisk has not provided its final positions.

I declare under the penalties of perjury under the laws of the United States and that the foregoing is true and correct.

Executed on October 19, 2026.

Safraz W. Ishmael