# EXHIBIT 3

**KRAMER ALBERTI LIM**
**& TONKOVICH LLP**
Robert F. Kramer (SBN 181706)
rkramer@krameralberti.com
David Alberti (SBN 220625)
dalberti@krameralberti.com
Sal Lim (SBN 211836)
slim@krameralberti.com
Russell S. Tonkovich (SBN 233280)
rtonkovich@krameralberti.com
Hong Lin (SBN 249898)
hlin@krameralberti.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@krameralberti.com
Aidan Brewster (SBN 319691)
abrewster@krameralberti.com
950 Tower Lane, Suite 1725
Foster City, California 94404
Tel: 650 825-4300/Fax: 650 460-8443

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br>Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION, and WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**PLAINTIFF'S FIRST AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA PATENT LOCAL RULES 3-1 AND 3-2** |

Plaintiff Polaris PowerLED Technologies, LLC ("Plaintiff" or "Polaris") hereby serves its First Amended Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Disclosure") regarding infringement of U.S. Patent Nos. 8,554,968 ("the '968 Patent"), 9,183,085 ("the '085 Patent"), and 8,601,346 ("the '346 Patent") (collectively, "Asserted Patents") by Defendants Western Digital Corporation and Western Digital Technologies, Inc. ("Defendants") in accordance with Northern District of California Patent Local Rules ("P.L.R." or "Patent Local Rule(s)") 3-1 and 3-2. A document production accompanies this Disclosure.

Polaris bases this Disclosure on its current knowledge, understanding, and belief as to the facts and information available as of the date of this Disclosure. Polaris has not yet completed its investigation, collection of information, discovery, or analysis relating to this action, and additional discovery, including discovery from Defendants and third parties, may lead Polaris to amend, revise, and/or supplement this Disclosure. Polaris specifically reserves the right to amend, revise and/or supplement this Disclosure and/or accompanying exhibits in accordance with any Orders of record in this matter, the Patent Local Rules, and Federal Rule of Civil Procedure 26(e), as additional documents and information become available and as discovery and investigations proceed.

Polaris reserves the right to supplement, modify or amend this Disclosure to include additional products or services made, used, sold, or offered for sale in or imported into the United States by Defendants.

This Disclosure is made without prejudice to any position Polaris may take with respect to claim construction. Polaris reserves its right to supplement this Disclosure and exhibits based on the Court's claim construction. Polaris further reserves the right to introduce and use such supplemental materials at trial.

The information in this Disclosure is not an admission regarding the scope of any claims or the proper construction of those claims or any terms contained therein.

The production of documents accompanying this Disclosure is not an admission that such documents are admissible, and Polaris does not waive any objections regarding admissibility. Polaris reserves the right to supplement its production of documents upon identification or receipt of additional documents, including documents from third parties.

## I. DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE – PATENT LOCAL RULE 3-2

Pursuant to P.L.R. 3-2, Plaintiff identifies documents corresponding to the following categories by production number below:

| Category | Production Bates Numbers |
|---|---|
| P.L.R. 3-2(a): Documents (*e.g.*, contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party of joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. Plaintiff's production of any documents as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102. | Documents of this type will be produced insofar as Plaintiff has them. Plaintiff's investigation is ongoing, and it reserves the right to produce documents as discovery in this case continues. |
| P.L.R. 3-2(b): All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P.L.R. 3-1(f), whichever is earlier. | Documents of this type will be produced insofar as Plaintiff has them. Plaintiff's investigation is ongoing, and it reserves the right to produce documents as discovery in this case continues. |
| P.L.R. 3-2(c): A copy of the file history for each patent in suit. | POLARIS_WD00000001 - POLARIS_WD00000179; POLARIS_WD00000214 - POLARIS_WD00000409; POLARIS_WD00000435 - POLARIS_WD00001178 |

| | |
|---|---|
| P.L.R. 3-2(d): All documents evidencing ownership of the patent rights by the party asserting patent infringement. | POLARIS_WD00001230 - POLARIS_WD00001621 |
| P.L.R. 3-2(e): If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims. | N/A<br><br>Plaintiff's investigation is ongoing, and it reserves the right to produce documents as discovery in this case continues. |
| P.L.R. 3-2(f): All agreements, including licenses, transferring an interest in any patent-in-suit. | POLARIS_WD00001989 – POLARIS_WD00002385 |
| P.L.R. 3-2(g): All agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation. | Plaintiff's investigation is ongoing, and it reserves the right to produce documents as discovery in this case continues. |
| P.L.R. 3-2(h): All agreements that otherwise may be used to support the party asserting infringement's damages case. | Plaintiff's investigation is ongoing, and it reserves the right to produce documents as discovery in this case continues. |
| P.L.R. 3-2(i): If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g), documents sufficient to show marking of such embodying accused instrumentalities and if it wants to preserve the right to recover lost profits based on such products, sales, revenues, costs, and profits of such embodying accused instrumentalities. | N/A<br><br>Plaintiff's investigation is ongoing, and it reserves the right to produce documents as discovery in this case continues. |
| P.L.R. 3-2(j): All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s). | N/A<br><br>Plaintiff's investigation is ongoing, and it reserves the right to produce documents as discovery in this case continues. |

## II. ASSERTED CLAIMS – PATENT LOCAL RULE 3-1(a)

| Asserted Patent and Claim(s) | Statutory Subsection |
|---|---|
| '968 Patent: claims 1-3, 6-11, 14-18 | 35 U.S.C. § 271(a)-(c) |

| | |
|---|---|
| ’085 Patent: claims 1, 2, 4, 14, 15, 16 | 35 U.S.C. § 271(a)-(c) |
| ’346 Patent: claims 1-3, 5, 6, 10, 11, 14-16 | 35 U.S.C. § 271(a)-(c) |

Plaintiff specifically reserves the right to amend, revise, and/or supplement its asserted claims and statutory bases as it acquires additional information and discovery regarding Defendants’ activities, the Accused Instrumentalities (referenced below), and any other additional products or Accused Instrumentalities that are identified.

## III. ACCUSED INSTRUMENTALITIES – PATENT LOCAL RULE 3-1(b)

Plaintiff accuses in this case all Western Digital and SanDisk solid-state drive (“SSD”) products, and accuses Defendants of directly infringing and inducing and contributing to others making, using, offering for sale, selling, and importing into the United States the Accused Instrumentalities. Plaintiff identifies that the Accused Instrumentalities in this case consist of all SSD products made, offered for sale, sold, imported or used by Defendants in the United States from 2018 through the date of trial (and thereafter through the date of expiration of the Asserted Patents), including without limitation, all Western Digital and SanDisk branded SSD products, WD Black-branded SSDs, WD Red-branded SSDs, WD Blue-branded SSDs, WD Green-branded SSDs, WD Gold-branded SSDs, WD Ultrastar SSDs, WD PC-branded SSDs, WD CL-branded SSDs, WD Industrial-branded SSDs, WD My Passport SSDs, SanDisk-branded Portable SSDs, SanDisk-branded Extreme M.2 NVMe PCIe Gen 4.0 Internal SSDs and SanDisk-branded SSD PLUS M.2 NVMe PCIe Gen 3.0 Internal SSDs, as well as any other Western Digital and/or SanDisk branded SSD products that comprise analogous structures and functions and/or support NVMe (collectively “Accused Instrumentalities”). On December 16, 2024, Defendants provided some discovery regarding the structure and function of the WD Black-branded SSDs, but have refused to provide discovery on all Accused Instrumentalities until Plaintiff serves amended contentions providing evidence

regarding other product families. In these contentions, Plaintiff identifies representative Western Digital and SanDisk branded SSD products of which it is presently aware. Plaintiff has identified Accused Instrumentalities in this Disclosure and its exhibits by name and model as described by Western Digital's publicly available websites (*see*, *e.g.,* https://www.westerndigital.com/ and https://shop.sandisk.com/). Plaintiff's list of names and model numbers in this Disclosure and exhibits thereto is representative and also based on its current investigation of publicly available model numbers listed on third party websites. Plaintiff reserves the right to add additional products and model numbers as they are identified during discovery. To the extent that Western Digital has renamed its products, the list of Accused Instrumentalities below should be read to include both prior naming and any renaming Western Digital may adopt in the future. Nonexclusive list of examples of Accused Instrumentalities:

**A. '968 Patent**

| Asserted Claim(s) | Accused Instrumentalities |
|---|---|
| Claims 1-3, 6-11, 14-18 | All Western Digital and SanDisk solid-state drive ("SSD") products, including WD Black-branded SSDs, WD Red-branded SSDs, WD Blue-branded SSDs, WD Green-branded SSDs, WD Gold-branded SSDs, WD Ultrastar SSDs, WD PC-branded SSDs, WD CL-branded SSDs, WD Industrial-branded SSDs, WD My Passport SSDs, SanDisk-branded Portable SSDs, SanDisk-branded Extreme M.2 NVMe PCIe Gen 4.0 Internal SSDs and SanDisk-branded SSD PLUS M.2 NVMe PCIe Gen 3.0 Internal SSDs, as well as any other Western Digital and/or SanDisk branded SSD products that comprise analogous structures and functions and/or support NVMe. |

**B. '085 Patent**

| Asserted Claim(s) | Accused Instrumentalities |
|---|---|
| Claims 1, 2, 4, 14, 15, 16 | All Western Digital and SanDisk solid-state drive ("SSD") products, including WD Black-branded SSDs, WD Red-branded SSDs, WD Blue-branded SSDs, WD Green-branded SSDs, |

| | |
|---|---|
| | WD Gold-branded SSDs, WD Ultrastar SSDs, WD PC-branded SSDs, WD CL-branded SSDs, WD Industrial-branded SSDs, WD My Passport SSDs, SanDisk-branded Portable SSDs, SanDisk-branded Extreme M.2 NVMe PCIe Gen 4.0 Internal SSDs and SanDisk-branded SSD PLUS M.2 NVMe PCIe Gen 3.0 Internal SSDs, as well as any other Western Digital and/or SanDisk branded SSD products that comprise analogous structures and functions and/or support NVMe. |

### C. ’346 Patent

| Asserted Claim(s) | Accused Instrumentalities |
|---|---|
| Claims 1-3, 5, 6, 10, 11, 14-16 | All Western Digital and SanDisk solid-state drive (“SSD”) products, including WD Black-branded SSDs, WD Red-branded SSDs, WD Blue-branded SSDs, WD Green-branded SSDs, WD Gold-branded SSDs, WD Ultrastar SSDs, WD PC-branded SSDs, WD CL-branded SSDs, WD Industrial-branded SSDs, WD My Passport SSDs, SanDisk-branded Portable SSDs, SanDisk-branded Extreme M.2 NVMe PCIe Gen 4.0 Internal SSDs and SanDisk-branded SSD PLUS M.2 NVMe PCIe Gen 3.0 Internal SSDs, as well as any other Western Digital and/or SanDisk branded SSD products that comprise analogous structures and functions and/or support NVMe. |

## IV. CLAIM CHARTS – PATENT LOCAL RULE 3-1(c)

The claim charts in **Exhibit A** are representative of all the Accused Instrumentalities listed under the category “’968 Patent Accused Instrumentalities.” The claim charts in **Exhibit B** are representative of all the Accused Instrumentalities listed under the category “’085 Patent Accused Instrumentalities.” The claim charts in **Exhibit C** are representative of all the Accused Instrumentalities listed under the category “’346 Patent Accused Instrumentalities.”

## V. LITERAL INFRINGEMENT OR INFRINGEMENT UNDER DOCTRINE OF EQUIVALENTS – PATENT LOCAL RULE 3-1(e)

Each element of each of the asserted claims is literally present for all Accused Instrumentalities. The attached claim charts include, on an element-by-element basis, a statement explaining that the claim elements are present literally.

This Disclosure is based upon information that Plaintiff has been able to obtain publicly as Defendants have not yet made any production of documents relating to the Accused Instrumentalities in this matter. Plaintiff reserves the right to supplement

or amend as additional facts are ascertained in discovery, and Plaintiff expressly reserves its right to amend its contentions regarding infringement under the doctrine of equivalents after it obtains and has been able to analyze the necessary discovery from Defendants, as well as any relevant third parties. Plaintiff further reserves its right to amend its infringement contentions after receiving this Court's claim construction order.

## VI. PRIORITY DATES – PATENT LOCAL RULE 3-1(f)

The asserted claims are entitled to the priority dates identified below.

| Patent | Asserted Claims | Priority Date |
|---|---|---|
| '968 Patent | 1, 2, 3, 6-11, 14-18 | The asserted claims are entitled to a priority date at least as early as August 16, 2010, and possibly earlier than this date. |
| '085 Patent | 1, 2, 4, 14, 15, 16 | The asserted claims are entitled to a priority date at least as early as May 22, 2012, and possibly earlier than this date. |
| '346 Patent | 1-3, 5, 6, 10, 11, 14-16 | The asserted claims are entitled to a priority date at least as early as August 16, 2010, and possibly earlier than this date. |

## VII. POLARIS' PRODUCTS – PATENT LOCAL RULE 3-1(g)

Polaris is not currently relying on its own or any licensee's products or methods as practicing the asserted claims of the Asserted Patents. At the present time, to the best of its knowledge, Polaris does not market, sell, produce, or distribute any products that embody any of the asserted claims of the Asserted Patents. If Polaris learns of licensees' products or methods that may practice or have practiced the asserted claims of the Asserted Patents, it will amend this Disclosure.

## VIII. INFRINGEMENT AND DAMAGES PERIOD – PATENT LOCAL RULE 3-1(h)

If Polaris learns of facts responsive to this section of this Disclosure, it will provide an amended Disclosure.

## IX. WILLFUL INFRINGEMENT – PATENT LOCAL RULE 3-1(i)

Polaris accuses Defendants of willfully infringing the Asserted Patents both by their conduct prior to the date this case was filed as well as Defendants' conduct committed after this case was filed, including based on Defendants' knowledge of the Asserted Patents and knowing choice to commit infringement and to induce and contribute to infringement, and Defendants willfully infringe the Asserted Patents via its willful blindness of the facts and choice to continue infringing the Asserted Patents. If Polaris learns of facts responsive to this section of this Disclosure, it will provide an amended Disclosure.

Dated: January 13, 2025

By: */s/ Robert F. Kramer*

**KRAMER ALBERTI LIM & TONKOVICH LLP**
Robert F. Kramer (SBN 181706)
rkramer@krameralberti.com
David Alberti (SBN 220625)
dalberti@krameralberti.com
Sal Lim (SBN 211836)
slim@krameralberti.com
Russell S. Tonkovich (SBN 233280)
rtonkovich@krameralberti.com
Hong Lin (SBN 249898)
hlin@krameralberti.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@krameralberti.com
Aidan Brewster (SBN 319691)
abrewster@krameralberti.com
950 Tower Lane, Suite 1725
Foster City, California 94404
Tel: 650 825-4300
Fax: 650 460-8443

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

**CERTIFICATE OF SERVICE**

I, Morgan Nguyen, hereby declare:

I am over the age of eighteen years and not a party to this action. My business address is 950 Tower Lane, Suite 1725, Foster City, California 94404.

On January 13, 2025, I caused the foregoing document described as:

**PLAINTIFF'S FIRST AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA PATENT LOCAL RULES 3-1 AND 3-2**

to be served upon the following, at the addresses stated below, via email:

Kenneth G. Parker
ken.parker@haynesboone.com
David B. Clark
david.clark@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626

Stephanie N. Sivinski
stephanie.sivinski@haynesboone.com
Caroline W. Fox
caroline.fox@haynesboone.com
Marron E. Frith
marron.frith@haynesboone.com
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201

*Attorneys for Defendants Western Digital Corporation and Western Digital Technologies, Inc.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 13, 2025 in Foster City, California.

/s/ *Morgan Nguyen*
Morgan Nguyen