# EXHIBIT 7

Kenneth G. Parker, SBN 182911
Ken.parker@haynesboone.com
David B. Clark, SBN 275204
David.clark@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
T: (949) 202-3000 | F: (949) 202-3001

Stephanie N. Sivinski*
Stephanie.sivinski@haynesboone.com
Caroline W. Fox*
Caroline.fox@haynesboone.com
Marron E. Frith*
Marron.frith@haynesboone.com
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
T: (214) 651-5000 | F: (214) 651-5940
**Admitted Pro Hac Vice*

Attorneys for Defendants
*WESTERN DIGITAL CORPORATION,*
*WESTERN DIGITAL TECHNOLOGIES, INC.,*
*NEWEGG, INC., ZONES, LLC,*
*AND PRIVATE LABEL PC, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., NEWEGG, INC., ZONES, LLC, AND PRIVATE LABEL PC, LLC,<br><br>Defendants, | CASE NO. 2:24-cv-02864-ODW-MAR<br><br>**WESTERN DIGITAL CORPORATION AND WESTERN DIGITAL TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF POLARIS POWERLED TECHNOLOGIES, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-28)**<br><br>Hon. Otis D. Wright |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Western Digital Corporation and Western Digital Technologies, Inc. (collectively, "Western Digital" or "Responding Party") serves the following Responses and Objections to Plaintiff Polaris PowerLED Technologies, LLC's ("Polaris" or "Requesting Party") First Set of Requests for Production (the "Requests"), as follows.

## PRELIMINARY STATEMENT

Responding Party bases the below objections and responses to the Requests ("Objections" and "Responses," respectively) on information presently available and obtained through a reasonable search, and Responding Party reserves the right to supplement and amend these Objections and Responses as discovery progresses and as permitted by Fed. R. Civ. P. 26(e). Discovery is ongoing, and Responding Party is continuing to investigate and analyze the relevant facts and applicable law. Responding Party therefore objects and responds without prejudice to its rights to add, modify, or otherwise change or amend the Objections and Responses. Responding Party reserves the right to use or introduce into evidence information and documents responsive to the Requests that are located, identified, or obtained after the date of these Responses. Responding Party reserves all objections and other questions as to the competency, relevance, materiality, and/or admissibility of the Responses below and to any document or thing identified or provided in response to the Requests in any proceeding or hearing in this action or in any other action for any purpose.

Responding Party has responded to the Requests as it interprets and understands them with respect to the issues in this action. If Requesting Party asserts a different interpretation of any Request, Responding Party reserves the right to supplement or amend its Responses and/or Objections. Nothing in Responding Party's Objections or Responses or in its production of information or documents in response to any Request is an admission or indication that such information or documents are relevant or that any of the legal terms used in the Requests have any applicability in their legal sense to any information or documents produced by Responding Party in response to the

date of December 16, 2024

**REQUEST NO. 6:**

All source code files, including files comprising software, firmware, or RTL/Hardware Description Language code present on any Accused Products relating to NVMe.

**RESPONSE TO REQUEST NO. 6:**

Responding Party fully incorporates its General Objections and Qualifications as if specifically set forth herein. Responding Party objects to this Request as overly broad and unduly burdensome to the extent it seeks documents which are not relevant to any claim or defense in this action. In particular, Requesting Party has defined "Accused Products" as including, without limitation, WD Black-branded SSDs, WD Red-branded SSDs, WD Blue-branded SSDs, WD Green-branded SSDs, WD Gold-branded SSDs, WD Blue-branded SSDs, WD Ultrastar SSDs, WD PC-branded SSDs, WD CL-branded SSDs, WD Industrial-branded SSDs, WD My Passport SSDs, SanDisk-branded Portable SSDs, SanDisk-branded Extreme M.2 NVMe PCIe Gen 4.0 Internal SSDs and SanDisk-branded SSD PLUS M.2 NVMe PCIe Gen 3.0 Internal SSDs. However, Requesting Party has failed to provide "a chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality" in accordance with Local Patent Rule 3-1(c). Responding Party objects to this request to the extent it requests documents "relating to the Accused Products" as it requires Responding Party to speculate about which products are "Accused Products." Responding Party is willing to meet and confer with Requesting Party about Requesting Party's infringement contentions, but at this stage will limit its production to documentation about the WD Black-branded SSDs, which is the only product line included in Requesting Party's infringement contentions.

Responding Party objects to this request as premature as Patent Local Rule 3-4 requires the production of the requested material accompanying Invalidity Contentions. Responding Party will produce relevant and nonprivileged documents that are within

its possession, custody, or control that are responsive to this Request at the agreed upon date of December 16, 2024 subject to the guidelines and restrictions of the Protective Order.

**REQUEST NO. 7:**

All schematics, circuit diagrams, and data sheets relating to the Accused Products.

**RESPONSE TO REQUEST NO. 7:**

Responding Party fully incorporates its General Objections and Qualifications as if specifically set forth herein. Responding Party objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents unlimited as to time. Responding Party will not produce documents outside the statutory damages period. Responding Party further objects to this Request as vague and ambiguous, particularly the use of "relating to" requires Responding Party to speculate as to what falls withing the scope of documents "relating to" the Accused Products, and what falls outside of that scope. Responding Party objects to this Request as overly broad and unduly burdensome to the extent it seeks documents which are not relevant to any claim or defense in this action. In particular, Requesting Party has defined "Accused Products" as including, without limitation, WD Black-branded SSDs, WD Red-branded SSDs, WD Blue-branded SSDs, WD Green-branded SSDs, WD Gold-branded SSDs, WD Blue-branded SSDs, WD Ultrastar SSDs, WD PC-branded SSDs, WD CL-branded SSDs, WD Industrial-branded SSDs, WD My Passport SSDs, SanDisk-branded Portable SSDs, SanDisk-branded Extreme M.2 NVMe PCIe Gen 4.0 Internal SSDs and SanDisk-branded SSD PLUS M.2 NVMe PCIe Gen 3.0 Internal SSDs. However, Requesting Party has failed to provide "a chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality" in accordance with Local Patent Rule 3-1(c). Responding Party objects to this request to the extent it requests documents "relating to the Accused Products" as it requires Responding Party to speculate about which

products are "Accused Products." Responding Party is willing to meet and confer with Requesting Party about Requesting Party's infringement contentions, but at this stage will limit its production to documentation about the WD Black-branded SSDs, which is the only product line included in Requesting Party's infringement contentions. Responding Party further objects to this Request to the extent it requests documents concerning the Accused Product that are not relevant to the technology at issue. Responding Party will only produce documents about the Accused Product which are relevant to technology at issue.

Responding Party objects to this request as premature as Patent Local Rule 3-4 requires the production of the requested material accompanying Invalidity Contentions. Responding Party will produce relevant and nonprivileged documents that are within its possession, custody, or control that are responsive to this Request at the agreed upon date of December 16, 2024.

**REQUEST NO. 8:**

All schematics, data sheets, and other information obtained from suppliers of components used in the Accused Products.

**RESPONSE TO REQUEST NO. 8:**

Responding Party fully incorporates its General Objections and Qualifications as if specifically set forth herein. Responding Party objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents unlimited as to time. Responding Party will not produce documents outside the statutory damages period. Responding Party objects to this Request as overly broad and unduly burdensome to the extent it seeks documents which are not relevant to any claim or defense in this action. In particular, Requesting Party has defined "Accused Products" as including, without limitation, WD Black-branded SSDs, WD Red-branded SSDs, WD Blue-branded SSDs, WD Green-branded SSDs, WD Gold-branded SSDs, WD Blue-branded SSDs, WD Ultrastar SSDs, WD PC-branded SSDs, WD CL-branded SSDs, WD Industrial-branded SSDs, WD My

Passport SSDs, SanDisk-branded Portable SSDs, SanDisk-branded Extreme M.2 NVMe PCIe Gen 4.0 Internal SSDs and SanDisk-branded SSD PLUS M.2 NVMe PCIe Gen 3.0 Internal SSDs. However, Requesting Party has failed to provide "a chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality" in accordance with Local Patent Rule 3-1(c). Responding Party objects to this request to the extent it requests documents "relating to the Accused Products" as it requires Responding Party to speculate about which products are "Accused Products." Responding Party is willing to meet and confer with Requesting Party about Requesting Party's infringement contentions, but at this stage will limit its production to documentation about the WD Black-branded SSDs, which is the only product line included in Requesting Party's infringement contentions. Responding Party further objects to requests related to "other information" as vague and ambiguous because the term is not defined. Responding Party further objects to this Request to the extent it requests documents concerning the Accused Product that are not relevant to the technology at issue. Responding Party will only produce documents about the Accused Product which are relevant to technology at issue.

Responding Party objects to this request as premature as Patent Local Rule 3-4 requires the production of the requested material accompanying Invalidity Contentions. Responding Party will produce relevant and nonprivileged documents that are within its possession, custody, or control that are responsive to this Request at the agreed upon date of December 16, 2024.

**REQUEST NO. 9:**

All Documents regarding Western Digital's participation in preparation or development of NVM Express Base Specification, Revision 1.4.

**RESPONSE TO REQUEST NO. 9:**

Responding Party fully incorporates its General Objections and Qualifications as if specifically set forth herein. Responding Party objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent

broad and unduly burdensome to the extent it seeks documents which are not relevant to any claim or defense in this action. In particular, Responding Party objects to this request seeking "all … agreements with Panasonic" as seeking documents which are unrelated to the instant case. The overbreadth of this Request seeks to sweep within its scope documents that are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Responding Party is willing to meet and confer regarding the subject matter of this Request but will not be producing any documents responsive to this Request at this time.

Date: November 1, 2024

HAYNES AND BOONE, LLP

*/s/ Marron E. Frith*
Kenneth G. Parker
David B. Clark
Stephanie N. Sivinski
Caroline W. Fox
Marron E. Frith
WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., NEWEGG, INC., ZONES, LLC, AND PRIVATE LABEL PC, LLC.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred. My business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

On ***November 1, 2024***, I served the following document described as***: WESTERN DIGITAL CORPORATION AND WESTERN DIGITAL TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF POLARIS POWERLED TECHNOLOGIES, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-28)*** on the interested party in this action, addressed as follows, and in the manner so indicated:

| | |
|---|---|
| Robert F. Kramer<br>rkramer@krameralberti.com<br>David Alberti<br>dalberti@krameralberti.com<br>Sal Lim<br>slim@krameralberti.com<br>Russell S. Tonkovich<br>rtonkovich@krameralberti.com<br>Jeremiah Armstrong<br>jarmstrong@krameralberti.com<br>Hong S. Lin<br>hlin@krameralberti.com<br>Aidan Brewster<br>abrewster@krameralberti.com<br>577 Airport Blvd., Suite 250<br>Burlingame, A 94010<br><br>*[Attorneys for Plaintiff Polaris PowerLED Technologies, LLC]* | |

☐ **BY ELECTRONIC FILING.** I caused such document(s) to be electronically filed and served through the United States District Court's CM/ECF System for the within action. This service complies with the Federal Rules of Civil Procedure. The file transmission was reported as complete and a copy of the Court's Notice of Electronic Filing will be maintained with the original document(s) in our office.

☒ **BY ELECTRONIC DELIVERY.** I caused a true and correct copy of such document to be served via electronic delivery to the interested parties in this action as indicated above.

I declare that I am employed in the offices of a member of the bar of this Court at whose direction this service was made. Executed on ***November 1, 2024***, at San Clemente, California.

*/s/Tara Hamilton*
Tara Hamilton