# EXHIBIT 30

# FILED UNDER SEAL

**From:** Aseem Mehta <AMehta@keker.com>
**Sent:** Monday, October 19, 2026 2:40 PM
**To:** Safraz Ishmael <sishmael@kramerllp.com>; Rachael Chan <rchan@kramerllp.com>; PPOWER-KVP <PPOWERKVP@keker.com>
**Cc:** KramerLLP-Polaris-Sandisk <kramerllp-polaris-Sandisk@kramerllp.com>; Peggy Dayton <peggy@umklaw.com>
**Subject:** RE: Polaris v. SanDisk - L.R. 37-1 Communication

Counsel,

As noted in my emails on October 13 and 15, Polaris's service of its proposed amended/supplemental contentions on Friday, October 16 and plan to file its motion for leave to amend today, Monday, October 19, does not provide Sandisk with sufficient time to review and take a position on Polaris's motion.

Accordingly, as stated previously, Sandisk reserves all rights to oppose Polaris's forthcoming motion including, but not limited to, for the reasons set forth in my October 8 email.

Sandisk agrees with Polaris's plan to file the amended contentions under seal with the Court, given that they contain confidential information as designated under the Protective Order.

Regards,
Aseem

**Aseem Mehta** (he/him)
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2326 direct | 415 391 5400 main
amehta@keker.com | vcard | keker.com

**From:** Safraz Ishmael <sishmael@kramerllp.com>
**Sent:** Friday, October 16, 2026 3:11 PM
**To:** Aseem Mehta <AMehta@keker.com>; Rachael Chan <rchan@kramerllp.com>; PPOWER-KVP <PPOWERKVP@keker.com>
**Cc:** KramerLLP-Polaris-Sandisk <kramerllp-polaris-Sandisk@kramerllp.com>; Peggy Dayton <peggy@umklaw.com>
**Subject:** Re: Polaris v. SanDisk - L.R. 37-1 Communication

**[EXTERNAL]**

Aseem:

As per our earlier correspondence regarding Polaris's amendments to the infringement contentions, attached are the following additions to the infringement contentions:

1. Appendix of source code citations relevant to the '968 patent;
2. Appendix of source code citations relevant to the '346 patent;

3. Appendix of source code citations relevant to the '085 patent.

These source code citation appendices are the only additions to Polaris's infringement contentions that were already served on Sandisk on September 10, 2026 (for the '968 patent), and on September 21, 2026 (for the '346 patent), other than the minor edits identified in our Oct. 14 correspondence below.

With respect to the '968 patent, on our October 9 meet and confer, Sandisk represented that it does not intend to oppose Polaris's motion for leave to amend infringement contentions, if all Polaris will do is add source code citations (as Sandisk requested that Polaris do). As Polaris has now added those very source code citations to its contentions via the appendix attached hereto, please confirm that Sandisk will not oppose Polaris's motion for leave to amend contentions with respect to the '968 patent.

With respect to the '346 patent, on our October 9 meet and confer and the correspondence prior to that meet and confer, Sandisk did not raise any issues with the amendments to the '346 patent infringement contentions (which were served on Sandisk on September 21, 2026). Polaris is not changing the contentions served on September 21 and is simply adding source code citations (via the appendix attached hereto), similar to what we did for the '968 patent. As such, please confirm that Sandisk will not oppose Polaris's motion to amend contentions with respect to the '346 patent.

With respect to the '085 patent, Polaris is not changing its contentions served on September 21, but has now served (on Wednesday, Oct. 14) a supplemental chart that cites substantially the same evidence disclosed on September 21 with further explanations for each claim element in light of the deposition of Eran Sharon that took place on October 1. And today, Polaris is adding source code citations to those contentions (via the appendix attached hereto) as we have done for the other two patents. As such, and as Sandisk has had substantially these same infringement contentions for many weeks now, it should not take another full week for Sandisk to provide its positions on the motion for leave to amend contentions on this patent.

As we previously discussed, we would like to get this issue before the Court by Monday, October 19, because of the impending expert report phase of the case; please let us know Sandisk's position with respect to the amended contentions for the '085 patent. Given that the contentions contain Sandisk's confidential information as designated under the Protective Order, we will also plan on filing the amended contentions under seal with the Court, unless you tell us otherwise.

Best,

Safraz.

**Safraz Ishmael** | Partner
**Kramer LLP**
560 Harrison Avenue, Suite 214
Boston, MA 02118
(D) 617.510.4871
sishmael@kramerllp.com | kramerllp.com | biography
Silicon Valley • New York • Austin • Boston • Washington, D.C.

Confidentiality Notice: This communication is for the intended recipient only and may be privileged. Unauthorized use is prohibited.

**From:** Aseem Mehta <AMehta@keker.com>
**Sent:** Thursday, October 15, 2026 8:25 PM
**To:** Safraz Ishmael <sishmael@kramerllp.com>; Rachael Chan <rchan@kramerllp.com>; PPOWER-KVP <PPOWERKVP@keker.com>
**Cc:** KramerLLP-Polaris-Sandisk <kramerllp-polaris-Sandisk@kramerllp.com>; Peggy Dayton <peggy@umklaw.com>
**Subject:** RE: Polaris v. SanDisk - L.R. 37-1 Communication

Safraz,

Thanks for your message and we confirm receipt of the supplemental chart referenced in your email.

We understand from your message that Polaris intends to proceed with filing its motion for leave to amend its infringement contentions on Monday, October 19. Consistent with my October 13 email, Sandisk is unable to take a position on Polaris's forthcoming motion for leave to amend at this time because we have not yet seen or reviewed the revisions and supplements that Polaris proposes to make. Further, as noted, we will not have sufficient time to review the proposed supplements that Polaris indicates it will provide on Friday October 16 and take a position on Polaris's motion on the timeline you have proposed.

Accordingly, Sandisk reserves all rights to oppose Polaris's forthcoming motion including, but not limited to, for the reasons set forth in my October 8 email.

Regards,
Aseem

**Aseem Mehta** (he/him)
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2326 direct | 415 391 5400 main
amehta@keker.com | vcard | keker.com

**From:** Safraz Ishmael <sishmael@kramerllp.com>
**Sent:** Wednesday, October 14, 2026 5:16 PM
**To:** Aseem Mehta <AMehta@keker.com>; Rachael Chan <rchan@kramerllp.com>; PPOWER-KVP <PPOWERKVP@keker.com>
**Cc:** KramerLLP-Polaris-Sandisk <kramerllp-polaris-Sandisk@kramerllp.com>; Peggy Dayton <peggy@umklaw.com>
**Subject:** Re: Polaris v. SanDisk - L.R. 37-1 Communication

**[EXTERNAL]**

Aseem:

Thanks for your response on the proposed timeline for Polaris's motion for leave to amend the infringement contentions. However, we would prefer to move the court sooner rather than later, in the event that Sandisk chooses to oppose the motion. As such, we plan on moving for leave of Court on **Monday, October 19.**

That said, with respect to the '968 patent infringement contentions served on September 10, and the '346 patent infringement contentions served on September 21, we do not intend on making substantive revisions other than adding source code citations and the clarifying edits noted below. As such, we hope based on the representations on our call last Friday that Sandisk can agree not to oppose the motion on these two patents. We expect to serve the revised versions with the source code citations added by Friday.

- **'968 patent:** In addition to source code cites, we intend to add a footnote to clarify that the chart applies to accused products that use any [redacted].
- **'346 patent:** In addition to source citations, we intend to add the following sentences:
    - Last paragraph of page 5: [redacted]
    - In element 1b3: [redacted]

With respect to the **'085 patent,** we expect to use the same infringement contentions claim chart served on September 21, with **a supplemental chart** in light of information that came to light in the Eran Sharon deposition and recently produced documents and source code. We will send the supplemental '085 chart under separate cover this evening due to the file size; please let us know if you do not receive it and we will provide a link. We also expect to add source code citations to this supplemental chart this week and will plan on serving a revised version with the code citations on Friday.

**Sandisk should now have all our proposed infringement contentions for the motion for leave**, other than the source code citations for each patent, which we expect to serve on Friday. Please let us know Sandisk's position on whether it will oppose the motion for leave, and if so, the complete basis on which it will oppose.

Additionally, as the claim charts contain information Sandisk has designated as protected information under the Protective Order, we propose that the entirety of the claim charts be filed under seal. Please let us know if you agree, or if not, please send us your proposed redactions.

Best,

Safraz.

**Safraz Ishmael** | Partner
**Kramer LLP**
560 Harrison Avenue, Suite 214
Boston, MA 02118
(D) 617.510.4871
sishmael@kramerllp.com | kramerllp.com | biography
Silicon Valley • New York • Austin • Boston • Washington, D.C.

Confidentiality Notice: This communication is for the intended recipient only and may be privileged. Unauthorized use is prohibited.

---

**From:** Aseem Mehta <AMehta@keker.com>
**Sent:** Tuesday, October 13, 2026 8:30 PM
**To:** Rachael Chan <rchan@kramerllp.com>; PPOWER-KVP <PPOWERKVP@keker.com>
**Cc:** KramerLLP-Polaris-Sandisk <kramerllp-polaris-Sandisk@kramerllp.com>; Peggy Dayton <peggy@umklaw.com>
**Subject:** RE: Polaris v. SanDisk - L.R. 37-1 Communication

Counsel,

Thank you for your message.

Following up from Friday's discussion, based on your representation that Polaris will provide its proposed supplemented infringement contentions by Friday October 16, Sandisk proposes to provide its position on Polaris's motion for leave to amend its infringement contentions by Friday October 23.

Regards,
Aseem

---

**Aseem Mehta** (he/him)
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2326 direct | 415 391 5400 main
amehta@keker.com | vcard | keker.com

**From:** Rachael Chan <rchan@kramerllp.com>
**Sent:** Friday, October 9, 2026 2:21 PM
**To:** Aseem Mehta <AMehta@keker.com>; PPOWER-KVP <PPOWERKVP@keker.com>
**Cc:** KramerLLP-Polaris-Sandisk <kramerllp-polaris-Sandisk@kramerllp.com>; Peggy Dayton <peggy@umklaw.com>
**Subject:** Re: Polaris v. SanDisk - L.R. 37-1 Communication

**[EXTERNAL]**

---

Aseem and Erin,

Thank you for the very productive call we had this afternoon. We wanted to quickly respond as to the FADU document and amendment of the infringement contentions issues.

We have chosen to not proceed at this time with the L.R. 37 motion to compel process concerning the issues identified in my September 29 L.R. 37-1 letter. This decision is based on your representations that you have identified and are investigating additional [redacted]

Furthermore, on the amendments to the infringement contentions, we understand that you will get back to us with a timeline that works for Sandisk regarding Polaris' formal motion to amend the contentions, given that we will serve our proposed supplemented infringement contentions by end of next week. We understand that Sandisk's objections on the '968 patent was based on the source code citations, and as part of the proposed supplemented contentions, we plan on inserting pinpoint citations to the printed source code to remedy this issue.

Have a good weekend,

**Rachael Chan** | Counsel
**Kramer LLP**
303 Twin Dolphin Drive
Suite 600
Redwood City, CA 94065
(D) 212.835.6771
rchan@kramerllp.com | kramerllp.com | biography
Silicon Valley • New York • Austin • Boston • Washington, D.C.

Confidentiality Notice: This communication is for the intended recipient only and may be privileged. Unauthorized use is prohibited.

---

**From:** Rachael Chan <rchan@kramerllp.com>
**Sent:** Friday, October 9, 2026 11:57 AM
**To:** Aseem Mehta <AMehta@keker.com>; PPOWER-KVP <PPOWERKVP@keker.com>
**Cc:** KramerLLP-Polaris-Sandisk <kramerllp-polaris-Sandisk@kramerllp.com>; Peggy Dayton <peggy@umklaw.com>
**Subject:** Re: Polaris v. SanDisk - L.R. 37-1 Communication

Counsel:
If an October 19 motion filing date will not work for Sandisk, please propose an alternative timeline given that we expect to amend the infringement charts to at least add code citations from the code review taking place this week, and in light of the recent Rule 30(b)(6) deposition testimony.

Additionally, we would like to discuss Sandisk's reasoning as to why it intends to oppose the motion for leave to amend contentions, and we are willing to work cooperatively with Sandisk to amend the contentions in a way that's mutually fair to both parties.

We now briefly address your points below. With respect to the '085 patent and [redacted]

Additionally, it is quite a bold statement for Sandisk to contend that [redacted]

Moreover, the fact that Sandisk may disagree with Polaris's infringement contentions is not a reasonable basis to oppose a motion for leave to amend contentions.

On the '968 patent, at the time we served the '968 patent amended contentions on September 10, we did not have the source code printouts. Now that we have those source code printouts, we expect to update the contentions next week to add specific source code citations. Will Sandisk withdraw its opposition to the motion for leave to amend the '968 patent contentions upon Polaris' serving specific source code citations as you requested?

Finally, do you have a basis for opposing the motion for leave to amend contentions with respect to the '346 patent?

**Rachael Chan** | Counsel
**Kramer LLP**
303 Twin Dolphin Drive
Suite 600
Redwood City, CA 94065
(D) 212.835.6771
rchan@kramerllp.com | kramerllp.com | biography
Silicon Valley • New York • Austin • Boston • Washington, D.C.

Confidentiality Notice: This communication is for the intended recipient only and may be privileged. Unauthorized use is prohibited.

---

**From:** Aseem Mehta <AMehta@keker.com>
**Sent:** Thursday, October 8, 2026 8:58 PM
**To:** Rachael Chan <rchan@kramerllp.com>; PPOWER-KVP <PPOWERKVP@keker.com>
**Cc:** KramerLLP-Polaris-Sandisk <kramerllp-polaris-Sandisk@kramerllp.com>; Peggy Dayton <peggy@umklaw.com>
**Subject:** RE: Polaris v. SanDisk - L.R. 37-1 Communication

**** CONTAINS HC-AEO INFORMATION – SUBJECT TO PROTECTIVE ORDER *****

Counsel,

Thank you for your proposal. The timeline you have suggested – Polaris providing further proposed amended charts at the end of next week and filing a motion for leave to amend on October 19 – will not permit Sandisk sufficient time to review those further changes and provide a position on Polaris's motion.

We are amenable to conferring tomorrow regarding the *current* versions of Polaris's proposed amended contentions. To facilitate that discussion, we note that Sandisk opposes Polaris's proposed motion for leave to amend its infringement contentions for at least two reasons:

1. The discovery Polaris has obtained to date confirms that there is no evidentiary basis for its allegations that the accused Sandisk and Western Digital products infringe any asserted '085 patent claims. Polaris's infringement theory for the asserted '085 patent claims hinges on the premise that [redacted]

   Discovery has now confirmed that [redacted]

   [redacted] Polaris lacks any good-faith basis under Fed. R. Civ. P. 11(b) to proceed with its proposed amended infringement contentions as to the '085 patent. Furthermore, to the extent Polaris contends that [redacted]

In view of these deficiencies, we served Polaris with a Section 285 Notice letter this morning. If Polaris does not promptly dismiss its infringement claim for the '085 patent, we will seek reimbursement of our attorney's fees.

2. Polaris's proposed amended infringement contentions as to the '968 patent, served September 10, 2026, repeat the following boilerplate assertion for every claim limitation:

[redacted]

This generic citation to the same set of source code modules as to every claim limitation does not provide Sandisk with sufficient notice as to [redacted] and which lines of code therein—are being relied upon by Polaris as allegedly satisfying each limitation. This deficiency renders Polaris's proposed amended infringement contentions as to the '968 patent materially deficient under Patent Local Rule 3-1. These deficiencies are prejudicial to Sandisk because they obscure the specific functionality in each accused instrumentality that Polaris contends infringes the asserted patent claims. Without sufficient notice of those theories and the evidence on which Polaris's Contentions rely, Sandisk is prejudiced in preparing its defenses.

In addition, as to all portions of Polaris's proposed amended contentions not specifically addressed above, Sandisk does not agree that Polaris's proposed amendments are sufficient or meet the requirements of the N.D. Cal. Patent Local Rules. Sandisk reserves all rights to challenge the sufficiency of the assertions contained therein.

Regards,
Aseem

**Aseem Mehta** (he/him)
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2326 direct | 415 391 5400 main
amehta@keker.com | vcard | keker.com

**From:** Rachael Chan <rchan@kramerllp.com>
**Sent:** Thursday, October 8, 2026 10:15 AM
**To:** Aseem Mehta <AMehta@keker.com>; PPOWER-KVP <PPOWERKVP@keker.com>
**Cc:** KramerLLP-Polaris-Sandisk <kramerllp-polaris-Sandisk@kramerllp.com>; Peggy Dayton

<peggy@umklaw.com>
**Subject:** Re: Polaris v. SanDisk - L.R. 37-1 Communication

**[EXTERNAL]**

---

Counsel:

We understand that you are still considering Polaris' second amended infringement contentions we served on September 21, and your position on our proposed motion for formal leave to amend the contentions.

As Polaris has now taken Rule 30(b)(6) depositions on some of the relevant accused technology and is in the process of reviewing the produced source code given the recent source code productions made by Sandisk, we expect to further amend the infringement contentions in light of information ascertained from the depositions and the code review. We will plan on serving those amended charts at the end of next week and file our motion for leave to amend contentions on October 19. (Polaris also reserves all rights to further amend contentions based on late produced documents in the litigation.)

Given this timeline, the parties should confer tomorrow about the contentions to see where we are in terms of any disputes and narrowing such disputes, and continue to confer next week so that any motion to the Court can be as narrow as possible to avoid unnecessarily burdening the Court with matters on which the parties can reasonably agree. We'll plan on raising this issue as an agenda item on our meet and confer call already scheduled for tomorrow.

Regards,

**Rachael Chan** | Counsel
**Kramer LLP**
303 Twin Dolphin Drive
Suite 600
Redwood City, CA 94065
(D) 212.835.6771
rchan@kramerllp.com | kramerllp.com | biography
Silicon Valley • New York • Austin • Boston • Washington, D.C.

Confidentiality Notice: This communication is for the intended recipient only and may be privileged. Unauthorized use is prohibited.