# REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC B. HANSON #254570
ehanson@keker.com
KELLY S. KAUFMAN #328827
kkaufman@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**DEFENDANTS' STATEMENT OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Dept: Courtroom 5D, 5th Floor<br>Judge: Hon. Otis D. Wright II<br><br>Date Filed: April 9, 2024<br><br>Trial Date: June 15, 2027 |

Plaintiff Polaris PowerLED Technologies, LLC ("Polaris") moved for leave to amend its infringement contentions to add citations to source code and other information made available after Polaris served its January 2025 contentions. *See* Dkt. 146 at 1, 3. After reviewing the proposed amendments, Defendants Sandisk Corporation and Sandisk Technologies, Inc. (collectively, "Sandisk") do ***not*** oppose that procedural request. *See* C.D. Cal. L.R. 7-9(b). Sandisk, however, has two grave concerns about the substance of the proposed amendments, both addressed below.

***Too many claims.*** Polaris is asserting 30 claims in its amended infringement contentions. That is too many asserted claims going into expert discovery and dispositive motions, and far too many patent claims to try to a jury. District courts may limit the number of patent claims asserted in an action for patent infringement for the sake of judicial economy and management of a court's docket. *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011); *see also Universal Elecs. Inc. v. Roku Inc.*, No. SACV181580JVSADX, 2019 WL 1878351, at *5 (C.D. Cal. Mar. 14, 2019) (ordering the patentee to narrow its asserted claims to three or four claims per patent prior to claim construction). Should the Court desire briefing on the issue of a claim-reduction and election requirement, Sandisk suggests the parties provide briefs of no more than 5 pages per side on this issue.

***The '085 patent.*** The discovery Polaris has received to date, including source code and deposition testimony from Sandisk engineers, confirms that Polaris's proposed amended allegations of infringement of U.S. Patent No. 9,183,085 ("the '085 patent") are frivolous. *See* Fed. R. Civ. P. 11(b); *see also* 35 U.S.C. § 285. Polaris does not have a good-faith evidentiary basis to continue pursuing its allegations that the accused products infringe any asserted '085 patent claims.

The Court has described the '085 patent as follows, which largely comes from Polaris's own description of the '085 patent in its technology tutorial:

> Over time, SSDs degrade and make more errors. To fix those errors, an SSD controller uses an "Error Correction Code," or ECC, to fix those mistakes and recover lost data. The '085 Patent describes a system that chooses from different ECCs, or "gears," depending on the bit error rate ("BER") it observes. When the system observes a higher BER (meaning higher degradation), it selects a corresponding gear that provides greater error-correction capabilities but reduces available storage. When the system observes a lower BER, it selects a corresponding gear that provides fewer error-correction capabilities but more storage.

Dkt. 133 at 4. The Court also construed the '085 claim terms "Error correction coding (ECC) schemes" / "ECC Schemes" as "[a]n approach to applying ECC to encode data for storage and decode the encoded data to recover the original data." *Id.* at 19-20. The Court's construction confirms that "ECC schemes" in the asserted '085 patent claims must be "capable of encoding and decoding data." *Id.* at 20.

Polaris's amended contentions for the '085 patent offer no competent evidence that the accused products use "ECC Schemes" that "encode data for storage" or that changing between "predefined gears" as the asserted '085 patent claims require reduces available storage or creates more storage depending on the gear. *Id.* at 19-20. Polaris's theory [redacted] to satisfy the asserted claims' data-encoding limitations. *See, e.g.,* Dkt. 148-3 (Polaris's Proposed Amended Infringement Contentions as to the '085 Patent) at 12, 63, 64, 98, 126, 134, 200, 397, 398, 628, 665, 671–72, 676–77, and 688. Polaris [redacted] to meet core limitations of independent claims 1 and 15, including the requirements that the claimed "method of selecting an error correction coding (ECC) scheme" includes "predefined gears" which have "a different data payload size and correction capability" and that the "memory space allocated for the storage of data payload . . . varies between the first gear and the second gear to accommodate a varying number of parity symbols" (claim 1), and that "the predefined gears correspond to different error correction coding (ECC) schemes" (claim 15). *See id.* But those contentions cite only to draft

technical and design specifications [redacted]. *See id.* Polaris's amended contentions [redacted]

[redacted]

[redacted]; Dkt. 133 at 19-20. Polaris therefore lacks a good-faith evidentiary basis to continue asserting infringement of the '085 patent against Sandisk, [redacted]

Given these material deficiencies, Sandisk has already notified Polaris of its

intent to seek the recovery of its attorneys' fees incurred defending against these meritless claims if Polaris continues to pursue them in this litigation. *See* Wong Decl., Ex. B (October 9, 2026 Ltr. to Counsel for Polaris); 35 U.S.C. § 285.

* * *

While Sandisk does not oppose Polaris's motion for leave to amend its infringement contentions to add citations to source code and other information made available after Polaris served its January 2025 contentions, Sandisk reserves all rights to challenge the sufficiency of Polaris's proposed amended infringement contentions for each asserted patent (the '085 patent, U.S. Patent No. 8,554,968, and U.S. Patent No. 8,601,346) substantively and under the N.D. Cal. Patent Local Rules. None of Polaris's proposed amended contentions establishes infringement, literal or otherwise, or complies with the N.D. Cal. Patent Local Rules.

Respectfully submitted,

Dated:October 26, 2026 KEKER, VAN NEST & PETERS LLP

By: */s/ Aseem Mehta*
RYAN K. WONG
ERIN E. MEYER
ERIC B. HANSON
KELLY S. KAUFMAN
ASEEM MEHTA
AMRUTHA DORAI

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned certifies that this submission X does not use __ uses generative artificial intelligence.

/s/ Aseem Mehta
Aseem Mehta

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 1155 words, which complies with the word limit of L.R. 11-6.1.

/s/ Aseem Mehta
Aseem Mehta