# EXHIBIT B

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

KEKER VAN NEST & PETERS

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Ryan K. Wong**
(415) 773-6682
rwong@keker.com

October 8, 2026

**VIA EMAIL**

Safraz Ishmael
Kramer LLP
560 Harrison Avenue, Suite 214
Boston, MA 02118
617.510.4871
sishmael@kramerllp.com

**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

Re: Notice under 35 U.S.C. § 285 regarding frivolous infringement allegations for U.S. Patent No. 9,183,085 in *Polaris PowerLED Technologies, LLC v. Sandisk Corp. et al.*, 2:24-cv-02864-ODW-MAR (C.D. Cal.)

Counsel:

I write to request that Polaris PowerLED Technologies, LLC ("Polaris") promptly withdraw its frivolous claims of infringement of U.S. Patent No. 9,183,085 ("the '085 patent") against Sandisk Corporation and Sandisk Technologies, LLC ("Sandisk"). The discovery Polaris has obtained to date confirms that there is no evidentiary basis for its allegations that the accused Sandisk and Western Digital products infringe any asserted '085 patent claims. Polaris should therefore dismiss its infringement claims for the '085 patent with prejudice. If Polaris refuses to do so, Sandisk will seek reimbursement for attorneys' fees under 35 U.S.C. § 285.

Polaris's infringement theory for the asserted '085 patent claims [redacted]) to satisfy multiple limitations of the asserted claims. Polaris's reliance on [redacted] is confirmed by its proposed Second Amended Infringement Contentions, which it served on September 21, 2026. In those contentions, Polaris relies on [redacted] to meet several of the core limitations of independent claims 1 and 15, including the requirements that the claimed "predefined gears" have "a different data payload size and correction capability" and that the "memory space allocated for the storage of data payload . . . varies between the first gear and the second gear to accommodate a varying number of parity

**CONTAINS HC-AEO INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**



symbols." Polaris's proposed Second Amended Infringement Contentions [redacted]

Discovery has now confirmed that [redacted]

Specifically, at the October 1, 2026 deposition of Dr. Sharon, Sandisk's designated witness on "ECC Selection" topics, Dr. Sharon testified [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

In addition to confirming [redacted]

Because [redacted]. Dr. Sharon, of course, would know this, as he has been working on Sandisk's ECC techniques for two decades and was one of the engineers who invented the multi-mode LDPC error checking techniques that have been used in Sandisk's products since at least 2006 (many years before the '085 patent's priority date).

Given this evidence, Polaris lacks any good-faith, evidentiary basis to continue asserting the '085 patent against Sandisk. If Polaris does not promptly dismiss with prejudice its infringement claims for the '085 patent, Sandisk will seek reimbursement for all attorneys' fees incurred in defending against Polaris's meritless claims for this patent. *See* 35 U.S.C. § 285; *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014); *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1379–80 (Fed. Cir. 2017); *MicroStrategy Inc. v. Crystal Decisions, Inc.*, 555 F. Supp. 2d 475, 480–81 (D. Del. 2008); *Phonometrics, Inc. v. Choice Hotels Int'l, Inc.*, 186 F. Supp. 2d 1231, 1234 (S.D. Fla. 2002); *Eltech Sys. Corp. v. PPG Indus., Inc.*, 710 F. Supp. 622, 636–38 (W.D. La. 1988).

Please confirm in writing by **October 16, 2026** that Polaris will withdraw its infringement claims under the '085 patent with prejudice. Sandisk reserves all rights, including its rights with respect to the remaining asserted patents.

Regards,

**KEKER, VAN NEST & PETERS LLP**

Ryan K. Wong