KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC B. HANSON #254570
ehanson@keker.com
KELLY S. KAUFMAN #328827
kkaufman@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PLAINTIFF'S SUPPLEMENTAL CERTIFICATION AND NOTICE OF INTERESTED PARTIES**<br><br>Dept: Courtroom 5D, 5th Floor<br>Judge: Hon. Otis D. Wright II<br><br>Date Filed: April 9, 2024<br><br>Trial Date: June 15, 2027 |

Defendants Sandisk Corporation and Sandisk Technologies, Inc. ("Sandisk") oppose Plaintiff's ("Polaris") Application to seal portions of its Supplemental Certification and Notice of Interested Parties. Dkt. 160 (the "Application"). Polaris filed this action and its original Civil L.R. 7.1-1 Notice of Interested Parties on April 9, 2024. Dkt. 4. More than two-and-a-half years later, it discloses "additional corporate entities" with a "pecuniary interest in the outcome of the case," yet asks the Court to hide their identities. Dkt. 160. The Application should be denied. The information Polaris seeks to seal has been public for years, since before this case began, and Polaris offers no explanation for failing to disclose it at the outset as the Local Rules require. Polaris should not be permitted to keep obscuring the identity of these interested entities.[1]

First, sealing is unwarranted because the information is already public. A party seeking to seal a judicial record "bears the burden of overcoming th[e] strong presumption [in favor of public access] by meeting the 'compelling reasons' standard," and must "articulate compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). Even where the lesser "good cause" standard applies, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), the movant must show "that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Polaris cannot carry its burden under either standard because the information it seeks to seal is information that has been public for years. In 2019, a district court discussed at length one interested entity's right to obtain "96% of Polaris's 'net operating cash.'" *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, No.

[1] Sandisk's position is that the identities of the interested entities constitute publicly available information and should not be subject to sealing, but in light of Polaris's pending motion, Sandisk avoids mentioning the names of the entities in this opposition so that it may be filed publicly.

2:17-cv-00715-JRG, ECF No. 191 at 5–6 (E.D. Tex. Mar. 28, 2019). And in 2024, counsel for the other entity stated in open court that "proceeds from any licensing revenue" Polaris received would flow back to that entity. *See Samsung Elecs. Co. v. Microchip Tech. Inc.*, No. 1:24-mc-00269 (GHW) (SDA), Dkt. No. 60 at 17:8–10 (S.D.N.Y. Sept. 3, 2024). That court therefore refused to seal information about the entity's "financial stake in the outcome of" litigation involving Polaris because it had already been disclosed. *See id.*, Dkt. No. 65 at 6 n.3 (S.D.N.Y. Sept. 12, 2024).

Given these prior disclosures, Polaris cannot show that disclosure will cause any specific harm. *See, e.g., Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 4718104, at *3 (N.D. Cal. Sept. 28, 2012) (information "already publicly available" through "documents from other court cases that have not been sealed" does not meet good cause standard); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-cv-01614-JLS-JCG, 2017 WL 1836351, at *3 (C.D. Cal. Mar. 28, 2017) (no good cause to seal documents that are "publicly available and/or several years old"); *L.S. v. Henderson*, No. 20-CV-04637-VC, 2021 WL 5149067, at *1 (N.D. Cal. Nov. 5, 2021) ("No good cause exists to seal documents that are already publicly available elsewhere"); *CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir. 1985) (unsealing materials where "most of the information … concerns matters that might easily be surmised from what is already in the public record").

Second, Polaris's request conflicts with Civil Local Rule 7.1-1, which exists "[t]o enable the Court to evaluate possible disqualification or recusal," Civ. L.R. 7.1-1, and its years-long delay in making this required disclosure to the Court should not be rewarded by continued secrecy. Indeed, Polaris only filed this supplemental disclosure after Sandisk inquired about the absence of the interested entities in the initial disclosure.

The Rule requires counsel to file "with their first appearance" a Notice listing every entity "that may have a pecuniary interest in the outcome of the case." *Id.* It

makes no provision for secret disclosures. Its only exception to first-appearance disclosure is an amended Notice filed "promptly" after a "material change," such as "a merger or acquisition." *Id.* Polaris identifies no such change and offers no justification for its two-and-a-half-year delay. To the contrary, the public record shows these entities' interests predate this litigation.

The Court should deny the Application and direct Polaris to file its Supplemental Notice of Interested Parties publicly and without redaction.

Dated: October 29, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Aseem Mehta*
RYAN K. WONG
ERIN E. MEYER
ERIC B. HANSON
KELLY S. KAUFMAN
ASEEM MEHTA
AMRUTHA DORAI

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned certifies that this submission X does not use __ uses generative artificial intelligence.

*/s/ Aseem Mehta*
Aseem Mehta

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 730 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Aseem Mehta*
Aseem Mehta