KRAMER LLP
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice*)
nglauser@kramerllp.com
Rachael Chan (SBN 265002)
rchan@kramerllp.com
500 W.2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION, and SANDISK TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Discovery Cutoff: Nov. 13, 2026<br>Pretrial Conference: May 10, 2027<br>Trial: June 1, 2027<br><br>Date: November 16, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Defendants Sandisk Corporation and Sandisk Technologies, Inc. ("Sandisk") do not oppose Polaris's Motion for Leave to Amend Infringement Contentions (Dkt. No. 146) ("Motion"). *See* Defendants' Statement of Non-Opposition to Plaintiff's Motion for Leave to Amend Infringement Contentions ("Statement of Non-Opposition") (Dkt. No. 157-1), at 1:4-6. Accordingly, for the good cause shown in Polaris PowerLED Technologies, LLC's ("Polaris") Motion, Polaris respectfully requests that the Court grant its Motion.

Polaris also briefly responds to the statements made by Sandisk in its Statement of Non-Opposition, which improperly raise issues that are not at all ripe for the Court's consideration and which mischaracterize an important issue in the case as a whole. Dkt. No. 157-1, at 1:6-7.

First, Sandisk says it has a "grave concern[]" regarding the number of Polaris's asserted claims and unilaterally proposes briefing on the issue, arguing that 30 asserted claims are "too many … " *Id*. at 1:6-7, 9-10. Polaris has asserted the same 30 claims since at least October 2, 2024. *See* Dkt. No. 146-3. Yet Sandisk never before raised this issue, only first raising it in an email sent the very same day it filed its Statement of Non-Opposition. Ex. 1. This issue is therefore not ripe. The parties have not yet met and conferred to discuss the merits of Sandisk's request, and the potential narrowing of other issues in the case such as the large number of prior art references that Sandisk has asserted against each of the asserted patents.[1]

Second, Sandisk improperly raises a merits issue about U.S. Patent No. 9,183,085 (the "'085 patent"), another issue that is not yet at all ripe for the Court's

---

[1] Sandisk's own authority (Dkt. No. 157-1, at 1:13-16) shows the proper procedure for asking the Court to limit asserted claims: a properly noticed motion. *See Universal Elec. Inc. v. Roku Inc.*, SACV 18-1580 JVS (ADx), 2019 WL 1878351, at *1, 2 (C.D. Cal. Mar. 14, 2019) (deciding noticed motion to limit the number of patent claims filed by defendant); Ex. 2 (excerpt of noticed motion). Sandisk has filed no such motion and has not complied with its meet and confer requirement before the filing of such a motion. *See* L.R. 7.3.

consideration. Dkt. No. 157-1, at 1:20-25. Sandisk alleges that Polaris's amended contentions on this patent "are frivolous" because, in Sandisk's view, the contentions do not show that the accused products include certain claim limitations. Sandisk argues (incorrectly so) that Polaris's infringement theory for the '085 patent [redacted]

Importantly, this is not an issue for the Court to decide at this stage of the case when discovery is not complete and expert discovery is yet to take place. At best for Sandisk, this is a dispute as to the factual record. For example, while Sandisk [redacted]

More problematic is that Sandisk neglects to inform the Court that, as Sandisk knows, Polaris's infringement contentions for the '085 patent include other independent infringement theories [redacted]. Dkt. No. 163, at Ex. 1-B, App. B2, at 2. Polaris's counsel pointed out this fact to Sandisk's counsel in written correspondence prior to Sandisk filing its Statement of Non-Opposition. Ex. 5. Sandisk's Statement of Non-Opposition does not address these other infringement theories on the same '085 patent.

***

In sum, Polaris respectfully requests that the Court grant the Motion and disregard Sandisk's improperly raised issues concerning the number of asserted

claims and the basis for Polaris's infringement allegations for the '085 patent.

Dated: November 2, 2026

**KRAMER LLP**

By: /s/ Robert F. Kramer

Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice*)
nglauser@kramerllp.com
Rachael Chan (SBN 265002)
rchan@kramerllp.com
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned certifies that this submission __ does not use **X** uses generative artificial intelligence. If generative artificial intelligence was used, following drafting, I reviewed, revised, and supplemented all portions of the brief, including those that were informed by the use of Artificial Intelligence or based on prior templates. I independently verified the factual and legal accuracy of the content and confirmed that all arguments and authorities were appropriate to the issues presented.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 700 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Robert F. Kramer*
Robert F. Kramer