# EXHIBIT 1

**From:** Aseem Mehta <AMehta@keker.com>
**Sent:** Monday, October 26, 2026 12:05 PM
**To:** Rachael Chan; Glenda Cayabyab; Ryan K. Wong; Erin E. Meyer; Eric B. Hanson; Kelly S. Kaufman; Amrutha D. Dorai; PPOWER-KVP
**Cc:** Peggy Dayton; Rob Kramer; Jeremiah Armstrong; Safraz Ishmael; Robert Mattson; Jeffrey Ahdoot; Nicki Glauser; Jeanine Maraj; Calendaring; Jenny Mitchell; KramerLLP-Polaris-Sandisk
**Subject:** RE: Polaris PowerLED Technologies, LLC v. Sandisk Corporation, et. al., No. 2:24-cv-02864-ODW-MAR (C.D. Cal.)

Counsel,

Polaris's proposed amended infringement contentions assert 30 claims. That is too many asserted claims going into expert discovery and dispositive motions, and far too many patent claims to try to a jury. District courts may limit the number of patent claims asserted in an action for patent infringement for the sake of judicial economy and management of a court's docket. *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011); *see also Universal Elecs. Inc. v. Roku Inc.*, No. SACV181580JVSADX, 2019 WL 1878351, at *5 (C.D. Cal. Mar. 14, 2019).

Accordingly, Defendants propose that Polaris elects a narrowed set of claims (five or fewer per asserted patent) by the close of fact discovery. Please let us know if Plaintiff is amenable to this proposal or if you would like to discuss.

Regards,
Aseem

**Aseem Mehta** (he/him)
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2326 direct | 415 391 5400 main
amehta@keker.com | vcard | keker.com