KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC B. HANSON #254570
ehanson@keker.com
KELLY S. KAUFMAN #328827
kkaufman@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No. 2:24-cv-02864-ODW-MAR

**DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**

Dept: Courtroom 5D, 5th Floor
Judge: Hon. Otis D. Wright II

Date Filed: April 9, 2024

Trial Date: June 1, 2027

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5.2.2, Defendants Sandisk Corporation and Sandisk Technologies, Inc. (together, "Sandisk") submit this Opposition to Microchip Technology Inc.'s ("Microchip's") Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. No. 3 in *Microchip Technology Inc. v. Sandisk Corporation and Sandisk Technologies, Inc.*, Case No. 3:26-mc-80310 (N.D. Cal.) (hereinafter the "Microchip Action")) and the Declaration of Robert F. Kramer in Support of Microchip Technology Inc.'s Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Microchip Action Dkt. No. 8) ("Kramer Decl."). Polaris PowerLED Technologies, LLC ("Polaris") has failed to establish compelling reasons justifying sealing (1) portions of Microchip's motion to quash and (2) the entirety of Exhibit 11 to the motion to quash. Accordingly, the Court should deny Polaris's request to seal this information.

## II. ARGUMENT

### A. The Court should deny Polaris's request to seal portions of Microchip's motion to quash reflecting public information.

Polaris seeks to seal portions of the motion to quash reflecting high-level information contained in agreements between itself and Microchip, identified in blue highlighting. However, sealing is unwarranted because the information is already public. A party seeking to seal a judicial record "bears the burden of overcoming th[e] strong presumption [in favor of public access] by meeting the 'compelling reasons' standard," and must "articulate compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). Even where the lesser "good cause" standard applies, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), the movant must show "that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

F.3d 1122, 1130 (9th Cir. 2003).

Polaris cannot carry its burden under either standard because the information it seeks to seal is information that—as Polaris acknowledges (Kramer Decl. ¶ 6)—has been public for years. In 2019, a district court discussed at length one interested entity's right to obtain "96% of Polaris's 'net operating cash.'" *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-00715-JRG, ECF No. 191 at 5–6 (E.D. Tex. Mar. 28, 2019). And in 2024, counsel for the other entity stated in open court that "proceeds from any licensing revenue" Polaris received would flow back to that entity. *See Samsung Elecs. Co. v. Microchip Tech. Inc.*, No. 1:24-mc-00269 (GHW) (SDA), Dkt. No. 60 at 17:8–10 (S.D.N.Y. Sept. 3, 2024). That court therefore refused to seal information about the entity's "financial stake in the outcome of" litigation involving Polaris because it had already been disclosed. *See id.*, Dkt. No. 65 at 6 n.3 (S.D.N.Y. Sept. 12, 2024). Although Polaris argues that these disclosures should not prevent the Court from sealing this information, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *See In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

Given these prior disclosures, Polaris cannot show that disclosure will cause any specific harm. *See, e.g., Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 4718104, at *3 (N.D. Cal. Sept. 28, 2012) (information "already publicly available" through "documents from other court cases that have not been sealed" does not meet good cause standard); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-cv-01614-JLS-JCG, 2017 WL 1836351, at *3 (C.D. Cal. Mar. 28, 2017) (no good cause to seal documents that are "publicly available and/or several years old"); *L.S. v. Henderson*, No. 20-CV-04637-VC, 2021 WL 5149067, at *1 (N.D. Cal. Nov. 5, 2021) ("No good cause exists to seal documents that are already publicly available elsewhere"); *CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir. 1985) (unsealing materials where "most of the information … concerns matters that might easily be surmised from what is already

in the public record”). Polaris’s argument that the nature of this litigation as a “private dispute” supports sealing (Kramer Decl. ¶ 7) is misguided, as “[i]t is a long-standing common law principle that judicial records are public records, which by definition are ***presumed*** to be accessible by the public,” regardless of whether a dispute is private in nature. *See TML Recovery, LLC v. Cigna Corp*., 714 F. Supp. 3d 1214, 1220 (C.D. Cal. 2024) (emphasis added). Polaris has made an insufficient showing to overcome this presumption.

### B. The Court should deny Polaris’s request to seal Exhibit 11.

Polaris seeks to seal the entirety of Exhibit 11, which contains excerpts of an Uncertified Realtime Rough of the transcript of the deposition of Mark Yocca, the President and a founder of Polaris. In support of this sealing request, Polaris explains that the transcript was marked Confidential-Attorneys’ Eyes Only and “discusses Polaris’s highly confidential and proprietary financial and business information.” Kramer Decl. ¶ 4. However, substantial portions of Exhibit 11 relate to public, non-confidential information including but not limited to Mr. Yocca’s identity and the assignment history of the patents at issue (which can be seen publicly on the USPTO website at https://assignmentcenter.uspto.gov/). The mere designation of the deposition transcript pursuant to the protective order does not supply a compelling reason to seal its contents. *See CH2O, Inc. v. Meras Eng'g, Inc*., 2016 WL 7645595, at *1 (C.D. Cal. Mar. 3, 2016). This Court should reject Polaris’s overbroad sealing request and require Polaris to re-submit Exhibit 11 with narrowly tailored redactions. *See TML Recovery*, 714 F. Supp. 3d at 1220 (rejecting sealing request that was “generalized and at times overlap[ped] with publicly available information”).

## III. CONCLUSION

For the foregoing reasons, Sandisk respectfully requests that the Court deny Polaris’s request to seal (1) the blue-highlighted portions of Microchip’s motion to quash and (2) the entirety of Exhibit 11 to the motion to quash.

Dated: November 2, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Amrutha Dorai*
RYAN K. WONG
ERIN E. MEYER
ERIC B. HANSON
KELLY S. KAUFMAN
ASEEM MEHTA
AMRUTHA DORAI

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned certifies that this submission X does not use __ uses generative artificial intelligence.

*/s/ Amrutha Dorai*
Amrutha Dorai

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 969 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Amrutha Dorai*
Amrutha Dorai