KRAMER LLP
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice*)
nglauser@kramerllp.com
Rachael Chan (SBN 265002)
rchan@kramerllp.com
500 W.2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION, and SANDISK TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>Underlying Litigation:<br><br>*Microchip Technology, Inc., v. Sandisk Corporation, and Sandisk Technologies, Inc.*, C.A. No. 3:26-mc-80310-PHK<br><br>**DECLARATION OF ROBERT F. KRAMER RE SANDISK'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

I, Robert F. Kramer, declare as follows:

1. I am a partner at Kramer LLP, and counsel of record for interested party Polaris PowerLED Technologies, LLC ("Polaris" or "Plaintiff"). I have personal knowledge of the facts stated in this declaration, and if called as a witness, could testify competently to these matters under oath. I submit this declaration ("Kramer Declaration") in response to Sandisk Corporation and Sandisk Technologies, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 9) ("Administrative Motion") in *Microchip Technology Inc. v. Sandisk Corporation, et al*. (Case No. 3:26-mc-80310-PHK (N.D. Cal.)), which seeks to consider, in part, whether Polaris's information should be sealed. In making this declaration it is not my intention, nor the intention of Polaris, to waive the attorney-client privilege, the attorney-work product immunity, or any other applicable privilege.

2. Courts in the Ninth Circuit apply a "starting point" of a strong presumption in favor of public access to court records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016); *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). This presumption is strongest for records related to the merits, where a "compelling reasons" standard applies. A party seeking to seal records that is unrelated or only "tangentially related to the underlying cause of action" must show "good cause" under Federal Rule of Civil Procedure 26(c)(1). The decision to categorize as a compelling reason is in the "sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Under the compelling reasons standard, the Ninth Circuit has allowed sealing of documents where those court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598-88). "Confidential business information in the form of 'license

agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." *Hetland v. LendingTree, LLC*, No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (internal citation omitted).

3. I have reviewed the portions identified with both yellow and blue highlighting from Sandisk's Opposition to Microchip Technology Inc.'s Motion to Quash Sandisk's Deposition Subpoena ("Sandisk's Opposition") and from the Declaration of Kelly S. Kaufman in Support of Sandisk's Opposition to Microchip Technology Inc.'s Motion to Quash Sandisk's Deposition Subpoena ("Kaufman Declaration"), and also Exhibits 1, 2, 3, 4, 5, 6, 7, and 8, to determine if those materials contain any Polaris confidential information.

4. The portions of Sandisk's Opposition that Polaris seeks to seal include both the yellow and blue highlighted material in the Administrative Motion. This material discusses Polaris's highly confidential and proprietary financial and business information, including information about the ownership structure, management, business practices, and financial information of Polaris and affiliated entities, details about asset transfers and business transactions, and confidential terms of agreements (and negotiation of the same) between Polaris, its assignors, and others parties (the "Agreements") which contain confidential and proprietary information and whose terms Polaris is prohibited from publicly disclosing.

5. The portions of the Kaufman Declaration that Polaris seeks to seal include both the yellow and blue highlighted material in the Administrative Motion. This material discloses confidential information from the Agreements.

6. Exhibit 1 contains excerpts of an Uncertified Realtime Rough of the transcript of the deposition of Mark Yocca, the President and a founder of Polaris. The transcript was marked Confidential-Attorneys' Eyes Only. The excerpted testimony discusses Polaris's highly confidential and proprietary financial and business information, including information about the ownership structure,

management, business practices, and financial information of Polaris and affiliated entities, details about asset transfers and business transactions, and general and specific terms of confidential Agreements (and negotiation of the same) between Polaris, its assignors, and other parties which contain confidential and proprietary information and whose terms Polaris is prohibited from publicly disclosing.

7. Exhibits 2, 3, 4, 5, 6, 7, and 8 are confidential Agreements, which contain highly confidential and proprietary information and cannot be publicly disclosed. Polaris is prohibited from publicly disclosing the terms of the Agreements.

8. Polaris does not disclose information about Polaris's ownership structure and management, details about asset transfers and business transactions, and general and specific terms of confidential agreements between Polaris, its assignors, predecessors, and third parties which contain confidential and proprietary information and whose terms Polaris is prohibited from publicly disclosing. Public disclosure of this confidential information would provide others with information to which they would not normally have access, and this disclosure could harm Polaris's business interests.

9. This Court recently issued an order sealing similar information revealing information from a confidential agreement between Polaris and third parties. *See* Order Granting Plaintiff's Application for Leave to File Under Seal [160] (Dkt. No. 166), *Polaris PowerLED Technologies, LLC v. Western Digital Corporation et al.* (Case No. 2:24-cv-02864-ODW (MAR). The material requested to be sealed here should be sealed for the same reason that the Court granted that request to seal Polaris' confidential information.

10. I am aware, and thus bring to the Court's attention, that on two occasions some years ago there was a reference to Microchip's interest in Polaris' licensing work. The first occurred when a judge referenced in an order Microsemi's right to a percentage of Polaris's revenue from licensing patents received from Microsemi in *See Polaris PowerLED Technologies, LLC v. Samsung Electronics America, Inc.*, No.

2:17-cv-00715-JRG, ECF No. 191 at 5–6 (E.D. Tex. Mar. 28, 2019). The underlying motion papers were filed under seal and Polaris took reasonable steps to protect the information from public disclosure despite the judge including a reference in the public file that should have remained under seal. The second occurred on August 21, 2024, when Microchip's counsel discussed whether Microchip has an interest in Polaris's patent litigation during a hearing in the Southern District of New York, but inadvertently failed to timely ask to seal the courtroom. This occurred in *Samsung Electronics Co., Ltd. v. Microchip Technology Inc.*, No. 1:24-mc-00269 (GHW) (SDA), ECF No. 60 at 17 (S.D.N.Y. Sep. 3, 2024) He then promptly requested to put the transcript under seal, but the judge in New York denied the request. *Id.*, ECF No. 65 at 6 n.3. These two isolated incidents years ago, in 2019 and 2024, should not affect or deter this Court from granting Polaris' sealing request.

11. This action is a private dispute between Polaris, on the one hand, and Sandisk Corporation and Sandisk Technologies, Inc. ("Defendant" or "Sandisk"), on the other hand. Accordingly, there is not any reason the public would have any right to this information to override contractual obligations between companies.

12. Polaris's request to seal its information is narrowly tailored to seal only (1) portions of Sandisk's Opposition and the Kaufman Declaration that contain Polaris's confidential information; (2) Exhibit 1 which has been marked Confidential-Attorneys' Eyes Only and contains Polaris's confidential information; and (3) Exhibits 2, 3, 4, 5, 6, 7, and 8 which also contains Polaris's confidential information.

13. A less restrictive alternative than sealing said documents would not be sufficient because the information sought to be sealed is Polaris's confidential financial and business information and Sandisk has already included this information in Sandisk's Opposition, the Kaufman Declaration, and Exhibits 1, 2, 3, 4, 5, 6, 7, and 8.

14. Therefore, pursuant to Northern District of California Civil Local Rules 79-5(f)(3) and 79-5(c), and Central District of California Local Civil Rule 79-

5.2.2(b)(i), I believe there is good cause to seal the requested portions of the Sandisk's Opposition and the Kaufman Declaration, and Exhibits 1, 2, 3, 4, 5, 6, 7, and 8 as follows:

| **Document** | **Portion to be Sealed** | **Basis for Sealing** |
|---|---|---|
| Sandisk's Opposition | Portions in yellow and blue highlighting | Kramer Declaration ¶¶ 4, 8-13; Dkt. No. 61 |
| Kaufman Declaration | Portions in yellow and blue highlighting | Kramer Declaration ¶¶ 5, 8-13; Dkt. No. 61 |
| Exhibit 1 | Entire document | Kramer Declaration ¶¶ 7-13; Dkt. No. 61 |
| Exhibit 2 | Entire document | Kramer Declaration ¶¶ 7-13; Dkt. No. 61 |
| Exhibit 3 | Entire document | Kramer Declaration ¶¶ 7-13; Dkt. No. 61 |
| Exhibit 4 | Entire document | Kramer Declaration ¶¶ 7-13; Dkt. No. 61 |
| Exhibit 5 | Entire document | Kramer Declaration ¶¶ 7-13; Dkt. No. 61 |
| Exhibit 6 | Entire document | Kramer Declaration ¶¶ 7-13; Dkt. No. 61 |
| Exhibit 7 | Entire document | Kramer Declaration ¶¶ 7-13; Dkt. No. 61 |
| Exhibit 8 | Entire document | Kramer Declaration ¶¶ 7-13; Dkt. No. 61 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November __, 2026.

*/s/ Robert F. Kramer*

Robert F. Kramer