KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC B. HANSON #254570
ehanson@keker.com
KELLY S. KAUFMAN #328827
kkaufman@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No. 2:24-cv-02864-ODW-MAR

**DECLARATION OF ASEEM MEHTA IN SUPPORT OF POLARIS'S APPLICATION FOR LEAVE TO FILE UNDER SEAL ITS REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS AND EXHIBITS 3, 4, AND 5 (DKT. 170)**

Dept: Courtroom 5D, 5th Floor
Judge: Hon. Otis D. Wright II

Date Filed: April 9, 2024

Trial Date: June 15, 2027

I, Aseem Mehta, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate at Keker, Van Nest & Peters LLP, counsel for Defendants Sandisk Corporation and Sandisk Technologies, Inc. ("Sandisk") in the above-captioned action.

2. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to them under oath.

3. I make this declaration pursuant to Local Rule 79-5.2.2(b) in support of Plaintiff Polaris PowerLED Technologies, LLC's ("Polaris's") Application for Leave to File Under Seal its Reply in Support of its Motion for Leave to Amend Infringement Contentions and Exhibits 3, 4, and 5.

4. The material identified by Polaris and sought to be sealed satisfies the "good cause" standard applicable to motions that are not "strongly correlative to the merits of the case," including motions to amend infringement contentions. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016); *Software Rts. Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. 2020) (applying good cause standard to motion to seal filed in connection with motion to amend infringement contentions). The material identified by Polaris and sought to be sealed also satisfies the "compelling reasons" standard applicable to motions directly related to the merits, although that standard is not applicable in this instance.

5. The Ninth Circuit has recognized that an example of a compelling reason for sealing records includes "sources of business information that might harm a litigant's competitive standing." *Chrysler*, 809 F.3d at 1097 (internal quotation marks omitted). "Such information is therefore [also] sealable under the less exacting good cause standard." *Jones v. PGA Tour, Inc.*, 2023 WL 3594058, at *2 (N.D. Cal. May 22, 2023) (internal quotation marks omitted). The redacted material concerns competitively sensitive and proprietary information about

Sandisk's business practices, the disclosure of which poses a significant risk to Sandisk's business.

6. Exhibit 3 consists of excerpts from the transcript of the deposition of Dr. Eran Sharon, Distinguished Engineer at Sandisk and Sandisk's corporate designee to address technical topics pertaining to the functionality of Sandisk's proprietary technology. The excerpts of Dr. Sharon's testimony on behalf of Sandisk contain substantive discussion of Sandisk's "technical documentation of the internal implementation, use, and functionality of certain components and systems," which Sandisk has designated "Highly Confidential – Attorneys' Eyes Only" under the protective order in this case (Dkt. 61). *See Railware, Inc. v. Peninsula Corridor Joint Powers Bd.*, 2026 WL 2188316, at *2 (N.D. Cal. July 28, 2026) (granting motion to seal such information); *see also JBF Interlude 2009 Ltd - Israel v. Quibi Holdings, LLC*, 2020 WL 3213735, at *2 (C.D. Cal. May 13, 2020) (granting motion to seal technical information under compelling reasons standard). Accordingly, Exhibit 3 contains "sources of business information that might harm [Sandisk's] competitive standing," and thus should be sealed. *See Chrysler*, 809 F.3d at 1097 (internal quotation marks omitted).

7. Exhibit 4 consists of excerpts from Sandisk's proprietary technical documentation describing the architecture, design, and functionality of Sandisk's products. This information, which Sandisk has designated "Highly Confidential – Attorneys' Eyes Only," warrants sealing under both the good cause and compelling reasons standards as sensitive technical information. *See Railware, Inc.*, 2026 WL 2188316, at *2; *JBF Interlude 2009 Ltd - Israel*, 2020 WL 3213735, at *2; *see also MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 4074653, at *3 (N.D. Cal. Sept. 5, 2022) (granting motion to seal information about "descriptive file names" because disclosure "may harm [defendant]'s competitive standing").

8. Exhibit 5 consists of email correspondence between counsel for Polaris and counsel for Sandisk which references, summarizes, and/or describes the same

deposition testimony and technical documentation described above in Paragraphs 6 and 7. Thus, for the same reasons described in Paragraphs 6 and 7, Exhibit 5 contains "technical documentation of the internal implementation, use, and functionality of certain components and systems," constitutes "sources of business information that might harm [Sandisk's] competitive standing," and thus should be sealed. *Railware, Inc.*, 2026 WL 2188316, at *2; *Chrysler*, 809 F.3d at 1097.

9. Similarly, the highlighted portions of page 3 of Polaris's Reply Brief in Support of its Motion for Leave to Amend its Infringement Contentions that Sandisk seeks to seal (as set forth in Dkt. Nos. 170-2, 171, 171-1) reference, summarize, and/or describe the same deposition testimony and technical documentation described above in Paragraphs 6 and 7. Thus, for the same reasons described in Paragraphs 6 and 7, those portions contain "technical documentation of the internal implementation, use, and functionality of certain components and systems," are "sources of business information that might harm [Sandisk's] competitive standing," and thus should be sealed. *Railware, Inc.*, 2026 WL 2188316, at *2; *Chrysler*, 809 F.3d at 1097.

10. Sandisk's request for sealing is narrowly tailored to only the competitively sensitive commercial information contained in the redacted or sealed portions of the materials filed in connection with Polaris's underlying brief and supporting exhibits. Access to the redacted or sealed material is not necessary for the public to understand the arguments set forth by either party with regard to the unopposed motion in question. Sealing is particularly appropriate in instances where the proprietary or private information at issue "is simply not dispositive of the specific questions at issue . . . and would not aid in the public's understanding of the matters to be decided." *United States v. Celgene Corp.*, 2016 WL 6609375, at *4 (C.D. Cal. Aug. 23, 2016). Both good cause and compelling reasons exist to grant the proposed sealing order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 5, 2026, in San Francisco, California.

*/s/ Aseem Mehta*
ASEEM MEHTA