KRAMER LLP
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice*)
nglauser@kramerllp.com
Rachael Chan (SBN 265002)
rchan@kramerllp.com
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION, and SANDISK TECHNOLOGIES, INC.,<br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER**<br><br>Discovery Cutoff: Nov. 13, 2026<br>Pretrial Conference: May 10, 2027<br>Trial: June 1, 2027 |

# NOTICE AND EX PARTE APPLICATION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Polaris PowerLED Technologies, LLC ("Polaris" or "Plaintiff") respectfully applies, pursuant to Federal Rule of Civil Procedure 16(b)(4), Central District of California Local Civil Rule 7-19, and this Judge's Procedures VII.D, to the Court *ex parte* for an order modifying the scheduling order for the limited purpose of allowing Polaris to obtain and analyze certain critically relevant technical documentation, including source code, from Defendants Sandisk Corporation and Sandisk Technologies, Inc. ("Defendant" or "Sandisk").

Polaris continues to diligently work with Sandisk to obtain from Sandisk's third-party supplier, FADU Technology, Inc. ("FADU"), key technical documents, including source code, relating to the functionality of controllers supplied by FADU to Sandisk (the "FADU Documents"). Approximately one month ago, and after months of prodding, Sandisk agreed to produce the FADU Documents, but there are still documents missing from its production and Sandisk only just made a very limited subset of the FADU source code available for inspection on November 5, 2026.

*Ex parte* relief is warranted because Polaris faces prejudice due to the rapidly approaching November 13, 2026 discovery deadline and November 23, 2026 deadline for opening expert reports, all due to Sandisk's delays in producing the FADU Documents. Polaris has been diligent in seeking this discovery and relied in good faith on Sandisk's representations that it would provide the discovery, but Sandisk again dragged its feet and the delays have caused the discovery clock to run. Without the relief requested by this Application, Polaris will be immediately and irreparably harmed because the lapsed discovery deadline will prevent Polaris from obtaining missing FADU Documents (including by motion to compel as necessary), taking the deposition of a Sandisk witness with knowledge of the missing FADU

Documents, and sufficiently analyzing this evidence in advance of the November 23 opening expert report deadline.

The accompanying Memorandum of Points and Authorities and Declaration of Jeffrey Ahdoot demonstrate good cause exists to grant this Application.

Polaris has given Sandisk's counsel notice of this Application pursuant to Local Rule 7-19.1 of this Court. *See* Declaration of Jeffrey Ahdoot, ¶¶ 2-5. Sandisk's counsel has stated that Sandisk will not agree to modify the scheduling order as requested by this Application. *Id.* Sandisk proposed a partial compromise on November 8, 2026, but notably, the proposal excluded the limited extension of fact discovery cut-off made herein. *Id.*

Accordingly, Polaris respectfully asks that the Court: (1) extend the fact discovery deadline to December 17, 2026, for the limited purpose of allowing Polaris to obtain and analyze the identified missing FADU Documents and analyze the late-produced source code; (2) allow Polaris to take a deposition of a Sandisk witness with knowledge of these FADU Documents within that discovery period; and (3) grant leave for the parties to serve supplemental expert reports concerning only the FADU controllers as used and incorporated in the accused Sandisk's products.

Respectfully submitted,

Dated: November 9, 2026

**KRAMER LLP**

*/s/ Robert F. Kramer*

Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jay Guiliano (*pro hac vice* forthcoming)
jguiliano@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice*)
nglauser@kramerllp.com
Rachael Chan (SBN 265002)
rchan@kramerllp.com
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff Polaris PowerLED Technologies, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

With this Application, Polaris seeks very limited relief made necessary by Sandisk's continued discovery delays. This a patent litigation action where many of the asserted patent claims are directed to controllers used in solid state disks. Over five months ago, Polaris identified certain controllers supplied to Sandisk by third-party FADU, an entity [redacted] These controllers are used in many of the accused products and the structure, function, and operation of these controllers are critical to proving patent infringement for those products. Information on these controllers was missing from Sandisk's production as of that date.

Polaris thus began following up with Sandisk for production of the documents, which [redacted]. Even so, Sandisk did not agree to produce them until approximately one month ago after the parties conducted a LR 37-1 meet and confer on the issue. Now, less than one week from the November 13, 2026 close of fact discovery, Sandisk has only just made a limited subset of the FADU source code available on November 5, 2026. Polaris has also identified additional missing FADU Documents, which it is currently pursuing from Sandisk. If Sandisk refuses to produce these missing FADU Documents at this late hour (the delay being caused by Sandisk's own discovery conduct), Polaris intends to move to compel.

This timing has prejudiced Polaris. There is insufficient time before the close of discovery to move to compel, review and analyze the source code, identify any deficiencies, and obtain the technical documents Polaris has identified as missing.

Despite Polaris's diligence and good faith reliance on Sandisk's representations that it would comply, Polaris is now out of time due to Sandisk's delays and must move *ex parte*. Polaris therefore respectfully requests that the Court: (1) extend the fact discovery deadline to December 17, 2026, for the limited purpose of allowing Polaris to obtain and analyze the identified missing FADU Documents

and analyze the late-produced source code; (2) allow the deposition of a Sandisk witness with knowledge of the missing FADU Documents within that extended discovery period; and (3) grant leave for the parties to serve supplemental expert reports concerning only the FADU controllers as used and incorporated in the accused Sandisk's products.

## II. FACTUAL BACKGROUND

Polaris commenced this action on April 8, 2024 (Dkt. No. 1) and filed an amended complaint on June 21, 2024 (Dkt. No. 40), alleging infringement of U.S. Patent Nos. 8,554,968 ("the '968 Patent"), 8,601,346 ("the '346 Patent"), and 9,183,085 ("the '085 Patent") (collectively, the "Asserted Patents"). Polaris's operative infringement contentions accuse "all Western Digital and SanDisk solid-state drive ("SSD") products made, offered for sale, sold, imported or used in the United States from 2018 through the date of trial (and thereafter through the date of expiration of the Asserted Patents)." *See* Dkt. No. 148, Exs. 01-A, at 1, 01-B, at 1, 01-C, at 1. The claims of the Asserted Patents are largely directed to certain functionality of controllers in the accused SSD products.

The Court originally entered a scheduling order setting a fact discovery cutoff of October 16, 2026; an expert discovery cutoff of January 8, 2027; and jury trial beginning June 1, 2027. Dkt. No. 86. On September 22, 2026, the Court granted Polaris's motion to modify the scheduling order to extend the discovery deadline (Dkt. No. 135) to November 13, 2026. Dkt. No. 143.

Polaris first reached out to Sandisk on May 21, 2026 to request complete document sets for fifteen additional controller codenames appearing in spreadsheets produced by Sandisk, including from FADU. Ex. 1. Over the next few months, Polaris sent a series of follow up communications to Sandisk about other, unrelated discovery deficiencies. *See* Dkt. No. 135, at 4:5-23. It then followed up on this request, with several other categories of documents, in a first L.R. 37-1 letter ("First L.R. 37-1 Letter") sent on August 28, 2026. Ex. 2. Sandisk produced documents

and source code to resolve the majority of the issues identified in the First L.R. 37-1 Letter, but its production was missing documents from FADU.

In addition to requesting these documents from Sandisk, Polaris also diligently served a subpoena on FADU on September 10, 2026. Polaris's subpoena requested, among other things, documents related to the structure, function, operation, and technical implementation of FADU controllers used in Sandisk's products. Polaris also requested source code from FADU. In response, FADU broadly objected, and after much back and forth, produced only two documents.

Continuing its efforts to obtain this important discovery, Polaris also sent a letter to Sandisk reminding it of its obligation to produce documents relevant to FADU in its possession, custody, or control, and that [redacted]. Ex. 3. Sandisk's counsel responded on September 14, 2026 to state only: "We are in receipt of your September 10, 2026 letter. Sandisk has reached out to FADU to inquire about Polaris's document requests to FADU." Ex. 4.

Polaris heard nothing further regarding this issue, so on September 29, 2026, Polaris sent another L.R. 37-1 letter to Sandisk that included the FADU Documents sought. Ex. 5. Sandisk responded asserting that FADU produced two lone documents, arguing those were sufficient, and further objecting based on overbreadth and scope of Polaris's own discovery requests. Sandisk further stated it would "produce any such documents at least one week before Mr. Sivasankaran's deposition." Ex. 6.

Counsel for the parties met and conferred on October 9, 2026, during which Sandisk's counsel represented that it was working with FADU and would be producing the FADU Documents. Counsel for Polaris followed up with an email stating that based on Sandisk's representations that it would produce the FADU

Documents, Polaris would not proceed with the L.R. 37 motion to compel process at that time. *Id.*

Sandisk then produced documents on October 23, 2026, including a small number of technical documents related to the FADU controllers. Polaris's counsel followed up on October 27, 2026, asking when Sandisk intended to produce the remaining documents and source code. *Id.* On that same day, Sandisk's counsel stated that it had produced the responsive documents it located "after completing a reasonable and diligent search," including documents relating to architecture, ASIC architecture, firmware architecture, and controller modeling, and that Sandisk would provide an update about source code that week. *Id.* On October 30, 2026, Sandisk's counsel notified Polaris that [redacted] *Id.*

On November 4, 2026, Polaris's counsel emailed Sandisk's counsel requesting an update on the FADU source code issue, and proposing that the parties agree to a limited extension of fact discovery to resolve FADU's objections and address any remaining deficiencies. *Id.* That same day, Sandisk's counsel responded that FADU had stated it would not seek a protective order and would make the relevant source code available on November 5, 2026. *Id.* The email was silent on the proposed extension.

On November 5, 2026, Polaris's counsel emailed Sandisk's counsel asking again if Sandisk would agree to a limited extension, given the late production of source code and additional deficiencies Polaris had identified in Sandisk's production. *Id.* Polaris explained to Sandisk that documents already produced were incomplete, and reiterated that additional time was needed to complete the

outstanding FADU discovery issues. *Id.* Sandisk responded that it disagreed an extension was needed. *Id.*

The parties met and conferred via videoconference on November 6, 2026. Ahdoot Decl. ¶ 4. Polaris again proposed an extension of time. *Id.* Sandisk responded that it will not agree to an extension. *Id.*

Counsel for Polaris followed up the parties' meet and confer with an email on November 6, 2026, formally notifying Sandisk's counsel of this Application. *Id.* Sandisk's counsel responded on November 8, 2026, making proposals including that the parties leave the deposition of Mr. Sivasankaran open to discuss any source code Polaris might be unprepared to discuss by the time of the deposition. *Id.* Notably, the proposal did not include an extension of the fact discovery deadline or supplemental expert reports. *Id.*

## III. <u>GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER</u>

The Federal Rules of Civil Procedure grant district courts the discretion to modify scheduling orders upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" inquiry "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, n.6 (9th Cir. 2007) (holding district court abused discretion by denying motion to modify scheduling order to allow plaintiff to depose a "central defense witness," after plaintiff timely noticed the deposition, defendant made multiple requests to delay the deposition, and the deponent failed to appear). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extensions." *Romero v. Los Angeles Cty.*, No. 2:21-cv-03972, 2023 WL 6193005, at *2 (C.D. Cal. Aug. 25, 2023).

Good cause exists for the Court to modify the scheduling order and grant the requested relief because the FADU Documents are key to Polaris's infringement claims, Polaris will be unduly prejudiced without the requested extension, Polaris has

been diligent in seeking the FADU Documents, the request is narrowly tailored, and Sandisk cannot show any prejudice from granting of the Application.

First, the FADU Documents are critically relevant, and without the additional discovery time sought to obtain (including by motion to compel as necessary) and analyze them, Polaris will be irreparably prejudiced. Indeed, the documents produced so far confirm that the FADU controllers are being used in at least [redacted]. With the current fact discovery (November 13, 2026) and expert report deadlines (November 23, 2026 (opening expert reports); December 22, 2026 (rebuttal expert reports)) fast approaching, Polaris will not have enough time to move to compel or otherwise obtain the final FADU Documents, analyze the entirety of the FADU Documents (including source code) produced, follow up on any missing documents identified from that analysis, and incorporate the information into Polaris's expert reports. Furthermore, without the FADU Documents and a complete analysis thereof, Polaris will be unable to obtain complete testimony from a Sandisk witness with knowledge of the FADU Documents.[1]

Second, Polaris has been diligent in seeking the FADU Documents, persistently following up with Sandisk on these documents for over five months—since May 21, 2026. *See supra* section II; *see also Romero*, 2023 WL 6193005, at *2 (finding good cause because plaintiff was diligent since its "counsel persistently followed up with [d]efendants' counsel to try to ensure that [d]efendants' responses would be provided by the close of fact discovery… ," "[p]laintiffs were 'optimistic that good faith responses w[ould] be provided' in a timely manner such that the

---

[1] Sandisk's current witness designated to testify about infringement issues relating to the FADU controllers is scheduled to be deposed on November 12, 2026. With the current gaps in Sandisk's production of FADU Documents, this deposition will be incomplete. Therefore, Polaris requests herein the opportunity to continue the deposition within the extended discovery period, or take an additional deposition of a Sandisk witness who has knowledge of the late-produced FADU Documents.

parties would not require the Court's intervention" and "[p]laintiffs requested relief only when it realized the identified deadlines could not 'reasonably be met despite the diligence of the party seeking the extension.").

Polaris described Sandisk's discovery tactics at length in its prior briefing (*see, e.g.*, Dkt. No. 135, at 4:24-5:9, 7:1-14)—essentially, Sandisk would produce a limited number of documents, Polaris would raise gaps and deficiencies with Sandisk, Sandisk would state it was investigating, and then delay further by producing cherry-picked documents with more gaps, forcing Polaris to follow up again.

Polaris has patiently held off on moving to compel, relying in good faith on Sandisk's representations and assurances that it would produce the FADU Documents. But true to form, Sandisk waited until the 11th hour to actually produce any documents, leaving Polaris with no option but to move to extend the deadline to review and analyze what has been produced, and to obtain additional missing documents. And, as it appears Sandisk's late production still has glaring deficiencies, Polaris is again looking at a potential motion to compel. Sandisk's repeated attempts to run out the clock in this way should not be rewarded. This District has previously granted a motion to extend discovery deadline where the delay was in part due to a party's reliance on the other party's representation that supplementation was forthcoming. *See Martinez v. Chaffey Community College Dist.*, No. 5:23-cv-02441-SSS-SPx, 2026 WL 928625, at *1-2 (C.D. Cal. Apr. 2, 2026) (granting motion to extend discovery cutoff for limited purpose of completion of discovery associated with deficient interrogatory responses in part because defendants "relied upon [p]laintiff's representation that supplemented responses would be filed by March 12, 2026" when cutoff was scheduled for March 27, 2026).

Third, this extension request is narrowly tailored. Polaris seeks a narrowly tailored extension of the fact discovery deadline limited only to the FADU Documents, the Sandisk deposition related to those documents, and for permission to serve limited supplemental expert reports. Polaris's request is narrowly tailored

to only what is necessary to allow Polaris to obtain and use the discovery it seeks, and does not seek to continue any Court filing dates, hearings, or trial dates. Moreover, Polaris does not seek any extension of the expert discovery deadline.

Polaris has made only one other opposed prior request to modify the scheduling order, which was similarly based on Sandisk's discovery delay tactics. The Court granted Polaris's request on September 22, 2026. Dkt. No. 143. The remainder of Polaris's requests were agreed to by the parties: (1) a stipulation to allow defendants additional time to respond to the complaint; (2) a stipulation to extend the deadline to amend pleadings or add parties; (3) a stipulation to extend the deadline to meet and confer and submit a Damages Meeting Certification; and (4) a stipulation to set expert report deadlines. Dkt. Nos. 27, 64, 96, 152.

Fourth, Sandisk cannot show any prejudice it will suffer if this Application is granted. Conversely, as stated above, if this Application is not granted, Polaris will be prejudiced.

## IV. SANDISK HAS BEEN NOTIFIED OF THIS APPLICATION

On November 6, 2026, Polaris's counsel advised Sandisk's counsel that Polaris would be filing this Application, presenting the issues on videoconference and following up with an email providing formal notice of this Application. Ahdoot Decl. ¶¶ 4-5. On November 8, 2026, Sandisk's counsel responded that it opposes this Application, and made a compromise proposal that did not include an extension of the fact discovery deadline or agreement on supplemental expert reports. *Id.* Sandisk's counsel's name, address, telephone number, and email address is as follows:

- Ryan K. Wong – Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809, rwong@keker.com, 415-391-5400
- Erin E. Meyer – Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809, emeyer@keker.com, 415-391-5400

- Kelly S. Kaufman – Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809, kkaufman@keker.com, 415-391-5400
- Aseem Mehta – Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809, amehta@keker.com, 415-391-5400
- Amrutha Dorai – Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809, adorai@keker.com, 415-391-5400

## V. CONCLUSION

The Court should grant this Application, issuing an order to (1) modify the scheduling order as set forth in the chart below; (2) allow Polaris to take a deposition of a Sandisk witness with knowledge of the FADU Documents during the extended discovery period as requested herein; and (3) allow service of supplemental reports concerning only the FADU controllers as used and incorporated in the accused Sandisk's products.

| **Event** | **Current Deadline** | **Proposed Amended Deadline** |
|---|---|---|
| Fact Discovery Cutoff | November 13, 2026 | November 13, 2026 (same), except that discovery with respect to FADU controllers is extended to December 17, 2026 |

- Date requested by the parties' Joint Stipulation re Expert Report Deadlines (Dkt. No. 152).

Respectfully submitted,

Dated: November 9, 2026

**KRAMER LLP**

*/s/ Robert F. Kramer*
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jay Guiliano (*pro hac vice* forthcoming)
jguiliano@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice*)
nglauser@kramerllp.com
Rachael Chan (SBN 265002
rchan@kramerllp.com
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff Polaris PowerLED Technologies, LLC*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned certifies that this submission __ does not use **X** uses generative artificial intelligence. If generative artificial intelligence was used, following drafting, I reviewed, revised, and supplemented all portions of the brief, including those that were informed by the use of Artificial Intelligence or based on prior templates. I independently verified the factual and legal accuracy of the content and confirmed that all arguments and authorities were appropriate to the issues presented.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 2,710 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Robert F. Kramer*
Robert F. Kramer