# EXHIBIT 5

# FILED UNDER SEAL

kramer

Rachael Chan | Counsel
Direct: +1 (212) 835-6771
rchan@kramerllp.com

September 29, 2026

VIA EMAIL

Aseem Mehta
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

**Re:** ***Polaris PowerLED Technologies, LLC v. SanDisk Corporation et al.*, Case No. 2:24-cv-02864 (C.D. Cal.)**

Dear Mr. Mehta:

We write pursuant to Central District of California Local Rule 37-1 regarding an anticipated motion to compel by Polaris. On August 28, 2026, we previously served an L.R. 37-1 letter ("August 28 Letter"), and we appreciate SanDisk's working with us to address the discovery deficiencies outlined therein. However, there are additional areas that SanDisk's production remains deficient, including issues relating to source code (Category 1) and controller-family document sets (Category 7), as detailed further below. Although these areas were previously covered in the August 28 Letter, we are sending this further L.R. 37-1 letter out of an abundance of caution to satisfy the Court's procedures under L.R. 37-1 with respect to the specific issues set forth below.

## I. Source Code

We have identified continued deficiencies in SanDisk's source code production. In particular, for each of the codebases produced, [redacted]

[redacted] folders are missing a vast number of these critical supporting modules:

- [redacted]

The supporting modules that are missing from the above include at least the following:

- ○ [redacted]

[redacted]

These missing modules have significantly prejudiced Polaris' source code review. By way of a non-limiting example, [redacted]

## II. <u>Controller-Family Document Sets (FADU)</u>

On September 10, 2026, we sent a letter setting forth our concerns that SanDisk had not produced documents relating to the functionality of controllers supplied to SanDisk by FADU Technology, Inc. ("FADU"). To date, we have not identified any technical documents, such as

specifications or architecture documents, relating to FADU in SanDisk's production. As we previously explained, despite Polaris' subpoena served on FADU, SanDisk is independently obligated to search for and produce any relevant documents regarding FADU that are in its possession, custody or control. To be clear, this obligation applies to Polaris's requests for documents to SanDisk that are related to FADU, not Polaris's subpoena to FADU.

Federal Rule of Civil Procedure 34 requires a party to produce documents responsive to a document request when such documents are in the party's "possession, custody, or control." Rule 34(a)(1). "Control is defined as the legal right to obtain documents upon demand." *K-fee Sys. GmbH v. Nespresso USA, Inc.*, CV 21-03402-GW (AGRx), 2022 WL 2156036 (C.D. Cal. May 2, 2022) (citing *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir.; 1999) (ordering defendant to produce technical documents from foreign affiliate). "Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, [] and, based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal markings and citation omitted) (ordering defendant to "conduct a 'reasonable inquiry" "into the factual basis of [its] discovery responses" including with respect to "his records from the several telecommunications companies, financial institutions, and governmental entities with which he, his various business enterprises, and his counsel have dealings"). Courts have ordered defendants to produce technical documents of foreign companies based on the wording of the companies' applicable agreements. *See, e.g.*, *Ice Corp. v. Hamilton Sunstrand Corp.*, 245 F.R.D. 513, 518-21 (D. Kan. Aug. 22, 2007) (ordering defendant to produce documents because it had "control" over and "legal right to obtain" design documents from non-party French company based on intellectual property ownership language in Master Terms Agreement).

As explained in our September 10 letter, [redacted]

[redacted]

[redacted]

Notably, [redacted]. *See, e.g.*, Plaintiff's Second Set of Requests For Production to Defendants Western Digital Corporation and Western Digital Technologies, Inc. (Nos. 29-55), RFP Nos. 48-52. SanDisk is thus obligated to conduct a reasonable inquiry to obtain technical documents from FADU relating to the controllers at issue.

* * *

Please provide dates and times that you are available to meet and confer concerning the above issues.

Sincerely,

*/s/ Rachael Chan*

Rachael Chan