KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC B. HANSON #254570
ehanson@keker.com
KELLY S. KAUFMAN #328827
kkaufman@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**DECLARATION OF ASEEM MEHTA IN SUPPORT OF DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Dept: Courtroom 5D, 5th Floor<br>Judge: Hon. Otis D. Wright II<br>Date Filed: April 9, 2024<br><br>Trial Date: June 15, 2027 |

I, Aseem Mehta, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate at Keker, Van Nest & Peters LLP, counsel for Defendants Sandisk Corporation and Sandisk Technologies, Inc. ("Sandisk") in the above-captioned action.

2. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to them under oath.

3. I make this declaration pursuant to Local Rule 79-5.2.2(a) in support of Sandisk's Application for Leave to File Under Seal Sandisk's Opposition to Plaintiff's Ex Parte Application to Modify the Scheduling Order.

4. The portions Sandisk seeks to file under seal are as follows:

| Document | Portion to be Sealed | Basis for Sealing |
|---|---|---|
| Opposition to Plaintiff's Ex Parte Application | Portions highlighted in yellow | Mehta Sealing Decl. at ¶¶ 5-9. |

5. Sandisk seeks to file under seal references to the materials Plaintiff sought to seal when filing its Ex Parte Application, which include information that Sandisk had designated as Highly Confidential-Attorneys' Eyes Only under the Protective Order in this action (Dkt. 61). Sandisk submitted a declaration (Declaration of Aseem Mehta in support of Polaris's Application for Leave to File Under Seal Ex Parte Application to Modify Scheduling Order (Dkt. 177)) in support of sealing those materials. I hereby incorporate by reference the statements set forth in that declaration.

6. The material sought to be sealed satisfies the "good cause" standard applicable to motions that are not "strongly correlative to the merits of the case," including motions to modify scheduling orders. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016); *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2024 WL 3680710, at *2 (N.D. Cal. July 8, 2024) (applying

good cause standard to motion to seal filed in connection with motion for relief from the scheduling order and granting the sealing of confidential business information). The material sought to be sealed also satisfies the "compelling reasons" standard applicable to motions directly related to the merits, although that standard is not applicable in this instance.

7. The Ninth Circuit has recognized that an example of a compelling reason for sealing records includes "sources of business information that might harm a litigant's competitive standing." *Chrysler*, 809 F.3d at 1097 (internal quotation marks omitted). "Such information is therefore [also] sealable under the less exacting good cause standard." *Jones v. PGA Tour, Inc.*, 2023 WL 3594058, at *2 (N.D. Cal. May 22, 2023) (internal quotation marks omitted). The redacted material concerns competitively sensitive and proprietary information about Sandisk's business practices, the disclosure of which poses a significant risk to Sandisk's business.

8. As set forth in the Mehta Declaration in support of Polaris's Application for Leave to File Under Seal Ex Parte Application to Modify Scheduling Order (Dkt. 177), the sealed material that is referenced in Defendants' Opposition to Plaintiff's Ex Parte Application includes highly confidential information about Sandisk controllers, customers, specifications, and/or sell-in materials; substantive discussion of Sandisk's technical documentation of the internal implementation, use, and functionality of certain components and systems; and information reflecting highly confidential information about Sandisk's relationship with the third-party supplier. This is the type of material that requires sealing. *Ochoa v. McDonald's Corp.*, 2015 WL 3545921, at *2 (N.D. Cal. June 5, 2015); *MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 4074653, at *3 (N.D. Cal. Sept. 5, 2022); *Railware, Inc. v. Peninsula Corridor Joint Powers Bd.*, 2026 WL 2188316, at *2 (N.D. Cal. July 28, 2026) (granting motion to seal such information); *JBF Interlude 2009 Ltd - Israel v. Quibi Holdings, LLC*, 2020 WL

3213735, at *2 (C.D. Cal. May 13, 2020).

9. Sandisk's request for sealing is narrowly tailored to only the competitively sensitive commercial information contained in the redacted or sealed portions of the above-referenced documents. Access to the redacted or sealed material is not necessary for the public to understand the arguments set forth by either party in support of, or in opposition to, the motion in question, which pertains only to whether the scheduling order should be modified. Sealing is particularly appropriate in instances where the proprietary or private information at issue "is simply not dispositive of the specific questions at issue . . . and would not aid in the public's understanding of the matters to be decided." *United States v. Celgene Corp.*, 2016 WL 6609375, at *4 (C.D. Cal. Aug. 23, 2016). Both good cause and compelling reasons exist to grant the proposed sealing order.

10. The information Sandisk seeks to seal in this application is limited to references to information that Plaintiff sought leave to file under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed on November 10, 2026, in San Francisco, California.

*/s/ Aseem Mehta*
ASEEM MEHTA