UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02864-ODW (MARx) | Date | November 16, 2026 |
| Title | *Polaris PowerLED Technologies, LLC v. Western Digital Corporation et al.* | | |

Present: The Honorable Otis D. Wright, II, United States District Judge

| | | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings:** **In Chambers**

On November 9, 2026, Plaintiff Polaris PowerLED Technologies, LLC (“Polaris”) filed an Ex Parte Application, requesting that the Court (1) extend the fact discovery deadline from November 13, 2026, to December 17, 2026, to obtain and analyze additional FADU-related documents and source code; (2) permit additional deposition testimony concerning those materials; and (3) allow supplemental expert reports concerning FADU controllers. (Ex Parte Appl. (“Appl.”), Dkt. No. 176.) Defendants Sandisk Corporation and Sandisk Technologies, Inc. oppose. (Opp’n Appl. (“Opp’n”), Dkt. No. 181.)

A party seeking ex parte relief must establish (1) why a motion cannot be calendared in a regular manner, (2) that it will be irreparably prejudiced if the motion is heard in accordance with regular procedures, and (3) that it is without fault in creating the crisis that requires ex parte relief or that the crisis resulted from excusable neglect. *Mission Power Eng’g Co. v. Cont’l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, modification of a scheduling order requires good cause, with particular emphasis on the moving party’s diligence. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Polaris has not established that it is entitled to ex parte relief. With respect to the allegedly missing FADU documents, Polaris received FADU’s production in September 2026 but did not move to compel additional production. (Appl. 6; Opp’n 1.) Although Polaris contends that it relied on Defendants’ representations that additional documents would be forthcoming, it has not adequately explained why such reliance justified foregoing available discovery remedies as the deadline approached.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02864-ODW (MARx) | Date | November 16, 2026 |
| Title | *Polaris PowerLED Technologies, LLC v. Western Digital Corporation et al.* | | |

As to the source code, although Defendants did not make it available until November 5, 2026, the parties agreed in October to a production arrangement tied to a November 12 deposition. (Appl. 6–7, 9; Opp'n 4.) Thus, Polaris had advance notice that the source code could be produced near the discovery cutoff, which the Court had previously extended from October 16 to November 13, 2026, at Polaris's request. (Dkt. No. 143.) Yet, Polaris did not seek relief until November 9, just four days before the cutoff.

Under these circumstances, Polaris has not demonstrated that it was without fault in creating the asserted emergency or that the circumstances resulted from excusable neglect. Nor has Polaris demonstrated the diligence necessary to establish good cause under Rule 16(b)(4).

Accordingly, Polaris's Ex Parte Application is **DENIED** without prejudice. (Dkt. No. 176.) All existing deadlines remain in effect.

In light of this disposition, the Court **DENIES AS MOOT** each of the parties' respective Applications to Seal. (Dkt. Nos. 177 & 182.)

**IT IS SO ORDERED.**

: 00

Initials of Preparer SE