KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC B. HANSON #254570
ehanson@keker.com
KELLY S. KAUFMAN #328827
kkaufman@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No. 2:24-cv-02864-ODW-MAR

**DEFENDANTS SANDISK'S NOTICE OF AND EX PARTE APPLICATION FOR LIMITED MODIFICATION OF SCHEDULING ORDER TO PERMIT A THREE-HOUR, ONE-TOPIC DEPOSITION OF MICROCHIP TECHNOLOGY INC.**

Dept: Courtroom 5D, 5th Floor
Judge: Hon. Otis D. Wright II

Date Filed: April 9, 2024

Trial Date: June 15, 2027

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# NOTICE OF EX PARTE APPLICATION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rules 7-19 and 16-14, and Section VII(D) of this Court's Procedures, Defendants Sandisk Corporation and Sandisk Technologies, Inc. (collectively, "Sandisk") hereby apply ex parte for an Order modifying the Scheduling Order, Dkt. 143, for the limited purpose of permitting Sandisk to take the deposition of non-party Microchip Technology Inc. ("Microchip") on a single topic, limited to three hours, to occur within seven days of the Court's Order. No other deadline would change.

On November 20, 2026, Magistrate Judge Rocconi denied Microchip's motion to quash Sandisk's subpoena for a deposition. *Microchip v. Sandisk*, No. 2:26-mc-00121-ODW-MAR, Dkt. 30 at 4–5. Magistrate Judge Rocconi explained that Sandisk served the deposition subpoena two months before the November 13 fact-discovery deadline and that Microchip's motion was "facially untimely." *Id.* at 3. Nonetheless, that order explained that Magistrate Judge Rocconi "does not have the authority to order the deposition to occur after the discovery deadline." *Id.* at 4. Accordingly, that order directed that "[i]f the parties believe there is good cause to modify the scheduling order to seek further relief from the court regarding this deposition, they are able to present such argument to the district judge." *Id.* at 4–5 (citing L.R. 16-14). Pursuant to the Court's suggestion that the parties meet and confer, Sandisk promptly contacted counsel for Microchip and Plaintiff Polaris PowerLED Technologies, LLC ("Polaris") to schedule a meet and confer. Declaration of Kelly S. Kaufman in support of Sandisk's Ex Parte Application ("Kaufman Decl.") ¶ 12. Microchip did not agree to any compromise regarding a limited deposition. *Id.* ¶ 13.

Pursuant to Local Rule 7-19.1, on November 24, 2026, Sandisk's counsel notified counsel for Plaintiff Polaris PowerLED Technologies, LLC ("Polaris") and

counsel for Microchip of the date and substance of this Application. Polaris did not express an opinion on this Application, and Microchip said it opposed such efforts. Kaufman Decl. ¶¶ 13–14. Contact information for Polaris's and Microchip's counsel is set forth in the accompanying Declaration. Kaufman Decl. ¶¶ 15–16.

This Application is based on this Notice, the Memorandum of Points and Authorities below, the Declaration of Kelly S. Kaufman and exhibits thereto, the Proposed Order lodged herewith, the record in *Microchip v. Sandisk*, Case No. 2:26-mc-00121-ODW-MAR (including Sandisk's Opposition to the Motion to Quash and supporting exhibits, filed under seal), and the files and records of this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

### A. Microchip's [redacted] This Litigation.

Microchip's predecessor, Microsemi Corporation ("Microsemi"), [redacted]. As Polaris's own Rule 30(b)(6) designee, Mark Yocca, testified, "[redacted]." *Microchip v. Sandisk*, Dkt. 9-2, Opp. to Mot. to Quash ("Opp.") at 4 (quoting Yocca Dep. 115:2–8).

In 2021, Microchip stepped into Microsemi's shoes. Microchip entered into a series of agreements with Polaris that (1) transferred the three patents-in-suit to Polaris and (2) [redacted]. Opp. at 3. Under the relevant agreement, [redacted]. *Id.* The parties [redacted]—mere months before Polaris sent the infringement letter that gave rise to this case. *Id.* at 3, 9–10.

Pursuant to those agreements, Microchip [redacted]

[redacted]. Opp. at 4. And Polaris's corporate representative testified that the [redacted] Opp. at 4, 12–13.

Polaris's corporate designee repeatedly directed Sandisk to Microchip for information. Opp. at 5. For example, he testified that [redacted]. Opp. at 5.

Microchip's relationship to Polaris is no secret. Polaris [redacted]. Dkt. 161-1. And in transferring Microchip's motion to quash, the Northern District of California explained that "Microchip's involvement in the underlying litigation may not be as an entirely disinterested third party (due to its relationship with Polaris)." *Microchip v. Sandisk*, Dkt. 13 at 3–4.

Further, other courts also have recognized that "Microchip has a financial stake in the outcome" of Polaris's litigation, and Microchip's own counsel has acknowledged in open court that "proceeds from any licensing revenue would flow back to Microchip." *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 347 F.R.D. 252, 254 n.3 (S.D.N.Y. 2024); Opp. at 5–6; *see also Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, 2019 WL 1399927, at *3 (E.D. Tex. Mar. 28, 2019).

**B. The Subpoena, Sandisk's Narrowing Efforts, and the Motion to Quash.**

Sandisk served its subpoena on Microchip on September 4, 2026. Opp. at 6. Throughout September and October, Sandisk met and conferred and offered to

accept a declaration on eleven of twelve topics in exchange for a deposition on Topic 8 alone—"Microchip's, Microsemi's, and PMC-Sierra's relationship with Polaris, including all Communications between [Microchip] (or PMC-Sierra or Microsemi) and Polaris concerning the Patents-in-Suit." Opp. at 6–7. Following the Polaris 30(b)(6) deposition, Sandisk reiterated that request in light of Mr. Yocca's testimony, offered to limit the deposition to three hours, and proposed to shorten it further if Microchip produced documents sufficient to show [redacted]. *Id.* at 7, 14. At the last minute, and to Sandisk's surprise, Microchip instead filed a motion to quash.

On October 21, 2026, Microchip filed its motion to quash in the Northern District of California. *Microchip v. Sandisk*, Dkt. 1. Sandisk opposed and sought transfer within one week, as well as an expedited resolution. *Id.*, Dkt. 9, 11. Two days later, the Northern District transferred the motion to the Central District of California. *Id.*, Dkt. 13. The Northern District observed that the November 13 close of fact discovery was approaching and that the Central District "is in the best position to determine the significance of any case management issues implicated by this dispute." *Id.*, Dkt. 13 at 2. That court also explained that "the Central District is better positioned to determine whether Microchip has the type of interest and involvement in the lawsuit that the deposition should go forward." *Id.* at 4. The day after this Court opened the miscellaneous case, on November 5, 2026, Sandisk sought expedited resolution of Microchip's motion to quash. *Id.*, Dkt. 20 at 2–3. Sandisk also asked that it be permitted to depose Microchip within one week of the entry of the Court's order, even if it fell after the close of fact discovery. *Id.* at 1. Microchip filed its reply brief in support of its motion to quash on November 11. Dkt. 25-1. Fact discovery closed on November 13, 2026.

On November 20, 2026, the Magistrate Judge denied Microchip's motion to quash. *Id.*, Dkt. 30 at 5. The Magistrate Judge explained that she did not have authority to order the deposition to take place after the discovery cut-off. *Id.* at 4

n.2. The Magistrate Judge thus directed that any request for good cause to modify the Scheduling Order be presented to this Court, and "encourage[d] the parties to meet and confer." *Id.* at 4–5. Sandisk met and conferred with Microchip on November 24, 2026, and asked whether Microchip would agree to present a witness for a limited, three-hour deposition. Kaufman Decl. ¶ 13. Microchip refused to agree to any deposition. Sandisk also informed Microchip and Polaris of its intent to file an ex parte application for the limited purpose of a limited, three-hour deposition of Microchip. *Id.* ¶¶ 13–14.

## II. LEGAL STANDARD

A party seeking ex parte relief must show "(1) why a motion cannot be calendared in a regular manner, (2) that it will be irreparably prejudiced if the motion is heard in accordance with regular procedures, and (3) that it is without fault in creating the crisis that requires ex parte relief or that the crisis resulted from excusable neglect." Dkt. 186 at 1 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Additionally, modification of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). Any application to modify a Rule 16 order "shall be made to the judicial officer who entered the order." L.R. 16-14.

## III. ARGUMENT

Sandisk has diligently pursued a deposition of Microchip—a party with [redacted]—and would be prejudiced by the inability to depose Microchip. Consistent with Microchip's importance to this litigation, Sandisk filed its opposition brief to Microchip's motion to quash within one week seeking to transfer to this Court, sought ex parte relief for an expedited resolution, and promptly met and conferred with Microchip following the Magistrate Judge's order. Sandisk's diligence and Microchip's importance to this litigation establish good cause to modify the scheduling order for a limited, three-hour deposition of Microchip on a single topic.

### A. This Application Cannot Be Heard on a Regular Noticed-Motion Calendar

A noticed motion must be set for hearing no earlier than 28 days after filing. L.R. 6-1. Under this Court's Monday law-and-motion calendar, a motion filed today could not be heard until December 28, 2026, after the close of fact discovery and expert report deadlines. Dkt. 143. A noticed motion would leave Sandisk unable to address Microchip's testimony regarding its agreements with Polaris related to the patents-at-issue and [redacted] until *after* the expert rebuttal report deadline. Unfortunately, only an ex parte application would allow the narrow deposition to occur in time for expert discovery and possibly summary judgment.

Moreover, the Magistrate Judge has already resolved Microchip's objections by denying the motion to quash. Misc. Dkt. 30 at 5. The only question that remains is the narrow, procedural one the Magistrate Judge identified as reserved to this Court: whether good cause exists to permit the deposition after the cutoff. *Microchip v. Sandisk*, Dkt. 30 at 4–5. That question requires no extended briefing.

### B. Sandisk Will Be Irreparably Prejudiced Absent Ex Parte Relief

Without relief, Sandisk will be permanently deprived of testimony from the entity with [redacted]. Opp. at 1, 4, 9. That testimony goes to the heart of Sandisk's defenses and Polaris's damages theory. The consideration exchanged for the patents-in-suit [redacted]—bear directly on the reasonable-royalty analysis. Opp. at 12. Additionally, Microchip had [redacted] mere months before Polaris accused Sandisk of patent infringement. Opp. at 3, 9–10. Microchip's [redacted] bears on Polaris's

claims and Sandisk's defenses. *Id.* at 10. Moreover, Microchip has unique information because even Polaris's corporate representative acknowledged there were [redacted]. Opp. at 5, 13.

The prejudice to Sandisk is significant and cannot be cured later. Once rebuttal expert reports and dispositive motions proceed, Sandisk will have no opportunity to obtain or use Microchip's testimony, and Polaris will be able to present a damages case while the entity that [redacted] remains shielded from examination. By contrast, Microchip will face only a three-hour deposition on a single topic for which it has already been preparing. Misc. Dkt. 13 at 3–4; Opp. at 13–14.

### C. Sandisk Is Without Fault, and Good Cause Supports the Narrow Modification

Sandisk files this ex parte application only because it appears to be the last possible avenue to obtain testimony from a key player relevant to this litigation. Sandisk respectfully submits that the full record establishes Sandisk's diligence and good cause under Rule 16(b)(4) for the narrow relief requested.

Sandisk served a subpoena on Microchip on September 4, 2026, more than two months before the November 13 fact discovery cutoff. Opp. at 6. Sandisk then worked continuously to avoid motion practice and offered a declaration in lieu of testimony on eleven of twelve topics, a three-hour limit, and a further reduction if Microchip produced documents sufficient to show [redacted]. Opp. at 6–7, 14. The need for Microchip's testimony crystallized through party discovery. During the 30(b)(6) deposition of Polaris, Polaris's corporate designee reiterated Microchip's central role in [redacted] and that Microchip possesses unique information.

The timing issue was created by Microchip, not Sandisk. After meeting and conferring with Sandisk for more than six weeks, Microchip waited until October 21—23 days before the fact discovery cutoff—to tell Sandisk it was refusing to sit

for deposition and to move to quash. That motion, filed in a different district, did not even notice a hearing as required by the Local Rules. *Microchip v. Sandisk*, Dkt. 30 at 1, 3. Within one week, Sandisk opposed, moved to transfer, and sought expedited resolution. *See generally* Opp. After the case was transferred, Sandisk contacted the Central District regarding issuance of a case number, and filed an ex parte application requesting that it be permitted to depose Microchip within a week after entry of the court's order if the order fell after the close of fact discovery. *Microchip v. Sandisk*, Dkt. 20 at 2–3. The Magistrate Judge denied Microchip's motion to quash, but unfortunately that occurred a week after the close of fact discovery, and the Magistrate Judge determined that she did not have authority to order the deposition of Microchip to occur after the fact discovery cutoff. *Id.*, Dkt. 30.

Again, Sandisk acted promptly after the Order. That day, Sandisk promptly emailed counsel for Microchip and Polaris to meet and confer about the Court's order the next business day, Monday, November 23. Kaufman Decl. ¶ 12. The parties then met and conferred on November 24, 2026. Kaufman Decl. ¶ 13. Sandisk files this ex parte application just two court days after the November 20 Order, after meeting and conferring as the Magistrate Judge encouraged. Misc. Dkt. 30 at 5.

### D. The Requested Relief Is Narrowly Tailored

Sandisk requests that the Court order that Microchip produce a Rule 30(b)(6) designee to testify on Topic 8 of Sandisk's subpoena for no more than three hours on the record within seven days of the Court's order.

## IV. CONCLUSION

For the foregoing reasons, Sandisk respectfully requests that the Court grant this Application and enter the accompanying Proposed Order.

Dated: November 24, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Erin E. Meyer*

RYAN K. WONG
ERIN E. MEYER
ERIC B. HANSON
KELLY S. KAUFMAN
ASEEM MEHTA
AMRUTHA DORAI

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned certifies that this submission does not use X uses generative artificial intelligence.

Kelly Kaufman

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,537 words, which complies with the word limit of L.R. 11-6.1.

Kelly Kaufman