KEKER, VAN NEST & PETERS LLP
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
ERIC B. HANSON #254570
ehanson@keker.com
KELLY S. KAUFMAN #328827
kkaufman@keker.com
ASEEM MEHTA #338020
amehta@keker.com
AMRUTHA DORAI #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants
Sandisk Corporation and
Sandisk Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No. 2:24-cv-02864-ODW-MAR

**DECLARATION OF KELLY KAUFMAN IN SUPPORT OF SANDISK'S EX PARTE APPLICATION FOR LIMITED MODIFICATION OF SCHEDULING ORDER TO PERMIT DEPOSITION OF MICROCHIP TECHNOLOGY INC.**

Dept: Courtroom 5D, 5th Floor
Judge: Hon. Otis D. Wright II

Date Filed: April 9, 2024

Trial Date: June 15, 2027

I, Kelly Kaufman, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate at Keker, Van Nest & Peters LLP, counsel for Defendants Sandisk Corporation and Sandisk Technologies, Inc. ("Sandisk") in the above-captioned action.

2. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to them under oath.

3. I make this declaration pursuant to Local Rules 7-19 and 7-19.1 in support of Sandisk's Ex Parte Application for Limited Modification of Scheduling Order to Permit a Deposition of Microchip Technology Inc. ("Microchip") (the "Application").

4. The Court's operative scheduling orders in this action set the close of fact discovery on November 13, 2026; opening expert reports due on November 23, 2026; rebuttal expert reports on December 22, 2026; and trial on June 15, 2027. Dkt. 143; Dkt. 153.

5. On September 4, 2026, Sandisk served Microchip with a subpoena for documents and a deposition. Topic 8 of that subpoena seeks testimony on "Microchip's, Microsemi's, and PMC-Sierra's relationship with Polaris, including all Communications between You (or PMC-Sierra or Microsemi) and Polaris concerning the Patents-in-Suit."

6. Throughout September and October 2026, counsel for Sandisk and counsel for Microchip met and conferred on several occasions regarding the subpoena. In an effort to minimize the burden on Microchip, and based on Microchip's representations that it did not possess responsive information, Sandisk indicated that it would agree to a declaration on eleven of twelve deposition topics and a deposition on one topic (Topic 8). Sandisk also offered to limit the deposition to three hours and to further shorten it if Microchip produced documents sufficient

to show payments between Polaris, IP Gem, LED Display, Microsemi, and/or Microchip. Microchip refused.

7. On October 15, 2026, Polaris PowerLED Technologies, LLC's ("Polaris") Rule 30(b)(6) designee, Mark Yocca, sat for deposition in Costa Mesa, California. Following that deposition, Sandisk reiterated its request for a limited deposition of Microchip on Topic 8 in light of Mr. Yocca's testimony directing Sandisk to Microchip for relevant information.

8. On October 21, 2026, Microchip filed a motion to quash Sandisk's subpoena in the Northern District of California. Microchip did not notice the motion for hearing. On October 22, 2026, I emailed counsel for Microchip and asked whether Microchip would consent to transfer of the motion to the Central District of California. The next day, Microchip's counsel informed me that Microchip did not consent.

9. On October 28, 2026, Sandisk filed its opposition to Microchip's motion to quash and requested transfer to this District. The Northern District transferred the motion on October 30, 2026, and this Court opened the miscellaneous case, *Microchip Technology Inc. v. Sandisk Corp.*, No. 2:26-mc-00121-ODW-MAR, on November 4, 2026.

10. On November 4, 2026, I emailed counsel for Microchip regarding Sandisk's intent to file an ex parte application asking the Court to decide Microchip's motion without a hearing and, if necessary, to permit the deposition of Microchip to occur after November 13, 2026. Microchip informed me that it opposed that application, which Sandisk filed on November 5, 2026. *Microchip v. Sandisk*, Dkt. 20.

11. On November 20, 2026, Magistrate Judge Rocconi denied Microchip's motion to quash and explained that any request for good cause to modify the scheduling order to permit the deposition should be presented to the district court

judge. *Microchip v. Sandisk*, Dkt. 30 at 4–5. The Court also encouraged the parties to meet and confer. *Id.* at 5.

12. On November 20, 2026, I emailed counsel for Microchip and Polaris to request a meet and confer regarding the Court's order on November 23, 2026.

13. On November 24, 2026, counsel for Sandisk met and conferred with counsel for Microchip. During that call, Sandisk asked whether Microchip would agree to present a witness for a limited, three-hour deposition on Topic 8. Microchip refused. During that call, I also notified counsel for Microchip that Sandisk intended to file an ex parte application requesting a limited extension of the fact discovery cutoff for the limited purpose of a three-hour deposition of Microchip on Topic 8.

14. Pursuant to Local Rule 7-19.1, on November 24, 2026, my colleague, Amrutha Dorai, notified counsel for Polaris of the date and substance of the Application. Polaris provided no position.

15. Counsel for Microchip is Travis Jensen of Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025, tjensen@orrick.com, (650) 614-7458.

16. Counsel for Polaris is Safraz Ishmael of Kramer LLP 560 Harrison Avenue, Suite 214, Boston, MA 02118, sishmael@kramerllp.com, 617-510-4871.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed on November 24, 2026, in Mill Valley, California.

Kelly Kaufman

KELLY KAUFMAN