KRAMER LLP
Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice*)
nglauser@kramerllp.com
Rachael Chan (SBN 265002)
rchan@kramerllp.com
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

Attorneys for Plaintiff
Polaris PowerLED Technologies, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION and SANDISK TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 2:24-cv-02864-ODW-MAR<br><br>**PLAINTIFF POLARIS POWERLED TECHNOLOGIES, LLC'S OPPOSITION TO SANDISK'S *EX PARTE* APPLICATION FOR LIMITED MODIFICATION OF SCHEDULING ORDER TO PERMIT DEPOSITION OF MICROCHIP TECHNOLOGY INC. (DKT. 197)**<br><br>Judge: Hon. Otis D. Wright II<br>Discovery Cutoff: Nov. 13, 2026<br>Pretrial Conference: May 24, 2027<br>Trial: June 15, 2027 |

Sandisk's purported discovery crisis is of its own making. Every patent-in-suit names as the assignees of the patents a PMC-Sierra entity, Microchip's predecessor-in-interest, and Polaris produced its agreements with Microchip and its predecessors in October 2024. On July 31, 2026, Sandisk issued a subpoena to Microchip for documents about Microchip's relationship with Polaris, the subject of the deposition Sandisk now seeks. Yet Sandisk did not seek Microchip's deposition until September 4, 2026, six weeks before the fact discovery cutoff then in place, and it did not ask to modify the schedule in this action until this Application, filed eleven days after fact discovery closed and after opening expert reports were served. The Magistrate Judge has recently ruled that the Sandisk defendants "cannot establish they are 'without fault' in creating the current crisis"—a point Sandisk fails to mention in its present *ex parte* Application. Misc. Dkt. 30 at 2.[1] Nor has Sandisk shown that a Microchip witness could add anything to (1) the agreements both companies already produced, (2) Microchip's existing executed declaration, (3) Polaris's interrogatory responses, and (4) Polaris's Rule 30(b)(6) testimony. Because reopening fact discovery now would disrupt expert discovery that is already underway, Sandisk's Application should be denied.

**A. Sandisk Knew About Microchip Very Early in this Litigation**

Sandisk cannot show that it "used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995). Each patent-in-suit names PMC-Sierra, Inc. or PMC-Sierra US, Inc. as its assignee, and the patents were attached to the complaint when the case was filed April 9, 2024. Dkt. 1-1, 1-2, 1-3. Microchip is a successor-in-interest, in whole or in part, to PMC-Sierra. Misc. Dkt. 1 at 6. In July 2024, Western Digital, the original

[1] "Misc. Dkt." refers to the docket in *Microchip Technology Inc. v. Sandisk Corp.*, No. 2:26-mc-00121-ODW-MAR (C.D. Cal.), which is also assigned to this Court. "App." is Sandisk's Application (Dkt. 197). Docket citations use ECF page numbers.

defendant that was replaced by Sandisk upon a corporate spin out, pleaded license and exhaustion defenses and a marking defense based on Polaris's "predecessors-in-interest." Dkt. 42 at 17-18.

On October 2, 2024, Polaris produced its agreements with Microchip and its predecessors, including four that Sandisk later filed when it opposed Microchip's motion to quash. Misc. Dkt. 23 at 4-5; Misc. Dkt. 23-2 at 2. The decisions Sandisk cites for Microchip's interest in Polaris's litigation date to 2019 and 2024. App. at 4. On July 31, 2026, Sandisk's issued a subpoena requesting "[a]ll Documents and Communications relating to Microchip's relationship with Polaris," the subject of Topic 8. Misc. Dkt. 1-4 at 3, 7, 11; Misc. Dkt. 1-3 at 15. Yet Sandisk waited until recently on September 4, 2026 to seek Microchip's deposition, which it noticed for October 5, eleven days before the October 16 discovery cutoff then in place. Dkt. 197-1 ¶ 5; Misc. Dkt. 1-3 at 2; Dkt. 86 at 1. The Scheduling Order required Sandisk to leave enough time "to bring any discovery motions concerning the deposition prior to the cut-off date." Dkt. 54 at 3. Sandisk did not.

Sandisk contends that it served the subpoena "more than two months before the November 13 fact discovery cutoff," but the November 13 date did not exist until September 22, when the Court extended the cutoff at Polaris's request. App. at 8; Dkt. 143. Sandisk blames Microchip for moving to quash "[a]t the last minute," but Microchip moved on October 21, the date to which Sandisk had extended Microchip's deadline. App. at 5; Misc. Dkt. 1 at 9. In any event, showing lack of fault "requires more than a showing that the other party is the sole wrongdoer." *Mission Power*, 883 F. Supp. at 493. Sandisk requested post-cutoff relief in the miscellaneous action on November 5, but did not seek to modify the schedule in this action until November 24, eleven days after the cutoff. Misc. Dkt. 20. This Court has denied *ex parte* relief where a party "appears to have resorted to *ex parte* practice as a result of missing the deadline to file a regularly noticed motion." *Pasha v. Viscosi*, No. 2:19-cv-05672-ODW-AGR, 2020 WL 586821, at *2 (C.D. Cal. Feb. 5, 2020). Sandisk's

lack of diligence also ends the Rule 16(b)(4) inquiry. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). On November 16, the Court applied these same standards to deny without prejudice Polaris's request for more fact discovery, filed four days before the cutoff. Dkt. 186 at 1-2.

**B. The Magistrate Judge Already Faulted Sandisk and Never Reached the Merits of the Subpoena to Microchip**

The Magistrate Judge denied Sandisk's November 5 request, rejecting its argument that it served the subpoena two months before the cutoff, met and conferred, and moved quickly to transfer. The Magistrate Judge found that when Sandisk served the subpoena, "the fact discovery cut-off was less than six-weeks away and discovery had been ongoing for at least eight months," and that Sandisk was not "'without fault' in creating the crisis." Misc. Dkt. 30 at 3. Sandisk repeats those arguments here, App. at 8-9, and tells the Court that the Magistrate Judge "explained that Sandisk served the deposition subpoena two months before the November 13 fact-discovery deadline." App. at 2. Sandisk also says the Magistrate Judge "already resolved Microchip's objections." App. at 7. *That is not accurate*. The Magistrate Judge denied Microchip's motion as "facially untimely" and noted that the result "would be the same" whether she granted or denied it. Misc. Dkt. 30 at 3-4 & n.2. *No court has decided that Sandisk is entitled to this deposition*.

**C. Sandisk Has Not Shown That It Needs Anything More From Microchip**

Sandisk's six proposed subjects are the PMC-Sierra/Microsemi relationship, payments, the consideration for two patent assignments, negotiations, and the agreements. Misc. Dkt. 1 at 8-9. Microchip produced the agreements, including those that set out the consideration, certified them as business records, and gave a declaration covering eleven of the twelve noticed topics. *Id.* at 5, 8, 13-14. Polaris agreed that the declaration may be read at trial. Misc. Dkt. 1-14 at 2. And Polaris's November 9 supplemental interrogatory response "provides the core information

Sandisk sought." Misc. Dkt. 27 at 6. Sandisk examined Polaris's Rule 30(b)(6) designee on the agreements and the consideration, and Polaris or its affiliates were on the other side of every negotiation Sandisk asks about. Misc. Dkt. 1 at 14-15. Sandisk says that designee "directed Sandisk to Microchip for information," but its examples concern Microsemi's own decisions and discussions between Microsemi and Microchip. App. at 4. Microchip told Sandisk that the people responsible for the transfer from Microsemi to IP Gem no longer work there (Misc. Dkt. 1-1 ¶ 14), and represents that it has "little, if any, corporate knowledge about such activities beyond what is reflected in the agreements themselves," Misc. Dkt. 1 at 6. The Court must limit discovery that is "unreasonably cumulative or duplicative" or that a party "has had ample opportunity to obtain." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). The decision Sandisk cites for Microchip's stake in Polaris's litigation limited Microchip's deposition, "based upon principles of proportionality," to authenticating documents and encouraged a declaration that would "obviate the need for a deposition." *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 347 F.R.D. 252, 261-62 (S.D.N.Y. 2024). Microchip already provided that declaration here.

**D. Reopening Fact Discovery Would Disrupt the Expert Schedule**

Opening expert reports were served November 23, 2026. Rebuttal reports are due December 22, and expert discovery closes January 15, 2027. Dkt. 153; Dkt. 143. Sandisk wants Microchip's testimony for its rebuttal reports, and although it asks for three hours on Topic 8, its proposed order imposes neither limit. App. at 7, 9; Dkt. 197-2 at 2. New testimony could invite supplemental reports and disputes. Sandisk said as much when Polaris sought more time in a separate motion, arguing that late supplemental reports "would unreasonably compress the timelines . . . into the holiday period." Dkt. 181 at 11.

Because Sandisk was not diligent in pursuing desired discovery, the Court should deny Sandisk's Application.

Dated: November 25, 2026

Respectfully submitted,

KRAMER LLP

By: */s/ Robert F. Kramer*

Robert F. Kramer (SBN 181706)
rkramer@kramerllp.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@kramerllp.com
KRAMER LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (415) 419-1895

Safraz Ishmael (*pro hac vice*)
sishmael@kramerllp.com
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (212) 631-7565

Robert Mattson (*pro hac vice*)
rmattson@kramerllp.com
Jay Guiliano (*pro hac vice* forthcoming)
jguiliano@kramerllp.com
Jeffrey Ahdoot (*pro hac vice*)
jahdoot@kramerllp.com
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

Nicole Glauser (*pro hac vice*)
nglauser@kramerllp.com
Rachael Chan (SBN 265002)
rchan@kramerllp.com
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

Margaret E. Dayton (SBN 274353)
peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned certifies that this submission __ does not use X uses generative artificial intelligence. If generative artificial intelligence was used, following drafting, I reviewed, revised, and supplemented all portions of the brief, including those that were informed by the use of Artificial Intelligence or based on prior templates. I independently verified the factual and legal accuracy of the content and confirmed that all arguments and authorities were appropriate to the issues presented.

*/s/ Robert F. Kramer*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1,365 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Robert F. Kramer*