TRAVIS JENSEN (SBN 259925)
tjensen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

*Attorneys for Specially Appearing Interested Non-Party MICROCHIP TECHNOLOGY INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION AND SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No.: 2:24-cv-02864-ODW-MAR

**DECLARATION OF TRAVIS JENSEN IN SUPPORT OF SPECIALLY APPEARING INTERESTED NON-PARTY MICROCHIP TECHNOLOGY INC.'S OPPOSITION TO SANDISK'S *EX PARTE* APPLICATION (DKT. 197)**

Judge: Hon. Otis D. Wright II

I, Travis Jensen, declare as follows:

1. I am a partner at Orrick, Herrington & Sutcliffe LLP and counsel for non-party Microchip Technology Inc. ("Microchip") in connection with the subpoena that Defendants SanDisk Corporation and SanDisk Technologies, Inc. ("SanDisk") served on Microchip in this action, including in *Microchip Technology Inc. v. SanDisk Corp.*, No. 2:26-mc-00121-ODW-MAR (the "Miscellaneous Action"). I submit this declaration in support of Microchip's opposition to SanDisk's *Ex Parte* Application for Limited Modification of Scheduling Order (Dkt. 197). I have personal knowledge of the facts stated here and, if called as a witness, could and would testify competently to them.

2. On October 30, 2026, counsel for Plaintiff Polaris PowerLED Technologies, LLC ("Polaris") confirmed to me in writing that Polaris produced, on October 2, 2024, the agreements that SanDisk later submitted as Exhibits 4, 5, 7, and 8 to its opposition to Microchip's motion to quash. A copy of that correspondence is on file in the Miscellaneous Action at Dkt. 23-2.

3. Western Digital served Microchip with a document subpoena on July 31, 2026. Microchip served objections and produced documents, including its agreements with Polaris and its affiliates, and later made a supplemental production at SanDisk's request. On September 4, 2026, SanDisk served Microchip with a replacement subpoena that sought documents and a deposition on twelve topics, and that set the deposition at SanDisk's counsel's offices in San Francisco, California.

4. Microchip later provided SanDisk with a sworn declaration in lieu of deposition testimony on eleven of the twelve topics, including authentication of the documents Microchip produced. Polaris's counsel confirmed on October 21, 2026, that the declaration was acceptable to Polaris. Microchip made its productions and prepared that declaration in an effort to resolve SanDisk's subpoena without a deposition.

5. SanDisk agreed to extend Microchip's deadlines in connection with the subpoena three times:

(a) On September 15, 2026, SanDisk's counsel, Aseem Mehta, wrote to me that "Sandisk agrees to extend Microchip's deadline to respond to Sandisk's deposition subpoena to September 30."

(b) On September 28, 2026, I asked SanDisk's counsel whether SanDisk would agree to withdraw the deposition subpoena, explaining that I wanted to resolve the issue "given the September 30 deadline to move to quash." On September 29, 2026, SanDisk's counsel, Erin Meyer, wrote to me that "this email confirms that Sandisk agrees to extend Microchip's deadline to move to quash until October 14."

(c) On October 13, 2026, I asked SanDisk's counsel to "confirm that SanDisk agrees to a declaration in lieu of deposition and will withdraw its deposition subpoena," and I asked whether SanDisk would extend the deadline to October 21. That afternoon, Mr. Mehta wrote to me that "Sandisk agrees to extend Microchip's response deadline to October 21."

(d) On October 20, 2026, SanDisk's counsel, Kelly Kaufman, wrote to me: "Please let us know who Microchip will present for deposition and their availability during the week of November 2."

6. Microchip has never agreed to sit for a deposition in response to SanDisk's subpoena. Because Microchip never agreed to a deposition, it has not prepared a corporate designee to testify on Topic 8.

7. Microchip filed its motion to quash Topic 8 in the Northern District of California on October 21, 2026, the deadline SanDisk had agreed to. When Microchip filed the motion, no judge had yet been assigned to the case. The motion requested a hearing "on a date and time to be set by the Court." After the motion was transferred to this District, Microchip noticed it for hearing before Magistrate Judge Rocconi on December 2, 2026.

8. On November 11, 2026, Polaris's counsel forwarded to me the service email for Plaintiff's Third Supplemental Responses and Objections to Defendants' Interrogatories (No. 1), which Polaris served on SanDisk's counsel on November 9, 2026. That service email is on file in the Miscellaneous Action at Dkt. 27-2. That response provides the core information SanDisk said it sought from Microchip.

9. On November 24, 2026, SanDisk's counsel met and conferred with me. SanDisk asked whether Microchip would present a witness for a three-hour deposition on Topic 8. I explained that Microchip would not agree to a deposition for the reasons stated in its motion to quash and its opposition to SanDisk's earlier *ex parte* application. SanDisk's counsel said SanDisk would file an *ex parte* application.

10. SanDisk served the Application on Microchip at 10:10 p.m. Pacific Time on November 24, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 25, 2026, in Rapid City, South Dakota.

*/s/ Travis Jensen*
Travis Jensen