TRAVIS JENSEN (SBN 259925)
tjensen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

*Attorneys for Specially Appearing Interested Non-Party MICROCHIP TECHNOLOGY INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

POLARIS POWERLED TECHNOLOGIES, LLC,

Plaintiff,

v.

SANDISK CORPORATION AND SANDISK TECHNOLOGIES, INC.,

Defendants.

Case No.: 2:24-cv-02864-ODW-MAR

**SPECIALLY APPEARING INTERESTED NON-PARTY MICROCHIP TECHNOLOGY INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS SANDISK'S *EX PARTE* APPLICATION FOR LIMITED MODIFICATION OF SCHEDULING ORDER TO PERMIT A THREE-HOUR, ONE-TOPIC DEPOSITION OF MICROCHIP TECHNOLOGY INC.**

[Filed concurrently with Opposition]

Judge: Hon. Otis D. Wright II

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Non-party Microchip Technology Inc. ("Microchip"), appearing specially and solely as an interested non-party for the limited purpose of opposing the *Ex Parte* Application for Limited Modification of Scheduling Order filed by Defendants Sandisk Corporation and Sandisk Technologies, Inc. (collectively, "Sandisk") on November 24, 2026 (the "Application"), respectfully requests, pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of the following document:

**Exhibit A:** Civil Minutes – General, (In Chambers) Order re: *Ex Parte* Application, Dkt. 24; Motion to Quash Subpoena, Dkt. 1, entered November 20, 2026 by the Honorable Margo A. Rocconi, United States Magistrate Judge, in *Microchip Technology Inc. v. SanDisk Corporation et al.*, No. 2:26-mc-00121-ODW-MAR (C.D. Cal.), Dkt. 30 (the "November 20 Order"). A true and correct copy is attached as **Exhibit A**.

Microchip's special appearance is made without waiver of, and expressly reserving, all objections, rights, and defenses, including that Microchip is not a party to this action and that any discovery from Microchip is governed by Federal Rule of Civil Procedure 45 and the papers filed in the miscellaneous proceeding.

## MEMORANDUM OF POINTS AND AUTHORITIES

Under Federal Rule of Evidence 201, a court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts routinely take judicial notice of court filings and other matters of public record, including orders entered in related proceedings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.

1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

The November 20 Order is a publicly filed order of this Court, and its existence, content, and rulings cannot reasonably be questioned. It is also directly related to the matters raised by the Application. The miscellaneous proceeding arose from the Rule 45 deposition subpoena Sandisk served on Microchip in connection with this action, and the Application expressly relies on, quotes, and seeks relief premised on the November 20 Order. (See Application at 1, 4–5, 7–9.) The November 20 Order is therefore properly before the Court on the Application.

Microchip requests judicial notice of the November 20 Order for the fact and content of the rulings it contains, including that the Court: (1) denied Sandisk's prior *ex parte* application (Dkt. 20 in the miscellaneous proceeding), which had sought, among other things, an order requiring Microchip to sit for a deposition after the discovery deadline; (2) found that Sandisk could not establish that it was "without fault" in creating the claimed crisis, noting that the deposition notice was served on September 4, 2026, when the fact discovery cut-off was less than six weeks away and discovery had been ongoing for at least eight months; (3) found that any prejudice to Sandisk was not shown to be "not attributable to a lack of diligence" under Local Rule 37-3; (4) denied Microchip's motion to quash as untimely, without reaching its merits; and (5) held that the magistrate judge lacked authority to order the deposition to occur after the discovery cut-off, leaving any request to modify the Scheduling Order to the District Judge under Local Rule 16-14. (Ex. A at 2–5.)

Because the November 20 Order is a matter of public record whose accuracy cannot reasonably be questioned, and because it bears directly on whether Sandisk has satisfied the standards for *ex parte* relief and good cause under Federal Rule of Civil Procedure 16(b)(4), Microchip respectfully requests that the Court take

judicial notice of **Exhibit A**.

Dated: November 25, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Travis Jensen*
Travis Jensen

TRAVIS JENSEN (SBN 259925)
tjensen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

*Attorneys for Specially Appearing Interested Non-Party MICROCHIP TECHNOLOGY INC.*