# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-mc-00121-ODW-MAR Date: November 20, 2026

Title: *Microchip Technology Inc. v. SanDisk Corporation et al*

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Valencia | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER RE: EX PARTE APPLICATION, DKT. 24; MOTION TO QUASH SUBPOENA, DKT. 1**

## I.
## BACKGROUND

Plaintiff Microchip Technology Inc. ("Microchip") filed the instant motion to quash against Defendants SanDisk Corporation and SanDisk Technologies, Inc. ("SanDisk"), seeking to quash a subpoena that SanDisk served regarding the underlying action Polaris PowerLED Technologies, LLC v. SanDisk Corporation and SanDisk Technologies, Inc., Case No. 2:24-cv-02864-ODW-MAR. The discovery cut-of in the underlying action is November 13, 2026. See id., Dkt. 54. This motion was originally filed in the Northern District of California, where the deposition was noticed to occur, on October 21, 2026. See Dkt. 1. Defendant SanDisk moved to transfer the action to this Court on October 28, 2026. Dkt. 7. The action was transferred on October 30, 2026. Dkt. 13. The undersigned was assigned to this action on November 5, 2026. Dkt. 16. Microchip filed a reply to the motion to quash on November 11, 2026. Dkt. 27.

On November 5, 2026, SanDisk filed an ex parte application ("EPA") to (1) shorten the time for Microchip to file a reply to the motion to quash, (2) to request the Court determine the motion to quash on the papers, and (3) to request the Court order Microchip to sit for a deposition after the discovery deadline should the motion to quash be denied. Dkt. 20. On November 6, 2026, Microchip filed an opposition to the EPA. Dkt. 23.

The Court finds these matters suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons discussed below,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-mc-00121-ODW-MAR Date: November 20, 2026

Title: *Microchip Technology Inc. v. SanDisk Corporation et al*

Defendants' ex parte application is **DENIED** and Plaintiff's motion to quash is **DENIED**.

**II.**
**DISCUSSION**

**A. EX PARTE RELIEF IS UNWARRANTED**

A party seeking ex parte relief must establish (1) why a motion cannot be calendared in regular manner, (2) that it will be irreparably prejudiced if the motion is heard in accordance with regular procedures, and (3) that it is without fault in creating the crisis that requires ex parte relief or that the crisis resulted from excusable neglect. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, modification of scheduling order requires good cause, with particular emphasis on the moving party's diligence. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Local Rule 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."); Magistrate Judge Margo A. Rocconi's "Standing Order on Discovery Disputes," ¶6 ("Ex parte applications to shorten time for hearing on a motion to compel because of an impending Discovery Cutoff date ordered by the assigned District Judge are not permitted and shall be summarily rejected absent a showing of due diligence and good cause why the disputed motion could not have been raised significantly in advance of the Discovery Cutoff date").

Here, Defendants have not established that they are entitled to ex parte relief. Defendants cannot establish they are "without fault" in creating the current crisis. Mission Power Eng'g Co., 883 F. Supp. at 492. Specifically, the district judge ordered that "[a]ll depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party

enough time to bring any discovery motions concerning the deposition prior to the cut-off date." Polaris PowerLED Technologies, LLC, Dkt. 54. Defendants argue they were diligent because they served the subpoena two months prior to the discovery deadline, met and conferred in good faith, and moved to transfer this action to the Central District within one week. However, the deposition notice at issue in this case was served on September 4, 2026. At the time, the fact discovery cut-off was less than six-weeks away and discovery had been ongoing for at least eight months. See id., Dkt. 86; Souphasith v. ITT Hartford Life & Annuity Ins. Co., No. CV 1:15-01269-DAD-SKO, 2016 WL 4011510, at *6 (E.D. Cal. July 26, 2016) ("To show that the moving party is without fault, he or she must show "that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period.") (citing Mission Power Eng'g Co., 883 F. Supp. at 493). Therefore, the Court does not find that Defendants are without fault in creating the "crisis" nor does the Court find that any prejudice is "not attributable to a lack of diligence." Local Rule 37-3. The ex parte application is DENIED.

## B. THE MOTION TO QUASH IS UNTIMELY

The motion was not noticed for hearing, and pursuant to the briefing deadlines in the Northern District, where the motion was originally filed, the reply was due on November 11, 2026, only two days before the discovery cut-off in the underlying action. This Court requires motions to be set for hearing no earlier than 28 days after they are filed. L.R. 6-1. Here, the motion was filed 24 days before the discovery cut-off. See Dkt. 1; Polaris PowerLED Technologies, LLC, Dkt. 54. Therefore, even if it had been set for hearing in this Court at that time, the earliest possible time for the Court to hear the motion would have fallen after the discovery cut-off.[1] Thus, the motion is facially untimely under the district judge's order.

---

[1] The Court notes that the Northern District of California requires a motion to be set for hearing no less than 35 days after it is filed. Civ. L. R. 7-2. Therefore, had the motion been set for hearing in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**



Furthermore, in his scheduling order in the underlying action, the district judge noted that "the discovery cut-off is the date by which all discovery is to be completed." Dkt. 54 at 3 (emphasis added). The district judge also ordered that "[a]ll depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date." Id. Here, while the deposition subpoena was apparently served two months prior to the current cut-off, the parties did not leave sufficient time for the Court to hear this motion regarding the deposition prior to the cut-off date.[2] See also id. ("[a]ny motion challenging the adequacy of discovery responses must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.") Therefore, the Court finds the motion to be untimely and the motion is DENIED.

However, the Court does not have the authority to order the deposition to occur after the discovery deadline. UMG Recordings, Inc. v. Disco Azteca Distribs., No. CIV.S-04-2611 FCD DAD, 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order."). If the parties believe there is good cause to modify the scheduling order to seek further relief from the court regarding this deposition, they are able to present such argument to the district judge. L.R. 16-14 ("Any application to modify an order entered pursuant to Rule 16 shall be made to the judicial officer

---

the Northern District, and not transferred to this District, hearing on the motion would also have fallen after the discovery cut-off, absent leave of the court to shorten the briefing schedule.

2 This is exemplified by the fact that, even if the Court denied the motion to quash on the merits on the same day that the reply was filed, providing relief would require ordering the deposition to take place after the discovery cut-off, see Dkt. 20 at 4 ("If the Court denies Microchip's Motion in any part, Sandisk will need time to schedule and take Microchip's deposition, and Microchip will need time to prepare its designee."), which the undersigned does not have the authority to do. See Watts v. Allstate Indemnity Co., No. 2:08-cv-01877 LKK KJN, 2012 WL 5289314 (E.D. Cal. Oct. 23, 2012) (finding that a magistrate judge does not have authority to amend a district judge's scheduling order). On the other hand, if the Court granted the motion, no deposition would occur. Therefore, due to the untimeliness of the motion, whether the Court was inclined to grant or deny the motion, the result would be the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-mc-00121-ODW-MAR Date: November 20, 2026

Title: *Microchip Technology Inc. v. SanDisk Corporation et al*

who entered the order.”). Accordingly, absent an extension from the district judge, this Court is without power to provide relief.

The Court encourages the parties to meet and confer.

## B. COSTS AND FEES

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) (“Rule 37”), if a discovery motion is denied, “the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney’s fees,” unless the motion was “substantially justified” or “other circumstances make an award of expenses unjust.” Fed. R. Civ. P. 37(a)(5)(A).

Here, the Court notes that neither party has requested fees. The Court denied both Plaintiff’s and Defendants’ motions and thus finds that the circumstances would make an award of expenses unjust. The parties shall bear their own costs.

## IV.
## ORDER

**IT IS THEREFORE ORDERED** that:

1) Defendants’ ex parte application, Dkt. 20, is **DENIED**;
2) Plaintiff’s motion, Dkt. 1, is **DENIED**; and
3) the Court declines to apportion fees and costs. Each party shall bear its own costs.

**IT IS SO ORDERED.**

:

**Initials of Preparer** ev